David B. Rosenbaum, 009819
Emma J. Cone-Roddy, 034285
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
econe-roddy@omlaw.com

*(Additional Counsel for Plaintiffs Listed on the Following Page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A.,<br><br>    Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No. 2:19-cv-05217-SRB<br><br>**MOTION TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER** |

R. Stanton Jones*
Daniel Jacobson*
Emily Reeder*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
stanton.jones@arnoldporter.com
daniel.jacobson@arnoldporter.com
emily.reeder@arnoldporter.com

Lucy McMillan*
Diana Reiter*
Erik Walsh*
Tanya Kalivas*
Kaitlyn Schaeffer*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
212-836-8000
lucy.mcmillan@arnoldporter.com
diana.reiter@arnoldporter.com
erik.walsh@arnoldporter.com
tanya.kalivas@arnoldporter.com
kaitlyn.schaeffer@arnoldporter.com

Jonathan H. Feinberg*
Kairys, Rudovsky, Messing, Feinberg & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
215-925-4400
jfeinberg@krlawphila.com

Mark Fleming*
Katherine Melloy Goettel*
National Immigrant Justice Center
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
312-660-1370
mfleming@heartlandalliance.org
kgoettel@heartlandalliance.org

Trina Realmuto*
Emma Winger*
American Immigration Council
1318 Beacon Street, Suite 18
Brookline, MA 02446
857-305-3600
trealmuto@immcouncil.org
ewinger@immcouncil.org

Mary Kenney*
Claudia Valenzuela*
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
202-507-7512
202-742-5619
mkenney@immcouncil.org
cvalenzuela@immcouncil.org

*Pro hac vice application forthcoming*

2

Plaintiffs C.M., L.G., M.R., O.A., and V.C. ("Plaintiffs")[1] request this Court's leave to proceed under pseudonyms to protect their identities from public disclosure. Plaintiffs also move the Court to order Defendant the United States—which already knows Plaintiffs' full names[2]—to maintain the confidentiality of Plaintiffs' identities by using only pseudonyms in all of its filings, including all exhibits in which Plaintiffs' names appear. Plaintiffs will disclose their identities to the Court.

## INTRODUCTION

Plaintiffs are mothers of minor children who fled horrific violence and abuse in their countries of origin in order to seek asylum in the United States, only to have federal immigration officials inflict additional, significant trauma on them and their children by forcibly separating them from their children after they arrived in the United States. Plaintiffs are victims of a policy, issued at the highest levels of the government, to separate asylum-seeking parents from their children in an effort to deter other parents and children from seeking asylum in this country. The Complaint describes Plaintiffs' harrowing experiences when federal employees forcibly separated their children from them, as well as the government's subsequent failure to provide Plaintiffs with information about their children's well-being or whereabouts for weeks, and failure to reunite Plaintiffs with their children for months. As a result of the government's actions, Plaintiffs suffered—and continue to suffer—severe emotional distress. Plaintiffs now seek compensation from the United States for the extraordinary harms they endured.

Allowing Plaintiffs to proceed under pseudonyms is necessary to protect their highly sensitive and personal information, including information relating to Plaintiffs' mental health and immigration status. Because Plaintiffs do not seek to withhold their

---

[1] Plaintiffs C.M., L.G., M.R., O.A., and V.C. bring this action on their own behalf and on behalf of their minor children. Because Federal Rule of Civil Procedure 5.2(a) already requires redaction of the names of minor children, this Motion seeks protection only for the adult plaintiffs.

[2] Plaintiffs disclosed their full names to the relevant government agencies in their administrative claims filed pursuant to 28 U.S.C. § 2401(b).

identities from the government, granting this motion would cause no prejudice to Defendant.  Plaintiffs' need for privacy outweighs the public's interest in knowing their identities.  Indeed, the public interest in this case compels granting Plaintiffs' motion.

## ARGUMENT

### I. COURTS REGULARLY ALLOW PLAINTIFFS TO PROCEED UNDER PSEUDONYMS

Although Rule 10(a) of the Federal Rules of Civil Procedure generally requires complaints to include the names of all parties, it is well-established that federal courts have discretion to permit parties to proceed under pseudonyms "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) ("*Advanced Textile*") (collecting cases).  Courts permit pseudonyms in cases where "anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id.* at 1068 (citations omitted).  In considering whether to allow a plaintiff to proceed anonymously, the court must "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* The court must also consider "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

Courts across the country regularly allow plaintiffs to proceed anonymously where, as here, the plaintiffs' mental health conditions are a principal issue in the case. *See, e.g.*, *Doe v. Sessions*, No. 18-0004, 2018 WL 4637014, at *4-5 (D.D.C. Sept. 27, 2018) (allowing use of pseudonym to protect the plaintiff from disclosing his mental health conditions and Asperger's diagnosis and to prevent further trauma to the plaintiff); *Doe v. Hartford Life & Accident. Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (permitting pseudonymous filing where the plaintiff's mental health was "directly tied to the subject matter of the litigation").  The constitutional privacy

interest in protecting sensitive personal matters such as medical information is well-established. *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (collecting cases); *U.S. v. Curran*, No. CR-06-227-PHX-EHC, 2006 WL 1159855, at *5 (D. Ariz. May 2, 2006) (noting that "medical and psychological records are entitled to greater protections than other information . . . due to the stigma attached to mental illness").

Courts also have deemed plaintiffs' immigration status to be sufficiently sensitive and personal in nature to justify use of pseudonyms. *See, e.g.*, *Hispanic Interest Coalition of Ala. v. Gov. of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012) (collecting cases); *Lozano v. City of Hazelton*, 620 F.3d 170, 195 (3d Cir. 2010), *cert. granted, judgment vacated on other grounds sub nom. City of Hazleton, Pa. v. Lozano*, 563 U.S. 1030 (2011) (affirming district court's order permitting use of pseudonyms where plaintiffs, "because of their unlawful status, would face an 'exponentially greater' risk of harassment, and even physical danger, if their identities were revealed") (citation omitted); *cf. Int'l Refugee Assistance Project v. Trump*, No. 17-0361, 2017 WL 818255, at *2 (D. Md. Mar. 1, 2017) (granting motion to proceed under pseudonyms in part to protect plaintiffs' relatives' "problematic immigration status").

Moreover, numerous courts have allowed asylum seekers to proceed anonymously. *See, e.g.*, *Doe v. Holder*, 736 F.3d 871, 872 n.1 (9th Cir. 2013); *Doe v. Gonzales*, 484 F.3d 445 (7th Cir. 2007); *Doe v. U.S. Immigration & Naturalization Servs.*, 867 F.2d 285, 286 n.1 (6th Cir. 1989); *Al Otro Lado v. Nielsen*, 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *3-6 (S.D. Cal. Dec. 20, 2017); *A.B.T. v. United States Citizenship & Immigration Servs.*, No. 2:11-cv-02108, 2012 WL 2995064, at *6 (W.D. Wash. July 20, 2012). Indeed, in recognition of the highly sensitive, private nature of this information, federal law and policy mandates that information concerning asylum proceedings, including the fact that an individual has applied for asylum, be kept confidential. *See, e.g.*, 8 C.F.R. § 208.6 (maintaining confidentiality

of asylum applications and related records).  The Department of Homeland Security has acknowledged the importance of these confidentiality regulations to the future safety of asylum applicants:

> [C]onfidentiality regulations are of utmost importance in protecting asylum applicants because the "regulations safeguard information that, if disclosed publicly, could subject the claimant to retaliatory measures by government authorities or non-state actors in the event that the claimant is repatriated, or endanger the security of claimant's family members who may still be residing in the country of origin."

*Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008) (quoting U.S. Citizenship & Immigration Servs. Asylum Div., U.S. Dep't of Homeland Sec., *Fact Sheet: Federal Regulations Protecting the Confidentiality of Asylum Applicants* (2005)).

Other courts have allowed similarly vulnerable plaintiffs to proceed anonymously to protect their privacy.  *See, e.g.*, *Alexander v. Falk*, No. 2:16-cv-02268-MMD-GWF, 2017 WL 3749573, at *5 (D. Nev. Aug. 30, 2017) (allowing plaintiff authors to proceed using professional pseudonyms where litigation involved defamatory statements regarding marital infidelity); *Jane Roes 1-2 v. SFBC Mgmt., LLC*, 77 F. Supp. 3d 990, 993-95 (N.D. Cal. 2015) (allowing exotic dancers to proceed pseudonymously for privacy and safety reasons); *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (allowing victim of human trafficking to proceed anonymously because the litigation involved "matters of a highly sensitive and personal nature to her").

## II.   THE COURT SHOULD GRANT PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYMS

### A.   Plaintiffs Seek To Preserve Privacy In A Matter Of Sensitive And Highly Personal Nature

Plaintiffs' claims center on the substantial psychological trauma that Plaintiffs suffered—and continue to suffer—as a result of Defendant's forcible separation of Plaintiffs from their children, refusal to provide information to Plaintiffs about their

6

children's whereabouts and well-being, failure to afford adequate opportunities for Plaintiffs to communicate with their children during the period of separation, and failure to reunify Plaintiffs with their children for months.  The litigation necessarily will require disclosure of Plaintiffs' private mental and physical health information. Plaintiffs' Complaint details the disturbing circumstances of their forced separations from their children, as well as Plaintiffs' mental health conditions. *See, e.g.*, Compl. ¶ 112 (a clinical social worker found that C.M. exhibited symptoms consistent with Post-Traumatic Stress Disorder ("PTSD")); *id.* at ¶ 167 (a doctor concluded that L.G. exhibited symptoms consistent with PTSD, Generalized Anxiety Disorder, and Major Depressive Disorder); *id.* at ¶ 230 (a psychologist diagnosed M.R. with PTSD); *id.* at ¶¶ 292-97 (describing O.A.'s anxiety and anguish); *id.* at ¶ 378 (a clinical social worker concluded that V.C. exhibited symptoms consistent with PTSD).

   Plaintiffs have significant interests in the privacy of their mental health information, which could be stigmatizing and risks further traumatizing them if publicly disclosed. *See, e.g.*, *Penzato*, 2011 WL 1833007, at *3 (allowing use of pseudonym where litigation involved "the emotional and psychological impact" of being a victim of human trafficking and where "publication of [plaintiff's] name would open her to inquiries from the press and other interested individuals," compromising her ability to recover from her trauma).

   Similarly, Plaintiffs should be permitted to proceed under pseudonym because Plaintiffs have applied for, but have not been granted, asylum, and therefore "they presently have a problematic immigration status that, if disclosed, could dissuade . . . Plaintiffs from pursuing their rights in court." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *2 (citing *Lozano v. City of Hazelton*, 496 F. Supp. 2d 477, 510 (M.D. Pa. 2007) (considering the plaintiffs' "problematic immigration status" as undocumented immigrants as a basis to permit the use of pseudonyms in a case challenging local ordinances), *aff'd in relevant part*, 620 F.3d 170 (3d Cir. 2010), *cert. granted, judgment vacated and remanded on other grounds sub nom. City of Hazleton*

7

*v. Lozano*, 563 U.S. 1030 (2011)).  Numerous courts have allowed asylum applicants, like Plaintiffs, to proceed anonymously in recognition of their need for confidentiality.  *See, e.g.*, *Holder*, 736 F.3d at 872 n.1; *Gonzales* 484 F.3d at 446; *Al Otro Lado*, 2017 WL 6541446, at *3-6; *A.B.T.*, 2012 WL 2995064, at *6.

Moreover, permitting Plaintiffs to proceed under pseudonyms will ensure that their children's identities are protected.  While Federal Rule of Civil Procedure 5.2(a)(3) requires redaction of minors' names, in recognition of the importance of protecting the privacy of minors, protecting the privacy of Plaintiffs' children is even more critical here given the highly sensitive and personal subject matter at issue.  Plaintiffs' claims are based in part on the trauma suffered by their children as a result of being separated from their mothers, and the Complaint details the children's ensuing mental health conditions.  *See, e.g.*, Compl. ¶¶ 114-18 (detailing B.M.'s mental anguish and severe emotional distress as a result of the separation); *id.* at ¶¶ 168-70 (alleging B.G.'s severe emotional distress from the separation); *id.* at ¶¶ 231-34 (detailing J.R.'s severe emotional distress from the separation); *id.* at ¶¶ 298-303 (detailing L.A.'s severe emotional distress from the separation); *id.* at ¶¶ 379-86 (detailing G.A.'s severe emotional distress from the separation).  Revealing Plaintiffs' names risks exposing sufficient information to allow members of the public, media, or others to uncover the identities of Plaintiffs' children, and would thus undermine the objectives of Rule 5.2(a)(3).  *See Doe v. Heritage Acad., Inc.*, No. CV-16-03001-PHX-SPL, 2017 WL 6001481, at *10 (D. Ariz. June 9, 2017) (allowing parent to proceed using initials to protect identity of minor child).[3]

---

[3] To protect the special sensitivity of information relating to minors in immigration custody, HHS maintains self-described "strong policies . . . to ensure the privacy and safety of unaccompanied children by maintaining the confidentiality of their personal information."  U.S. Dep't of Health & Human Servs., Unaccompanied Alien Children Released to Sponsors by State (Aug. 29, 2019), https://www.acf.hhs.gov/orr/resource/unaccompanied-alien-children-released-to-sponsors-by-state (last accessed Sept. 18, 2019).  HHS reasons that such children "may be seeking safety from threats of violence," among other concerns, and HHS

### B. Defendant Will Not Be Prejudiced if Plaintiffs Use Pseudonyms in Publicly-Filed Documents

Granting Plaintiffs' request to proceed under pseudonyms will not prejudice Defendant's "ability to litigate the case." *Advanced Textile*, 214 F.3d at 1069. Defendant will experience no prejudice because it already knows Plaintiffs' names. *See Al Otro Lado*, 2017 WL 6541446, at *6. All that Plaintiffs seek in this Motion is permission to use pseudonyms in publicly-filed documents in this case. "Because the Defendant[ ] know[s] the . . . Plaintiffs' names, [it has] the information [it] need[s] to defend against" Plaintiffs' claims. *Id.*; *see also Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001); *Publius v. Boyer-Vine*, 321 F.R.D. 358, 365 (E.D. Cal. 2017) (finding that the defendant was not prejudiced by the plaintiff remaining anonymous throughout discovery where the defendant would be provided with the plaintiff's identity "in order to conduct the necessary discovery, including taking [the plaintiff's] deposition").

Moreover, that this action is against the federal government rather than a private party weighs in favor of permitting Plaintiffs to proceed under pseudonyms. *See John Does 1-5 v. McCrory*, No. 1:13CV711, 2014 WL 29352, at *2 (M.D.N.C. Jan. 3, 2014). "Courts are more likely to permit plaintiffs to proceed under pseudonym when they are pursuing a claim against the government" because "although the mere filing of a lawsuit against a private party may cause the defendant reputational and economic harm, such that fairness requires the identification of the plaintiffs, the government is not vulnerable to similar reputational harm." *Int'l Refugee Assistance Project*, 2017 WL 818255, at *3; *see also EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

---

therefore "cannot release information about individual [children] that could compromise the child's location or identity." *Id.*

9

**C.     The Public Interest Weighs in Favor of Allowing Plaintiffs to Challenge Government Action Pseudonymously**

In contrast to Plaintiffs' heightened interest in confidentiality, the public's interest in knowing the identities of the Plaintiffs is minimal.  While the issues that Plaintiffs raise in this lawsuit are a matter of significant public concern, revealing Plaintiffs' identities will add little or nothing to the public's understanding of the lawfulness of the government's alleged misconduct at issue in this case.  *See Advanced Textile*, 214 F. 3d at 1068-69 ("[P]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them.") (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)).  To the contrary, "lawsuits that enforce statutes and constitutional rights generally benefit the public." *A.B.T.*, 2012 WL 2995064, at *6.

Indeed, courts have observed that there is a public interest in allowing pseudonymous filing where, as here, plaintiffs are challenging the validity of government action.  *S. Methodist Univ.*, 599 F.2d at 713; *EW*, 213 F.R.D. at 111 (holding that when attacking government action a plaintiff's interest in anonymity is "particularly strong" because "plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights").  Accordingly, the public interest weighs in favor of allowing Plaintiffs to proceed under pseudonyms.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order:

1. Granting Plaintiffs leave to proceed in this matter under pseudonyms;
2. Ordering that Defendant shall not publicly disclose the names or personally identifying information of Plaintiffs; and

3. Ordering that all parties shall submit pleadings, briefing and evidence using Plaintiffs' pseudonyms instead of their real names and other personally identifying information.

Respectfully Submitted this 19th day of September, 2019.

/s/ *David B. Rosenbaum*
David B. Rosenbaum
Emma J. Cone-Roddy
OSBORN MALEDON, P.A.
2929 North Central Avenue
21st Floor
Phoenix, Arizona  85012-2793

| | |
|---|---|
| R. Stanton Jones* | Jonathan H. Feinberg* |
| Daniel Jacobson* | Kairys, Rudovsky, Messing, Feinberg |
| Emily Reeder* |   & Lin LLP |
| Arnold & Porter Kaye Scholer LLP | The Cast Iron Building |
| 601 Massachusetts Avenue, NW | 718 Arch Street, Suite 501 South |
| Washington, DC 20001 | Philadelphia, PA 19106 |
| 202-942-5000 | 215-925-4400 |
| stanton.jones@arnoldporter.com | jfeinberg@krlawphila.com |
| daniel.jacobson@arnoldporter.com | |
| emily.reeder@arnoldporter.com | |
| | Mark Fleming* |
| Lucy McMillan* | Katherine Melloy Goettel* |
| Diana Reiter* | National Immigrant Justice Center |
| Erik Walsh* | 224 S. Michigan Ave., Suite 600 |
| Tanya Kalivas* | Chicago, IL 60604 |
| Kaitlyn Schaeffer* | 312-660-1370 |
| Arnold & Porter Kaye Scholer LLP | mfleming@heartlandalliance.org |
| 250 West 55th Street \| New York, | kgoettel@heartlandalliance.org |
| New York 10019-9710 | |
| 212-836-8000 | Trina Realmuto* |
| lucy.mcmillan@arnoldporter.com | Emma Winger* |
| diana.reiter@arnoldporter.com | American Immigration Council |
| erik.walsh@arnoldporter.com | 1318 Beacon Street, Suite 18 |
| tanya.kalivas@arnoldporter.com | Brookline, MA 02446 |
| kaitlyn.schaeffer@arnoldporter.com | 857-305-3600 |
| | trealmuto@immcouncil.org |
| | ewinger@immcouncil.org |

|   |   |
|---|---|
| 1 | Mary Kenney* |
| 2 | Claudia Valenzuela* |
|   | American Immigration Council |
| 3 | 1331 G Street NW, Suite 200 |
|   | Washington, DC 20005 |
| 4 | 202-507-7512 |
| 5 | 202-742-5619 |
|   | mkenney@immcouncil.org |
| 6 | cvalenzuela@immcouncil.org |

*Attorneys for Plaintiffs*

\* *Pro hac vice application forthcoming*