Keith Beauchamp (012434)
Shelley Tolman (030945)
COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1900
Phoenix, AZ 85004
Telephone: (602) 381-5493
kbeauchamp@cblawyers.com
stolman@cblawyers.com

Michelle Lapointe*
Norma Ventura*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30031
Telephone: (404) 521-6700
michelle.lapointe@splcenter.org
norma.ventura@splcenter.org

Matthew J. Schlesinger*
Jason A. Carey*
Terra White Fulham*
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com

[Additional Counsel Listed on Signature Page]

[*Admitted Pro Hac Vice]

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; and J.V.S., on his own behalf and on behalf of his minor child H.Y., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV-20-0065-PHX-SMB <br><br> **PLAINTIFFS' MOTION TO TRANSFER** <br><br> (Oral Argument Requested) |

{00484959.1 }

1  Plaintiffs A.P.F. and J.V.S., on their own behalf and on behalf of their minor

2  children, respectfully request that the above-captioned action be transferred to Judge

3  Susan R. Bolton pursuant to Local Civil Rule 42.1.  For the reasons discussed below,

4  transfer of this case will promote judicial economy and avoid duplication of efforts by

5  Courts in this District.

6  This case arises from substantially the same events, involves the same defendant,

7  and calls for determination of substantially the same questions of law as *C.M. v. United

8  States of America*, No. 2:19-cv-05217 (D. Ariz. filed Sept. 19, 2019), a related case

9  currently pending before Judge Bolton.  Both *A.P.F.* and *C.M.* arise out of the United

10  States' policy of forcibly separating thousands of asylum-seeking families at the U.S.-

11  Mexico border since 2017.  Plaintiffs in both cases are parents who were separated from

12  their young children at the border when they sought asylum in the United States.  Both

13  Complaints allege the separations caused emotional and other harm to plaintiffs and

14  their children, and bring tort claims against the United States under the Federal Tort

15  Claims Act ("FTCA").

16  Given the high likelihood that substantially similar issues of fact and questions of

17  law will arise in the two cases, transfer of *A.P.F.* to Judge Bolton is appropriate under

18  Local Rule of Civil Procedure 42.1(a) and will promote judicial economy.

19  **I.    PROCEDURAL HISTORY**

20  *C.M.* was filed on September 19, 2019, and currently is pending before Judge

21  Bolton.  *See* Complaint, No. 2:19-cv-05217 (D. Ariz. Sept. 19, 2019), ECF No. 1

22  ("*C.M.* Compl.").  Like Plaintiffs in *A.P.F.*, the *C.M.* plaintiffs assert claims of

23  intentional infliction of emotional distress and negligence under the FTCA against the

24  United States of America, the sole defendant.  *Id.* ¶ 6–7.  The United States has moved

25  to dismiss the *C.M.* case, arguing that the plaintiffs' claims are barred by the due care

26  and discretionary function exceptions to the FTCA, and that plaintiffs failed to allege

27  claims for which there is a private person analog.  Mot. & Mem. in Supp. of the United

28  States of America's Mot. to Dismiss, No. 2:19-cv-05217 (D. Ariz. Dec. 23, 2019), ECF

No. 18.  Briefing on the United States' motion to dismiss is scheduled to be completed by March 9, 2020, and oral argument has been scheduled for March 24, 2020.  Order, No. 2:19-cv-05217 (D. Ariz. Nov. 11, 2019), ECF No. 17; Minute Order, No. 2:19-cv-05217 (D. Ariz. Feb. 20, 2020), ECF No. 20.

*A.P.F.* was filed on January 10, 2020, and is currently pending before Judge Susan M. Brnovich.  Like the *C.M.* plaintiffs, Plaintiffs here assert claims of intentional infliction of emotional distress and negligence under the FTCA against the United States.[1]  Given the factual and legal similarities to *C.M.*, Plaintiffs identified *C.M.* as a related case on the civil cover sheet accompanying their Complaint.  *See* Civil Cover Sheet, No. 2:20-cv-00065 (D. Ariz. Jan. 10, 2020), ECF No. 1-1.  The United States has not yet responded to the *A.P.F.* Complaint, nor entered an appearance.  The United States' response is due March 16, 2020, sixty days after the United States was served with the Complaint.  *See* Fed. R. Civ. Proc. 12(a)(2).

## II.  ARGUMENT

### A.  Transfer of *A.P.F.* Will Promote Judicial Economy

This case should be transferred to Judge Bolton in accordance with Local Civil Rule 42.1.  Given the substantial similarities in the underlying events, parties, and questions of law at issue in *C.M.* and *A.P.F.*, transfer will promote judicial economy and avoid substantial duplication of labor by Courts in this District.

Local Civil Rule 42.1(a) provides that transfer is appropriate if two cases pending before different Judges within this District:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges.

---

[1] In addition to claims of intentional infliction of emotional distress and negligence, the *A.P.F.* plaintiffs also allege loss of child's consortium.

1    Transfer is proper if a party satisfies "any one of the factors" enumerated in Local Civil

2    Rule 42.1(a).  *Smith v. Sperling*, No. 11-cv-0722, 2011 WL 4101508, at *1 (D. Ariz.

3    Sept. 14, 2011); *see also Gagan v. Sharar*, Nos. 99-cv-1427, 08-cv-00018, 2008 WL

4    2810978, at *2 (D. Ariz. July 18, 2008) ("By its terms, LRCiv 42.1(a)(1) [prior version

5    of Rule 42.1(a)] does not require that each of its subsections be shown before a transfer

6    is proper thereunder.").

7           Here, multiple factors enumerated in Rule 42.1(a) are satisfied, making transfer

8    proper.[2]  *First*, both *C.M.* and *A.P.F.* arise from substantially the same transaction or

9    event—the United States' policy of forcibly separating thousands of asylum-seeking

10   families at the U.S.-Mexico border since 2017—and involve the same defendant, the

11   United States.  Compl. ¶ 8, *A.P.F. v. United States of America*, No. CV-20-0065-PHX-

12   SMB (D. Ariz., Jan. 10, 2020), ECF No. 1 ("*A.P.F.* Compl."); *C.M.* Compl. ¶ 3 & n.3.

13   The government carried out the separations pursuant to a policy that was promulgated

14   and executed with the goal of deterring immigration to the United States.  *A.P.F.*

15   Compl. ¶ 5; *C.M.* Compl. ¶ 27.  Plaintiffs in the *A.P.F.* case are two sets of such

16   families: they came to the U.S. fleeing persecution in Guatemala and seeking asylum

17   here.  *A.P.F.* Compl. ¶ 6.  Shortly after Plaintiff fathers Abel and José[3] crossed the

18   U.S.-Mexico border near Yuma, Arizona, in May 2018, the U.S. government separated

19   them from their respective children, Obet, then age seven, and Herlinda, then age five.

20   *Id.* ¶¶ 2–3.  Obet and Herlinda were placed in the custody of the Office of Refugee

21   Resettlement ("ORR"), part of the U.S. Department of Health and Human Services, and

22   sent to facilities in New York City, while Abel and José and were placed in Immigration

23   and Customs Enforcement ("ICE") custody.  *Id.* ¶¶ 108, 141, 196-200, 215-16.  Abel

24   and José did not know their children's whereabouts and could not contact them for

25   ───────────────
     [2] Because neither *C.M.* nor *A.P.F.* involve patents, trademarks, or copyrights, the third
26   factor is not applicable here.

27   [3] The names Abel, José, Obet, and Herlinda are pseudonyms for Plaintiffs A.P.F.,
     J.V.S., O.B., and H.Y., respectively.  *A.P.F.* Compl. at n.1.  A motion for leave to
28   proceed under pseudonym is pending.  ECF No. 8.

1   weeks. *Id.* ¶ 13. The children did not see their parents until a federal court ordered the

2   government to reunify them and thousands of similarly situated families. *Id.* ¶ 64

3   (citing *Ms. L. v. U.S. Immigration & Customs Enforcement*, 310 F. Supp. 3d 1133,

4   1146, 1149 (S.D. Cal. 2018)).  The Plaintiffs allege that they suffered extreme

5   emotional harm as the result of the separations. *See A.P.F.* Compl. ¶¶ 296-302.

6          Similarly, in the *C.M.* case, five Guatemalan mothers allege that the United

7   States forcibly separated them from their children after the families crossed the border

8   together in Arizona during the same time period. *C.M.* Compl. ¶ 5.  Like the plaintiffs

9   in *A.P.F.*, the children plaintiffs in *C.M.* were removed from their parents' custody

10   while the families were detained in Arizona Customs and Border Protection ("CBP")

11   facilities pursuant to the United States' policy of separating families at the southwest

12   border to deter future migration. *Id.*  As in *A.P.F.*, the United States then detained the

13   parents in *C.M.* in ICE facilities and placed the children in ORR custody, and reunified

14   the families only after the order in *Ms. L. See id.* ¶¶ 5, 18–19, 62.[4]  The *C.M.* plaintiffs

15   similarly allege that the separation and the intentionally cruel and reckless manner in

16   which it was implemented caused extreme and lasting emotional harm. *See id.* ¶¶ 5-6.

17   In all, the U.S. government separated more than 5,000 children from their parents under

18   substantially similar circumstances, pursuant to the same unconstitutional policy.

19   *A.P.F.* Compl.  ¶ 8; *C.M.* Compl. ¶ 3.

20          Given the significant overlap in factual issues between the two cases, transfer to

21   the same Court within this District is proper. *See Smith*, 2011 WL 4101508, at *1–3

22   (granting motion to transfer where two cases arose from substantially the same event,

23   alleged waste of corporate assets, and involved substantially the same defendants,

24   corporation's officers and directors).

25          *Second*, the cases call for determination of substantially the same questions of

26   law.  Plaintiffs in both cases assert claims of negligence and intentional infliction of

27

28   ───────────────────────

[4] The adult plaintiffs in both the *A.P.F.* and *C.M.* cases are members of the plaintiff class in the *Ms. L.* litigation.

1  emotional distress under the FTCA against a common defendant, the United States.

2  Both cases will require a legal analysis regarding the application of the FTCA in the

3  context of a challenge to the government's development and implementation of the

4  family separation policy.  In addition, whether the United States is liable for the Arizona

5  state law torts of intentional infliction of emotional distress and negligence under the

6  circumstances alleged in both complaints will require a similar analysis of those torts

7  and any available defenses. While the *A.P.F.* plaintiffs allege one additional tort claim,

8  for loss of child's consortium, the presence of that claim does not present a

9  fundamentally different question of law relative to the *C.M.* case.  Because the cases are

10  likely to call for determination of substantially similar questions of law, transfer is

11  appropriate.  *See Cwiak v. City of Phoenix*, No. 09-cv-1858, 2010 WL 1742531, at *1

12  (D. Ariz. Apr. 29, 2010) (granting motion to transfer where two cases "involve[d] the

13  same questions of law [such] that their continued separation would entail substantial

14  duplication of labor if heard by different Judges").

15      *Third*, it would be a "substantial duplication of labor" for different judges to

16  preside over these cases.  As explained above, the cases involve common factual and

17  legal issues.  It would squander judicial resources for two Judges within this District to

18  hear and decide what will likely be similar questions of law with respect to the FTCA

19  and state tort law.  Likewise, it will be inefficient for two Judges to oversee discovery

20  on substantially similar cases arising from the same policy and against the same

21  Defendant.  There will likely be overlap in discovery sought against the United States in

22  these cases relating to the development and implementation of the family separation

23  policy, specifically as it was carried out by government officials in Arizona.  For the

24  same reason, consolidation or coordination of the two cases for limited pretrial purposes

25  may also be appropriate following the Court's resolution of any motions to dismiss.  *See*

26  Fed. R. Civ. P. 42(a).  In short, transfer of this case will promote judicial economy.  *See*

27  *Dishon v. Gorham*, No. 16-cv-04069, 2018 WL 4257936, at *4 (D. Ariz. Sept. 6 2018)

28  ("[A]lthough the cases involve different claims, the claims are based on substantially

the same underlying events and involve many of the same parties, meaning that, if the cases are heard by different judges, it would entail substantial duplication of labor.  For these reasons, the motion to transfer will be granted.").

### B.  *A.P.F.* Should Be Transferred to Judge Bolton

If a motion to transfer pursuant to Local Civil Rule 42.1 is granted, then Local Civil Rule 42.1(d) enumerates criteria to be considered when determining "which judge will be assigned the related cases":

> (1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy.

*Frisancho v. Brewer*, No. 10-cv-926, 2010 WL 11453974, at *1 (D. Ariz. June 25, 2010) (Bolton, J.) (quoting LRCiv 42.1(d)).

The factors enumerated under Rule 42.1(d) counsel that *A.P.F.* should be assigned to Judge Bolton.  To the extent any Court has considered the substantive matters in these cases it is Judge Bolton, given that the parties will have fully briefed the United States' motion to dismiss the claims in *C.M.* by March 9, 2020 (before the United States' response is due in *A.P.F.*) and the Court has scheduled oral argument for that motion on March 24, 2020.  Judge Bolton's familiarity with the disputes that underlie the claims in these cases favor transfer to her Court.  *See Center for Biological Diversity v. Jewell*, Nos. 15-cv-00019, 18-cv-00048, 2018 WL 7082732, at *1 (D. Ariz. Apr. 10, 2018) (transfer to court was appropriate and in the interest of judicial economy given court's "familiarity with the background facts and disputes").  In *A.P.F.*, by contrast, no substantive matters have been considered.  The United States has not yet entered an appearance, nor responded to the Complaint.

In addition, given that no substantive matters have been resolved in *A.P.F.*, transfer to the Court to presiding over the case with lowest case number is appropriate.  *Frisancho* is instructive.  In that case, the parties moved to transfer various cases challenging the State of Arizona's immigration policies.  The Court reasoned that

1  because "[n]o substantive matters ha[d] been considered, much less resolved," transfer

2  was appropriate to the Court, "which ha[d] been assigned the case with the lowest case

3  number." *Frisancho,* 2010 WL 11453974, at *1.  So too here, *A.P.F.* should be

4  assigned to Judge Bolton, who presides over the case with the lowest case number.

5  **III.    CONCLUSION**

6        For the reasons set forth above, the motion to transfer should be granted.

7        Respectfully submitted this 14th day of February, 2020.

8                                          COPPERSMITH BROCKELMAN PLC

9                                          By  s/ Keith Beauchamp
10                                             Keith Beauchamp
                                               Shelly Tolman

11                                         SOUTHERN POVERTY LAW CENTER
12                                             Michelle Lapointe*
                                               Norma Ventura*
13

14                                         SOUTHERN POVERTY LAW CENTER
                                               Paul R. Chavez*
15                                             P.O. Box 370037
                                               Miami, FL 33137
16                                             paul.chavez@splcenter.org

17                                         COVINGTON & BURLING LLP
18                                             Matthew Schlesinger*
                                               Jason Carey*
19                                             Terra White Fulham*

20                                         COVINGTON & BURLING LLP
21                                             Swati R. Prakash*
                                               The New York Times Building
22                                             620 Eighth Avenue
                                               New York, NY 10018-1405
23                                             sprakash@cov.com

24                                         COVINGTON & BURLING LLP
25                                             Jessica R. Hanson
                                               1999 Avenue of the Stars, Suite 3500
26                                             Los Angeles, CA 90067-4643
                                               jhanson@cov.com
27

28                                         *Attorneys for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 14, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

           s/ Sheri McAlister_____