**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., et al., | No. CV-19-05217-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

The Court now considers Defendant United States' Motion and Memorandum in Support of the United States' Motion to Dismiss ("Motion") (Doc. 18, ("Mot.")). The Court heard oral argument on March 24, 2020.

**I.    BACKGROUND**

Plaintiffs C.M., B.M., L.G., B.G, M.R., J.R., O.A., L.A., V.C., and G.A. (collectively, "Plaintiffs") are five mothers and their respective children who were forcibly separated by federal officers while detained at various immigration holding centers in Arizona. (Doc. 1, Compl. ¶¶ 5, 11–15.) Each family remained separated for more than two months. (*Id.* ¶ 5.) During that time, the federal government provided only limited information to each mother about her child's whereabouts and well-being and afforded only minimal opportunities for each mother and child to communicate. (*Id.* ¶ 5.) Four of the children were transferred to shelters in New York. (*Id.* ¶¶ 99, 193, 281, 324.) As a result of the separation, Plaintiffs allege that they suffered, and continue to suffer, substantial trauma. (*Id*. ¶ 5.)

Plaintiffs filed suit on September 19, 2019, alleging two causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680: (1) intentional infliction of emotional distress ("IIED"); and (2) negligence. (*Id.* ¶¶ 387–93.) Plaintiffs seek compensatory damages. (*Id.* ¶ 394(A).)

On December 23, 2019, the United States filed its Motion requesting dismissal for lack of jurisdiction. (Mot.) Plaintiffs filed their Opposition to Defendant's Motion to Dismiss ("Response") on February 6, 2020. (Doc. 19, Opp'n to Def.'s Mot. ("Resp.").)

## II.     LEGAL STANDARD AND ANALYSIS

### A.     Rule 12(b)(1) Motion to Dismiss

The United States' Motion attacks the Complaint on its face. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."). In ruling on such a motion, the Court accepts the allegations of the complaint as true and affords plaintiffs the benefit of all favorable inferences that can be drawn from the alleged facts. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004); *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Plaintiffs bear the burden of establishing a court's subject-matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B.     Jurisdiction under the FTCA

The United States is immune from liability absent its consent, and the terms of that consent define a court's jurisdiction to entertain a suit against the United States. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA provides such consent "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1249 (9th Cir. 2019) (quoting 28 U.S.C. § 1346(b)(1)). The FTCA's general waiver of immunity, however, is subject to several exceptions. *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 485 (2006). Section 2680(a), 28

U.S.C., provides that this waiver shall not apply to:

> Any claim [1] based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or [2] based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a) (bracketed numerals added). The Court refers to [1] as the "due care exception" and [2] as the "discretionary function exception." The United States argues that both exceptions apply. (Mot. at 9.)

The "plaintiff bears the burden of persuading the court that it has subject[-]matter jurisdiction under the FTCA's general waiver of immunity," and the United States bears the burden of proving that an exception applies. *Prescott v. United States*, 973 F.2d 696, 701–02 (9th Cir. 1992) (citing 28 U.S.C. § 1346(b)).

### 1.      **Private Analogue Requirement**

To carry their burden of establishing subject-matter jurisdiction under the FTCA, Plaintiffs must show that "a private individual under like circumstances would be liable under state law." *United States v. Muniz*, 374 U.S. 150, 153 (1963); 28 U.S.C. § 1346(b). To do this, Plaintiffs' allegations must demonstrate "a persuasive analogy with private conduct." *See Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir. 1992) (quoting *Woodbridge Plaza v. Bank of Irvine*, 815 F.2d 538, 543 (9th Cir. 1987)). Recognizing that "the federal government 'could never be exactly like a private actor,'" the Ninth Circuit requires a court only "to find the most reasonable analogy." *Dugard v. United States*, 835 F.3d 915, 919 (9th Cir. 2016) (quoting *LaBarge v. Mariposa Cty.*, 798 F.2d 364, 367 (9th Cir. 1986)).

Plaintiffs bring claims of IIED and negligence. (Compl. ¶¶ 387–93.) This Court recently recognized the viability of an IIED claim brought under the FTCA simply where "[federal] agents' actions were motivated by malice." *Martinez v. United States*, 2018 WL 3359562, at *10–12 (D. Ariz. July 10, 2018) (citing *Gasho v. United States*, 39 F.3d 1420, 1434 (9th Cir. 1994)). The Complaint contains ample factual allegations suggesting that

the government's separation of families was motivated by malice. (*See* Compl. ¶¶ 27–29, 31–33, 38, 39, 40–41, 43, 45, 50, 53, 71–72, 76–83, 127–32, 182–90, 244–49, 314–17.) This Court also recently recognized the viability of a negligence claim brought under the FTCA where plaintiffs alleged that federal employees' placement of a prisoner in a certain cell was negligent. *Estate of Smith v. Shartle*, No. CV-18-00323-TUC-RCC, 2020 WL 1158552, at *1 (D. Ariz. Mar. 10, 2020). *Estate of Smith* reasoned:

> [l]ike a nursing facility employee, a BOP employee is tasked with the care of persons who are dependent upon them to make daily housing and safety determinations. And, like nursing care employees, BOP has a duty to ensure the safety of the persons who reside at the facility.

2020 WL 1158552, at *1–2 (citing 28 U.S.C. § 4042(2)). Federal immigration officials, too, are tasked with the care and custody of those they detain, and owe detainees at least a minimal level of care. *See, e.g.*, *Flores v. Sessions*, No. 85-CV-4544 (C.D. Cal. Feb. 2, 2015) (ECF No. 101) ("Flores Settlement Agreement").

The United States argues that "[b]ecause only the [f]ederal government has the authority to enforce the Nation's immigration laws and applicable state law does not impose liability on private persons for failing to enforce [f]ederal law," no private analogue exists. (Mot. at 19–20.) A private analogue, however, need only exist under "*like* circumstances," not "under the *same* circumstances." *Indian Towing Co. v. United States*, 350 U.S. 61, 64 (1955) (emphasis added). Plaintiffs have demonstrated a private analogue under like circumstances. The Court therefore has subject-matter jurisdiction under the FTCA unless the United States proves that an exception applies.

### 2. Due Care Exception

The United States argues that "[f]or the due care exception to apply, the government need only be authorized by statute or regulation to take the course of action that caused the harm," citing *Borquez v. United States*.[1] In *Borquez*, plaintiffs brought an FTCA claim against the government for the negligent maintenance and operation of a dam. *Id.* at 1051. The government had previously transferred responsibility for maintaining and operating

---
[1] 773 F.2d 1050 (9th Cir. 1985).

- 4 -

the dam to a corporation pursuant to a statute that explicitly and specifically authorized it to do so.[2] *Id.* at 1052 (citing 43 U.S.C. § 499). Because the plaintiffs' claim "represent[ed] a challenge to the statutory authority of the government" to transfer responsibility for the dam to a corporation—a type of challenge the exception was designed to prohibit—the exception applied. *Id.*

Plaintiffs' claims present no such challenge. The United States has cited to no statute explicitly authorizing the government to detain parents and children in separate facilities before it has charged either with a crime. Indeed, no such statute exists. *Borquez*, therefore, is inapposite.

Following other courts in this circuit, the Court applies the two-prong test established by *Welch v. United States*[3] to determine whether the due care exception applies. *See Ferguson v. United States*, No. 15CV1253 JM (DHB), 2016 WL 4793180, at *7 (S.D. Cal. Sept. 14, 2016) (applying *Welch*'s two-part test); *Kwai Fun Wong v. Beebe*, No. CIV. 01-718-ST, 2006 WL 977746, at *7–8 (D. Or. Apr. 10, 2006) (same). Under *Welch*, the due care exception applies if (1) the statute or regulation in question "specifically pr[e]scribes a course of action for an officer to follow," and (2) "the officer exercised due care in following the dictates of that statute or regulation." *Welch*, 409 F.3d at 652 (citing *Crumpton v. Stone*, 59 F.3d 1400, 1403 (D.C. Cir. 1995)). Otherwise stated, the due care exception applies only when an official was "reasonably executing the mandates of" a statute or regulation. *Id.* at 651.

The United States cites no statute or regulation mandating the separation of Plaintiffs upon their entry into the country. It cites no statute or regulation requiring the

---

[2] The statute read:

> Whenever any legally organized water-user's association or irrigation district shall so request, the Secretary of the Interior is authorized, in his discretion, to transfer to such water-users' association or irrigation district the care, operation, and maintenance of all or any part of the project works, subject to such rules and regulations as he may prescribe.

43 U.S.C. § 499.
[3] 409 F.3d 646 (4th Cir. 2005).

detention of individuals who are "amenable to prosecution"[4] in facilities different from those who are not "amenable to prosecution." Further, family separation was established by executive policy—not by a statute or regulation—which is not covered by the due care exception. (*See* Compl. ¶¶ 23, 31, 34; *Garcia-Feliciano v. United States*, No. CIV. 12-1959 SCC, 2014 WL 1653143, at *4 n.8 (D.P.R. Apr. 23, 2014) (due care exception "would not apply here, however, because a policy—not a statute or regulation—pr[e]scribed the deputy's conduct").) The United States has failed to prove that the due care exception applies.

### 3. Discretionary Function Exception

The discretionary function exception bars claims arising from governmental actions that (1) "involv[e] an element of judgment or choice" and (2) are "based on considerations of public policy." *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991) (quotations omitted).

In an underdeveloped argument, the United States asserts that "prioritizing enforcement of [f]ederal law" and "subsequent prosecutorial decisions" are "classic discretionary functions shielded by the FTCA's discretionary function exception and prosecutorial immunity." (Mot. at 12.) This argument, however, rests on the false premise that by taking custody of children whose parents are "amenable to prosecution," the United States is simply enforcing federal law. As previously explained, the United States was not enforcing federal law when it separated Plaintiffs. *See supra* Section II(B)(2). It therefore was not *prioritizing* the enforcement of federal law. Any argument that the government was simply exercising prosecutorial discretion ignores the crucial fact that the government never charged any Plaintiff with a crime. (*See* Compl. ¶ 34.)

---

[4] The United States suggests that its family-separation policy was authorized by 8 U.S.C. § 1232(b)(3), which requires the government to transfer alien children into the custody of the U.S. Department of Health and Human Services ("HHS") after determining that an alien child is "unaccompanied." (Doc. 25, Def.'s Reply to Resp. ("Reply") at 3.) The United States postulates that parents who are "amenable to prosecution" under immigration statutes are "unavailable to provide care or custody" to their children, which in turn renders their children "unaccompanied" and subject to § 1232(b)(3)'s custodial-transfer requirement. (Mot. at 2, 13, 17; Reply at 3.) The United States fails to explain how a parent who is merely "amenable" to prosecution—but has not been charged with a crime—is, for that reason, unavailable to care for her child.

Plaintiffs argue the discretionary function exception does not apply because the government lacks discretion to violate the Constitution, and their Complaint alleges a deprivation of due process. (Resp. at 15; Compl. ¶ 68.) "[T]he Constitution can limit the discretion of federal officials such that the FTCA's discretionary function exception will not apply." *Nurse v. United States*, 226 F.3d 996, 1002 n.3 (9th Cir. 2000). In a related suit brought by a class of migrant parents that included Plaintiffs, a district court found that the government's practice of separating families, and the procedures used to implement this practice, likely violated the parents' due process rights. *Ms. L. v. U.S. Immigration and Customs Enf't*, 310 F. Supp. 3d 1133, 1144–46 (S.D. Cal. 2018), *modified by* 330 F.R.D. 284 (S.D. Cal. 2019); Compl. ¶ 62 (citing *Ms. L.*). The court stated:

> A practice of this sort implemented in this way is likely to be 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience,' interferes with rights "'implicit in the concept of ordered liberty[,]'" and is so '"brutal" and "offensive" that it [does] not comport with traditional ideas of fair play and decency.'

*Id.* at 1145–46 (citations omitted). The United States responds that "Plaintiffs cannot . . . circumvent the discretionary function exception simply by labeling governmental conduct as unconstitutional." (Reply at 11.) Plaintiffs, however, did more than "simply label[]" the government's conduct as unconstitutional—they cited a court order declaring this conduct so "egregious," "outrageous," "brutal," and "offensive" that it warranted immediate enjoinment. (*See* Compl. ¶¶ 62, 68.) Plaintiffs have plausibly alleged that the government's separation of their families violated their constitutional rights, which is not shielded by the discretionary function exception.

To the extent the United States asks the Court to parse the Complaint to assess whether claims with respect to individual factual allegations are barred,[5] the Court declines to do so. Such an approach is inconsistent with the Complaint, which incorporates all facts

---

[5] *See, e.g.*, Mot. at 18 ("[C]laims relating to the conditions of one's detention in a secure facility are . . . shielded by the discretionary function exception."); *id.* ("[A]ny challenge to the frequency of communications between and about separated family members is barred by the discretionary function exception."); *id.* at 19 ("[A]n agency's decisions regarding the design and maintenance of its computer systems and databases is a policy-based discretionary function . . . .").

into each count. (*See* Compl. ¶¶ 387–93.) Moreover, discussion of the extent to which certain facts could or could not prove a claim is outside the scope of this Order; such a resolution would be premature. The United States has failed to prove that the discretionary function exception applies.

### III.   CONCLUSION

Plaintiffs have demonstrated that "a private individual under like circumstances would be liable under state law" for the allegedly tortious conduct committed by the United States. The United States has failed to demonstrate that an exception to the FTCA's general waiver of immunity applies. The Court therefore has subject-matter jurisdiction over this action.

**IT IS ORDERED** denying the United States' Motion and Memorandum in Support of the United States of America's Motion to Dismiss (Doc. 18).

Dated this 30th day of March, 2020.

_____
Susan R. Bolton
United States District Judge