JAMES G. TOUHEY, JR.
Director, Torts Branch
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
THEODORE W. ATKINSON
Trial Attorney
D.C. Bar No. 458963
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A. on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Case no. 2:19-CV-05217-SRB <br><br> **ANSWER TO THE COMPLAINT** |

## **ANSWER TO THE COMPLAINT**

The United States of America submits the following Answer to Plaintiffs'

Complaint (ECF No. 1) as follows:

### **First Defense**

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

**Second Defense**

Plaintiffs' claims are barred to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

**Third Defense**

Plaintiffs' claims are barred to the extent that they are based on the execution of Federal statutes or regulations. 28 U.S.C. § 2680(a).

**Fourth Defense**

Plaintiffs have failed to state a claim on which relief may be granted in whole or in part.

**Fifth Defense**

The United States, through employees, did not owe a legal duty to Plaintiffs.

**Sixth Defense**

The United States, through employees, did not breach any duty of care owed to Plaintiffs.

**Seventh Defense**

The United States has waived its sovereign immunity only for the actions of "employees of the government" as defined in 28 U.S.C. § 2671.

**Eighth Defense**

No acts or omissions of the United States, through employees, were the proximate cause of any injury to Plaintiffs.  Plaintiffs' damages were proximately caused by the acts or omissions of third parties over whom the United States has no control.

**Ninth Defense**

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

**Tenth Defense**

In the event the United States is found to have been negligent or otherwise wrongful, which negligence or wrongful conduct is denied, the superseding and intervening negligence or wrongful conduct of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence or wrongful conduct and Plaintiffs' alleged injuries, cutting off the legal effect of the United States' negligence or wrongful conduct.

**Eleventh Defense**

Plaintiffs' recovery of damages, if any, is limited by Federal and applicable state law.

**Twelfth Defense**

Plaintiffs' recovery against the United States, if any, is limited to the amount stated in timely and properly presented administrative claims.  28 U.S.C. § 2675(b).  To the extent the Plaintiffs have not timely or properly presented administrative tort claims, or seek relief different from, or in excess of, that set forth in a timely and properly filed administrative tort claim, Plaintiffs have not exhausted their administrative remedies and the Court lacks subject matter jurisdiction to consider such claims.

**Thirteenth Defense**

Plaintiffs may not recover punitive damages, non-monetary damages, or pre-judgment interest under the Federal Tort Claims Act.  28 U.S.C. § 2674.

### Fourteenth Defense

To the extent the Court enters a money judgment against the United States, Plaintiffs are entitled to post-judgment interest only in accordance with the provisions of 28 U.S.C. § 1961(b) and 31 U.S.C. § 1304(b).

### Fifteenth Defense

Plaintiffs' claims are barred by any exception to or limitation on the United States' waiver of sovereign immunity.

### Sixteenth Defense

Under the FTCA, the United States only may be held liable in the same manner and to the same extent as a private individual under like circumstances.  28 U.S.C. § 2674.

### Seventeenth Defense

To the extent that there are persons who were comparatively at fault, whether or not they are currently parties to this lawsuit, principles of comparative fault apply and liability must be apportioned or any judgment reduced as set forth under applicable state law.

### Eighteenth Defense

Plaintiffs' claims are barred or diminished by Plaintiffs' failure to mitigate damages.

### Nineteenth Defense

4

The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time but may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as may be ascertained through discovery.

### Twentieth Defense

As for its twentieth defense, the United States submits the following General Answer and Specific Answers in responses to the separate paragraphs of the complaint.

### General Answer

Plaintiffs include 56 footnotes throughout their Complaint.  Most of these footnotes consist of citations to cases, media reports, and reports by the Office of Inspector General for the Department of Health and Human Services ("OIG HHS"). Accordingly, in the following specific answers, to the extent a footnote cites a source solely as support for a factual allegation, the United States answers the allegation in accordance with Rule 8 by either admitting, denying, or pleading lack of sufficient information with respect to the factual allegation.  The citation of the source underlying the factual allegation is in and of itself not a factual allegation requiring a response. However, to the extent a footnote contains a factual allegation, quotes a source in whole or in part in a manner requiring a response as to its truthfulness or accuracy, or specifically describes the findings or conclusions of a report, policy, or other cited source, the United States answers the allegation in accordance with Rule 8 as part of the following specific answers to each paragraph of the Complaint.   Furthermore, insofar as there are allegations regarding the subjective mindset, knowledge, or motivation of

various Executive Branch officials and employees, those allegations are denied throughout the Answer.  Finally, insofar as allegations relate to or reference the identities, ages, relationships, and nationalities of Plaintiffs and the children on whose behalf this action is brought, those allegations are denied throughout the Answer on the ground that Defendant lacks information sufficient to form a belief as to the allegations because Plaintiffs and the children are proceeding pseudonymously.  Admissions or denials, in full or in part, of such allegations are qualified that the United States is answering based on its belief, but lack of certainty, as to the identities of Plaintiffs and the children on whose behalf this action is brought.

### Specific Answers by Paragraph

1. Defendant lacks information sufficient to form a belief as to whether Plaintiffs are five mothers and their respective children.  The remaining allegations are denied.

2. Defendant admits that the tweet by President Donald J. Trump exists as quoted, but denies the allegation regarding the alleged intent of such tweet.  The remaining allegations are denied.

3. Defendant admits that in the cited documents the Government has acknowledged a belief that approximately 2,814 children were separated from parents or legal guardians, and further admits that the referenced report states that there may have been additional adults and children separated.  The remaining allegations are denied.

4. Defendant denies these allegations.

5.      Defendant admits that the persons believed to be Plaintiffs and their children were separated in May 2018 in Arizona.  The remaining allegations are denied.

6.      These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, Defendant denies the allegations.

7.      Defendant admits that Plaintiffs filed this action under to the Federal Tort Claims Act and seek compensation.  The remaining allegations are denied.

8.      These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, Defendant denies the allegations.

9.      Because Plaintiffs are proceeding pseudonymously, Defendant lacks information sufficient to form a belief as to whether Plaintiffs submitted administrative tort claims.  The allegations regarding exhaustion of administrative remedies are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, Defendant denies the allegations.

10.      These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, Defendant denies the allegations.

11.      Defendant lacks information sufficient to form a belief as to these allegations.

12.      Defendant lacks information sufficient to form a belief as to these allegations.

13.     Defendant lacks information sufficient to form a belief as to these allegations.

14.     Defendant lacks information sufficient to form a belief as to these allegations.

15.     Defendant lacks information sufficient to form a belief as to these allegations.

16.      This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant admits this allegation.

17.     This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant lacks information sufficient to form a belief as to these allegations.

18.     Defendant admits that employees of Customs and Border Protection ("CBP") separated alien adults and minors.  Defendant further admits that employees of CBP and Immigration and Customs Enforcement ("ICE") detain individuals at CBP and ICE facilities.  Defendant admits that ICE employees detain individuals at the South Texas Family Residential Center in Dilley, Texas.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

19.     Defendant admits that the custody of minors the Government classifies as unaccompanied alien children is transferred to HHS, which finds placement and care for UACs through a network of state licensed ORR-funded care providers.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

20.    This allegation is not a statement of fact but is a conclusion of law to which no response is required.  To the extent that an answer is required, Defendant lacks information sufficient to form a belief as to this allegation.

21.    Defendant lacks information sufficient to form a belief as to this allegation.

22.    Defendant admits that there was a program in El Paso Sector prioritizing criminal prosecution of illegal entry under 8 U.S.C. §§ 1325-1326, and that children of parents referred for prosecution were placed in HHS custody.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

23.    Defendant admits that the quoted words are found in the cited document. Defendant lacks information sufficient to form a belief as to the remaining allegations.

24.    Defendant admits that the referenced memorandum was issued and that it directed the submission of a report.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

25.    The allegation that "catch and release" is "fully in accord with immigration law" is not a statement of fact but is a conclusion of law to which no response is required. To the extent that an answer is required, Defendant lacks information sufficient to form a belief as to this allegation.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

26.    Defendant admits that Attorney General Jeff Sessions issued a Memorandum regarding a Zero-Tolerance for Offenses Under 8 U.S.C. § 1325(a), dated April 6, 2018.  Defendant denies the remaining allegations.

27.    Defendant denies these allegations.

28.     Defendant admits that the quoted words appear in the cited documents. Defendant denies the remaining allegations.

29.     Defendant lacks information sufficient to form a belief as to these allegations.

30.     Defendant lacks information sufficient to form a belief as to these allegations.

31.     Defendant lacks information sufficient to form a belief as to these allegations.

32.     Defendant admits that the tweet referenced at paragraph 32b by President Donald J. Trump exists as quoted, but denies the allegation regarding the alleged intent of such tweet. Defendant lacks information sufficient to form a belief as to the other allegations at paragraphs 32a and 32c. Defendant denies the remaining allegations.

33.     Defendant denies these allegations.

34.     Defendant denies these allegations.

35.     Defendant admits that CBP made the initial determination of whether an adult alien was amenable to prosecution.  The remaining allegations of this paragraph are denied.

36.     Defendant admits that CBP has short-term custody facilities where apprehended aliens are processed.  Defendant denies the remaining allegations.

37.     Defendant lacks information sufficient to form a belief as to these allegations.

38.     Defendant lacks information sufficient to form a belief as to these allegations.

39.     Defendant lacks information sufficient to form a belief as to these allegations.

40.     Defendant lacks information sufficient to form a belief as to these allegations.

41.     Defendant lacks information sufficient to form a belief as to these allegations.

42.     Defendant admits that DHS separated some adults from children. Defendant lacks information sufficient to form a belief as to the remaining allegations.

43.     Defendant lacks information sufficient to form a belief as to these allegations.

44.     Defendant lacks information sufficient to form a belief as to these allegations.

45.     Defendant lacks information sufficient to form a belief as to these allegations.

46.     Defendant admits that some minors determined to be unaccompanied alien children were placed apart from their parents.  The remaining allegations are denied.

47.     Defendant admits that CBP transferred some adults to the custody of ICE. Defendant lacks information sufficient to form a belief as to the remaining allegations.

48.     Defendant admits that unaccompanied alien children are transferred to the custody of HHS.  Defendant further admits that the children believed to be those on

whose behalf this action is brought were classified as unaccompanied alien children pursuant to the William Wilberforce Trafficking Victims Protection Act of 2008 (TVPRA), 8 U.S.C. § 1232(b)(3).  Defendant lacks information sufficient to form a belief as to the remaining allegations.

49.     Defendant admits that some minors classified as unaccompanied alien children were placed in foster home settings.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

50.     Defendant lacks information sufficient to form a belief as to these allegations.

51.     Defendant lacks information sufficient to form a belief as to these allegations.

52.     Defendant lacks information sufficient to form a belief as to these allegations.

53.     Defendant admits that the quoted words are found in the cited document. Defendant denies the remaining allegations.

54.     Defendant admits that the quoted words are found in the cited document. Defendant denies the remaining allegations.

55.     Defendant admits that the quoted words are found in the cited document Defendant denies the remaining allegations.

56.     Defendant admits that there is no direct electronic interface between DHS's and HHS's computer systems for tracking individuals in their respective custody. Defendant lacks information sufficient to form a belief as to the remaining allegations.

57.     Defendant admits that the quoted words are found in the cited case. Insofar as the quotation is intended to be allegations, these allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, Defendant denies these allegations.

58.     Defendant denies these allegations.

59.     Defendant admits that President Trump signed Executive Order 13, 841 on June 20, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

60.     Defendant admits that the quoted words are found in the cited document.

61.     Defendant admits that Executive Order 13, 841 did not specify how families would be reunified.  Defendant denies the remaining allegations.

62.     Defendant admits that a June 26, 2018 Order in *Ms. L.* ordered the reunification of some families.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

63.     Defendant denies this allegation.

64.      Defendant admits that the quoted words are found in the cited document. Defendant denies the remaining allegations.

65.     Defendant admits that the Office of the Assistant Secretary for Preparedness and Response was involved in efforts to identify children separated from parents.  Defendant denies the remaining allegations.

66.     Defendant admits the quoted words are found in the cited document. Defendant admits that the processes for verifying information relating to family reunification changed.  Defendant denies the remaining allegations.

67.     Defendant admits that the quoted words exist in the cited case.  Insofar as this paragraph is intended as factual allegations, Defendant denies these allegations.

68.     These allegations are not statements of fact but are conclusions of law to which no response is required.  To the extent that an answer is required, Defendant denies the allegations.

69.     Defendant denies these allegations.

70.     Defendant lacks information sufficient to form a belief as to these allegations.

71.     Defendant admits that the persons believed to be C.M. and B.M. crossed the border between the ports of entry and were apprehended in Arizona by immigration officers, and taken to a short-term holding facility.  Defendant denies that they were held in a "hielera" or "icebox" as described in the Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

72.     Defendant lacks information sufficient to form a belief as to these allegations.

73.     Defendant lacks information sufficient to form a belief as to these allegations.

74.     Defendant admits that as a general matter, most personal items are removed from an alien's possession, bagged, and stored while the alien remains in CBP custody.

Defendant denies the persons believed to be C.M. and B.M. were held in a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

75.     Defendant lacks information sufficient to form a belief as to these allegations.

76.     Defendant denies the persons believed to be C.M. and B.M. were held in a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

77.     Defendant lacks information sufficient to form a belief as to these allegations.

78.     Defendant lacks information sufficient to form a belief as to these allegations.

79.     Defendant lacks information sufficient to form a belief as to these allegations.

80.     Defendant lacks information sufficient to form a belief as to these allegations.

81.     Defendant lacks information sufficient to form a belief as to these allegations.

82.     Defendant lacks information sufficient to form a belief as to these allegations.

83.     Defendant lacks information sufficient to form a belief as to these allegations.

84.     Defendant lacks information sufficient to form a belief as to these allegations.

85.     Defendant denies that the person believed to be C.M. was held in a "hielera" as described in the Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

86.     Defendant admits that the persons believed to be B.M. and C.M. were encountered on May 9, 2018.  Defendant admits that the person believed to be B.M. was placed into ORR's custody on May 11, 2018 and the person believed to be C.M. was booked into the Florence Staging Facility on May 15, 2018.  Defendant admits that the person believed to be C.M. was transferred to Eloy Federal Contract Facility (Eloy) on May 16, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

87.     Defendant admits that the persons believed to be C.M. and B.M. spoke over the telephone on May 17, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

88.     Defendant lacks information sufficient to form a belief as to these allegations.

89.     Defendant admits that the person believed to be C.M. was detained at Eloy from May 16, 2018 to May 18, 2018.  Defendant admits that the person believed to be C.M. was transferred by plane on May 18, 2018 to a facility in Las Vegas, Nevada.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

90.     Defendant lacks information sufficient to form a belief as to these allegations.

91.     Defendant lacks information sufficient to form a belief as to these allegations.

92.     Defendant lacks information sufficient to form a belief as to these allegations.

93.     Defendant lacks information sufficient to form a belief as to these allegations.

94.     Defendant lacks information sufficient to form a belief as to these allegations.

95.     Defendant lacks information sufficient to form a belief as to these allegations.

96.     Defendant admits the allegations in this paragraph, as they relate to the person believed to be C.M.

97.     Defendant admits that a preliminary injunction was issued on June 26, 2018.  Defendant denies the remaining allegations.

98.     Defendant lacks information sufficient to form a belief as to these allegations.

99.      Defendant denies that immigration officials "tore" the person believed to be B.M. from the arms of the person believed to be C.M.  Defendant admits that the person believed to be B.M. was flown to New York.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

100.    Defendant admits that on May 11, 2018, the person believed to be B.M. was placed in a foster home setting in New York, New York through Lutheran Social Services of Metropolitan New York, and that the person believe to be B.M. was only fluent in a Mam dialect. Defendant lacks information sufficient to form a belief as to the remaining allegations.

101.    Defendant admits that the person believed to be B.M. was placed in a foster home setting in New York; that on May 16, 2018, another minor in the foster home reported that B.M. was hit by an adult in the foster home setting; and that Lutheran Social Services of Metropolitan New York transferred B.M. to a new foster home and child protective services was notified of the incident.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

102.    Defendant admits that on or about May 16, 2018, Lutheran Social Services of Metropolitan New York transferred the person believed to be B.M. to a different foster home setting in New York.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

103.    Defendant admits that the person believed to be C.M. was transferred from Nevada to Port Isabel on July 18, 2018.  Defendant denies that the person believed to be C.M. was locked in a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

104.    Defendant denies the person believed to be C.M. was locked in a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

105.    Defendant denies that the person believed to be B.M. was transported to Port Isabel Detention Center in Texas on July 25, 2018.  Defendant denies the person believed to be C.M. was locked in a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

106.    Defendant admits that the persons believed to be C.M. and B.M. were reunified on July 26, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

107.    Defendant admits that on July 26, 2018, the persons believed to be C.M. and B.M. were reunified and transported to the Southern Texas Family Residential Center in Dilley, TX.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

108.    Defendant admits that on July 26, 2018, the persons believed to be C.M. and B.M. arrived at the Southern Texas Family Residential Center in Dilley, TX, and on November 18, 2018 they were released from the Southern Texas Family Residential Center.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

109.    Defendant denies that the Government "forcibly separated" the persons believed to be B.M. and C.M.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

110.    Defendant lacks information sufficient to form a belief as to these allegations.

111.    Defendant lacks information sufficient to form a belief as to these allegations.

112.    Defendant lacks information sufficient to form a belief as to these allegations.

113.    Defendant lacks information sufficient to form a belief as to these allegations.

114.    Defendant lacks information sufficient to form a belief as to these allegations.

115.    Defendant lacks information sufficient to form a belief as to these allegations.

116.    Defendant lacks information sufficient to form a belief as to these allegations.

117.    Defendant lacks information sufficient to form a belief as to these allegations.

118.    Defendant lacks information sufficient to form a belief as to these allegations.

119.    Defendant admits that the persons believed to be L.G. and B.G. crossed the border between the ports of entry.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

120.    Defendant admits that Border Patrol agents took the persons believed to be L.G. and B.G. into custody and transported them to the Yuma Station.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

121.   Defendant denies that the persons believed to be L.G. and B.G. were transferred to a "hielera" as described in this Complaint.  Defendant admits that Border Patrol agents took the persons believed to be L.G. and B.G. into custody and transported them to the Yuma Station.

122.   Defendant denies that the persons believed to be L.G. and B.G. were taken to a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

123.   Defendant lacks information sufficient to form a belief as to these allegations.

124.   Defendant lacks information sufficient to form a belief as to these allegations.

125.   Defendant lacks information sufficient to form a belief as to these allegations.

126.   Defendant lacks information sufficient to form a belief as to these allegations.

127.   Defendant lacks information sufficient to form a belief as to these allegations.

128.   Defendant lacks information sufficient to form a belief as to these allegations.

129.   Defendant lacks information sufficient to form a belief as to these allegations.

130. Defendant lacks information sufficient to form a belief as to these allegations.

131. Defendant admits that CBP separated the persons believed to be L.G. and B.G. Defendant lacks information sufficient to form a belief as to these allegations.

132. Defendant lacks information sufficient to form a belief as to these allegations.

133. Defendant lacks information sufficient to form a belief as to these allegations.

134. Defendant admits that the person believed to be L.G. was in CBP custody for approximately eight days. Defendant lacks information sufficient to form a belief as to the remaining allegations.

135. Defendant lacks information sufficient to form a belief as to these allegations.

136. Defendant lacks information sufficient to form a belief as to these allegations.

137. Defendant admits that the person believed to be L.G. was transported to Florence Staging Facility on May 28, 2018. Defendant denies the remaining allegations.

138. Defendant admits that the person believed to be L.G. was transferred to Los Angeles, California on May 28, 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

139.    Defendant admits that the person believed to be L.G. was transferred to Los Angeles, California on May 28, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

140.    Defendant admits that the person believed to be L.G. was transported to the James A. Musick Facility on May 30, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

141.    Defendant admits that the person believed to be L.G. was transported to the James A. Musick Facility on May 30, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

142.    Defendant denies that the person believed to be L.G. was held in a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

143.    Defendant admits that the person believed to be L.G. was transported to immigration court on June 15, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

144.    Defendant lacks information sufficient to form a belief as to these allegations.

145.    Defendant admits that the person believed to be L.G. was not deported after the June 15, 2018 hearing.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

146.    Defendant lacks information sufficient to form a belief as to these allegations.

147.   Defendant admits that the person believed to be L.G. spoke to the person believed to be B.G. by telephone on June 26, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

148.   Defendant lacks information sufficient to form a belief as to these allegations.

149.   Defendant lacks information sufficient to form a belief as to these allegations.

150.   Defendant admits that the person believed to be L.G. spoke to the person believed to be B.G. by telephone on July 12, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

151.   Defendants admits that the person believed to be L.G. was given the number for and able to call the HHS ORR case manager.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

152.   Defendant denies that the persons believed to be L.G. and B.G. were "forcibly separated."  Defendant admits that the person believed to be B.G. was placed at Southwest Key Programs, Inc.'s Hacienda Del Sol in Youngstown, Arizona.

153.   Defendant admits that on June 26, 2018, the person believed to be B.G. was able to make contact with her mother via telephone.  Defendant denies the remaining allegations.

154.   Defendant denies these allegations.

155.    Defendant admits that the person believed to be L.G. was transported on July 17, 2018 from Musick to Port Isabel in Texas.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

156.    Defendant admits that on July 24, 2018, the persons believed to be L.G and B.G were reunified at the South Texas Residential Center in Dilley, TX.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

157.    Defendant lacks information sufficient to form a belief as to these allegations.

158.    Defendant admits that the persons believed to be L.G. and B.G. were transferred to Dilley.

159.    Defendant admits that on November 1, 2018, the person believed to be B.M. was given a credible fear interview at the South Texas Family Residential Center in the Spanish language and that this interview resulted in a positive finding.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

160.    Defendant admits that the persons believed to be L.G. and B.G. were released from Dilley in November 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

161.    Defendant lacks information sufficient to form a belief as to these allegations.

162.    Defendant lacks information sufficient to form a belief as to these allegations.

163.   Defendant admits that during the time the person believed to be L.G. was at Dilley, L.G. complained of headaches.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

164.   Defendant lacks information sufficient to form a belief as to these allegations.

165.   Defendant lacks information sufficient to form a belief as to these allegations.

166.   Defendant denies these allegations.

167.   Defendant denies these allegations.

168.   Defendant denies these allegations.

169.   Defendant lacks information sufficient to form a belief as to these allegations.

170.   Defendant lacks information sufficient to form a belief as to these allegations.

171.   Defendant admits that the persons believed to be M.R. and J.R. crossed the border between the ports of entry.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

172.   Defendant denies that the persons believed to be M.R. and J.R. were taken to a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

173.     Defendant denies that the persons believed to be M.R. and J.R. were taken to a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

174.     Defendant denies this allegation.

175.     Defendant denies that the temperature was extremely cold. Defendant lacks sufficient information to form a belief as the remaining allegations.

176.     Defendant lacks information sufficient to form a belief as to these allegations.

177.     Defendant lacks information sufficient to form a belief as to these allegations.

178.     Defendants lacks information sufficient to form a belief as to these allegations.

179.     Defendants lacks information sufficient to form a belief as to these allegations.

180.     Defendant lacks information sufficient to form a belief as to these allegations.

181.     Defendant denies that Plaintiffs were in a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

182.     Defendant lacks information sufficient to form a belief as to these allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

183.    Defendant lacks information sufficient to form a belief as to these allegations.

184.    Defendant lacks information sufficient to form a belief as to these allegations.

185.    Defendant lacks information sufficient to form a belief as to these allegations.

186.    Defendants lacks information sufficient to form a belief as to these allegations.

187.    Defendant lacks information sufficient to form a belief as to these allegations.

188.    Defendant lacks information sufficient to form a belief as to these allegations.

189.    Defendant lacks information sufficient to form a belief as to these allegations.

190.    Defendant lacks information sufficient to form a belief as to these allegations.

191.    Defendant lacks information sufficient to form a belief as to these allegations.

192.    Defendant lacks information sufficient to form a belief as to these allegations.

193.    Defendant admits that the person believed to be J.R. was flown to New York.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

194.    Defendant denies that the persons believed to be M.R. and J.R. were forcibly separated.  Defendant admits that on May 12, 2018, the person believed to be M.R. was transported from the Florence Staging Facility to the Eloy Detention Center in Arizona.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

195.    Defendant lacks information sufficient to form a belief as to these allegations.

196.    Defendant admits that while at Dilley, the person believed to be M.R. complained of a headache on July 28, 2018 and on August 25, 2018.  Defendant denies the remaining allegations.

197.    Defendant admits that beginning on May 15, 2018, the person believed to be M.R. was provided multiple opportunities to speak with the person believed to be J.R. Defendant lacks information sufficient to form a belief as to the remaining allegations.

198.    Defendant lacks information sufficient to form a belief as to these allegations.

199.    Defendant lacks information sufficient to form a belief as to these allegations.

200.    Defendant admits that beginning on May 15, 2018, the person believed to be M.R. was provided multiple opportunities to speak with the person believed to be J.R. Defendant lacks information sufficient to form a belief as to the remaining allegations.

201.    Defendants lacks information sufficient to form a belief as to these allegations.

202.    Defendant admits that some calls to the HHS ORR case manager went unanswered.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

203.    Defendant lacks information sufficient to form a belief as to these allegations.

204.    Defendant admits these allegations, as they relate to the person believed to be M.R.

205.    Defendant admits that on or about June 21, 2018, the person believed to be M.R. appeared before an immigration judge.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

206.    Defendant admits that an order for removal was entered for the person believed to be M.R. on June 20, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

207.    Defendant admits that on June 27, 2018, the person believed to be M.R. signed a letter requesting to be removed with the person believed to be J.R.  Defendant also admits that on July 12, 2018, the person believed to be M.R. signed the election page

requesting to be removed with the person believed to be J.R.  Defendant lacks

information sufficient to form a belief as to the remaining allegations.

208.    Defendant lacks information sufficient to form a belief as to these

allegations.

209.    Defendant denies that the persons believed to be M.R. and J.R. were

forcibly separated.  Defendant admits that the person believed to be J.R. was transferred

by plane on May 10, 2018 from Yuma, Arizona to New York.  Defendant lacks

information sufficient to form a belief as to the remaining allegations.

210.    Defendant lacks information sufficient to form a belief as to these

allegations.

211.    Defendant admits that the person believed to be J.R. was transferred to

Cayuga Home for Children d/b/a Cayuga Centers, in Bronx, New York, where he was

placed in a foster home setting until released to the person believed to be M.R. on July

27, 2018. Defendant denies the remaining allegations.

212.     Defendant lacks information sufficient to form a belief as to these

allegations.

213.    Defendant lacks information sufficient to form a belief as to the remaining

allegations.

214.    Defendant admits that the person believed to be M.R. was transferred from

the Eloy Detention Center on July 24, 2018.  Defendant lacks information sufficient to

form a belief as to the remaining allegations.

215.    Defendant lacks information sufficient to form a belief as to these allegations.

216.    Defendant lacks information sufficient to form a belief as to these allegations.

217.    Defendant admits that the person believed to be M.R. was transferred from the Eloy Detention Center to the Phoenix District Office on July 24, 2018.  Defendant denies that the person believed to be M.R. was taken to a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

218.    Defendant denies that the person believed to be M.R. was in a "hielera" as described in this Complaint.  Defendant admits that the persons believed to be M.R. and J.R. were reunified on July 26, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

219.    Defendant admits that the persons believed to be M.R. and J.R. were transferred together to the South Texas Residential Center in Dilley, Texas on July 28, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

220.    Defendant lacks information sufficient to form a belief as to these allegations.

221.    Defendant denies these allegations.

222.   Defendant admits that on November 20, 2018, the persons believed to be M.R. and J.R. were released from the South Texas Residential Center in Dilley, Texas. Defendant lacks information sufficient to form a belief as to the remaining allegations.

223.   Defendant lacks information sufficient to form a belief as to these allegations.

224.   Defendant denies these allegations.

225.   Defendant lacks information sufficient to form a belief as to these allegations.

226.   Defendant admits that while at Dilley, the person believed to be M.R. complained of a headache on July 28, 2018, August 19, 2018, and August 25, 2018. Defendant denies the remaining allegations.

227.   Defendant admits that while at Dilley, the person believed to be M.R. complained of a headache on July 28, 2018, August 19, 2018, and August 25, 2018. Defendant denies the remaining allegations.

228.   Defendant lacks information sufficient to form a belief as to these allegations.

229.   Defendant denies these allegations.

230.   Defendant lacks information sufficient to form a belief as to these allegations.

231.   Defendant lacks information sufficient to form a belief as to these allegations.

232.   Defendant lacks information sufficient to form a belief as to these allegations.

233.   Defendant lacks information sufficient to form a belief as to these allegations.

234.   Defendant lacks information sufficient to form a belief as to these allegations.

235.   Defendant admits the persons believed to be O.A and L.A. crossed the border between the ports of entry.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

236.   Defendant admits that on or around May 11, 2018, the persons believed to be O.A. and L.A. were apprehended in Arizona and taken into custody.  Defendant denies they were escorted to a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

237.   Defendant admits that as a general matter, most personal items are removed from an alien's possession, bagged, and stored while the alien remains in CBP custody. Defendant lacks information sufficient to form a belief as to the remaining allegations.

238.   Defendant denies these allegations.

239.   Defendant lacks information sufficient to form a belief as to these allegations.

240.   Defendants lacks information sufficient to form a belief as to these allegations.

241. Defendant lacks information sufficient to form a belief as to these allegations.

242. Defendant lacks information sufficient to form a belief as to these allegations.

243. Defendant lacks information sufficient to form a belief as to these allegations.

244. Defendant lacks information sufficient to form a belief as to these allegations.

245. Defendant lacks information sufficient to form a belief as to these allegations.

246. Defendant lacks information sufficient to form a belief as to these allegations.

247. Defendant lacks information sufficient to form a belief as to these allegations.

248. Defendant lacks information sufficient to form a belief as to these allegations.

249. Defendant lacks information sufficient to form a belief as to these allegations.

250. Defendant lacks information sufficient to form a belief as to these allegations.

251.    Defendant denies that the person believed to be L.A. was "forcibly ripped" from the arms of the person believed to be O.A.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

252.    Defendant lacks information sufficient to form a belief as to these allegations.

253.    Defendant lacks information sufficient to form a belief as to these allegations.

254.    Defendant lacks information sufficient to form a belief as to these allegations.

255.    Defendant denies that the persons believed to be O.A. and L.A. were forcibly separated.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

256.    Defendant admits that the person believed to be O.A. was transferred from the Florence Staging Facility in Arizona to the Santa Cruz County Detention Center in Arizona on May 15, 2018.  Defendant denies the remaining allegations.

257.    Defendant lacks information sufficient to form a belief as to these allegations.

258.    Defendant admits that the person believed to be O.A. was transferred on May 18, 2018 from the Santa Cruz County Detention Center to the Nevada Southern Detention Center in Nevada.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

259.   Defendant lacks information sufficient to form a belief as to these allegations.

260.   Defendant denies that the persons believed to be O.A. and L.A. were forcibly separated.  Defendant admits that on August 15, 2018, the person believed to be O.A. called her brother who had custody of the person believed to be L.A. as of July 1, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

261.   Defendant denies that the persons believed to be O.A. and L.A. were forcibly separated. Defendant lacks information sufficient to form a belief as to the remaining allegations.

262.   Defendant lacks information sufficient to form a belief as to these allegations.

263.   Defendant admits that the person believed to be the maternal uncle of L.A. applied to sponsor the person believed to be L.A.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

264.   Defendant admits that on June 28, 2018, the person believed to be O.A. received a credible fear interview in the Spanish language at the Nevada Southern Detention facility.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

265.   Defendant admits that on July 1, 2018, the person believed to be L.A. was transported to Florida, and released to the person believed to be the maternal uncle of

L.A.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

266.    Defendant admits that in mid-July 2018 an immigration judge sustained the asylum officer's determination that the person believed to be O.A. had not established a credible fear of persecution.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

267.    Defendant admits that the person believed to be O.A. was transferred to the Henderson Detention Center in Las Vegas, Nevada on August 21, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

268.    Defendant lacks information sufficient to form a belief as to these allegations.

269.    Defendant admits that the person believed to be O.A. was transferred to the Henderson Detention Center in Las Vegas, Nevada.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

270.    Defendant admits that on August 22, 2018, the person believed to be O.A. was served with a Notice to Alien of File Custody Review and Warning for Failure to Depart (Form I-229a).  Defendant lacks information sufficient to form a belief as to the remaining allegations.

271.    Defendant denies these allegations.

272.    Defendant admits that the person believed to be O.A. was transferred from the Nevada Southern Detention Center to the Florence Staging Facility in Arizona. Defendant lacks information sufficient to form a belief as to the remaining allegations.

273.     Defendant admits that the person believed to be O.A. was transferred from the Eloy Detention Center in Arizona to the Florence Staging Facility in Arizona. Defendant lacks information sufficient to form a belief as to the remaining allegations.

274.     Defendant lacks information sufficient to form a belief as to these allegations.

275.     Defendant admits that the person believed to be O.A. was given the opportunity to contact her brother by telephone on August 15, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations

276.     Defendant admit that the attorney for the person believed to be O.A. filed a motion for emergency stay of removal with the United States District Court for the District of Nevada on August 9, 2019.  Defendant further admits that the Court granted the person believed to be O.A.'s motion for emergency stay of removal on August 16, 2018.

277.     Defendant admits that the person believed to be O.A. was transferred to the Henderson Detention Center in Nevada from the Eloy Detention Center in Arizona on August 20, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations

278.     Defendant admits this allegation.

279.     Defendant lacks information sufficient to form a belief as to these allegations.

280.     Defendant lacks information sufficient to form a belief as to these allegations.

281.   Defendant denies that the persons believed to be O.A. and L.A. were forcibly separated.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

282.   Defendant admits that the person believed to be L.A was placed in ORR custody on May 15, 2018 and placed at Cayuga Home for Children d/b/a Cayuga Centers, in Bronx, New York, in a foster home setting.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

283.   Defendant admits that on June 13, 2018, the person believed to be L.A. was referred for medical care due to a sore throat, nose bleed and fever.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

284.   Defendant admits that on June 15, 2018, the person believed to be L.A. sought medical treatment.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

285.   Defendant admits that on June 18, 2018, the person believed to be L.A. was referred again for medical treatment for nose bleeding, pus in her ear and crying, and was given ibuprofen and amoxicillin for an ear infection.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

286.   Defendant admits that on June 26, 2018, the person believed to be L.A. was referred to the emergency room for concerns of cellulitis in the left forearm. Defendant lacks information sufficient to form a belief as to the remaining allegations.

287.   Defendant admits this allegation as it relates to the person believed to be O.A.

288.   Defendant admits that the persons believed to be L.A. and O.A. were reunified at the Southern Texas Family Residential Center in Dilley, Texas on September 13, 2018.  Defendants lacks information sufficient to form a belief as to the remaining allegations.

289.   Defendant lacks information sufficient to form a belief as to these allegations.

290.   Defendant lacks information sufficient to form a belief as to these allegations.

291.   Defendant admits that the persons believed to be O.A. and L.A. were released from the Southern Texas Family Residential Center on November 16, 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations.

292.   Defendant lacks information sufficient to form a belief as to these allegations.

293.   Defendant lacks information sufficient to form a belief as to these allegations.

294.   Defendant lacks information sufficient to form a belief as to these allegations.

295.   Defendant lacks information sufficient to form a belief as to these allegations.

296.   Defendant lacks information sufficient to form a belief as to these allegations.

297.   Defendant admits that medical personnel conducted intake screenings and a physical examination.  Defendant denies the remaining allegations.

298.   Defendant lacks information sufficient to form a belief as to these allegations.

299.   Defendant lacks information sufficient to form a belief as to these allegations.

300.   Defendant denies these allegations.

301.   Defendant lacks information sufficient to form a belief as to these allegations.

302.   Defendant lacks information sufficient to form a belief as to these allegations.

303.   Defendant lacks information sufficient to form a belief as to these allegations.

304.   Defendant admits that the persons believed to be V.C and G.A. crossed the border between the ports of entry.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

305.   Defendant admits that the persons believed to be V.C. and G.A. were apprehended in Arizona by immigration officials.  Defendant denies that the persons believed to be V.C. and G.A. were taken to a "hielera" as described in the Complaint. Defendant lacks information sufficient to form a belief as to the remaining allegations.

306.   Defendant denies that the persons believed to be V.C. and G.A. were taken to a "hielera" as described in the Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

307.   Defendant lacks information sufficient to form a belief as to these allegations.

308.   Defendant lacks information sufficient to form a belief as to these allegations.

309.   Defendant lacks information sufficient to form a belief as to these allegations.

310.   Defendant lacks information sufficient to form a belief as to these allegations.

311.   Defendant lacks information sufficient to form a belief as to these allegations.

312.   Defendant denies that the persons believed to be V.C. and G.A. were kept in a "hielera" as described in this Complaint.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

313.   Defendant lacks information sufficient to form a belief as to these allegations.

314.   Defendant lacks information sufficient to form a belief as to these allegations.

315.   Defendant lacks information sufficient to form a belief as to these allegations.

1

2

316.   Defendant lacks information sufficient to form a belief as to these allegations.

3

4

5

317.   Defendant lacks information sufficient to form a belief as to these allegations.

6

7

318.   Defendant lacks information sufficient to form a belief as to these allegations.

8

9

10

319.   Defendant lacks information sufficient to form a belief as to these allegations.

11

12

320.   Defendant lacks information sufficient to form a belief as to these allegations.

13

14

15

321.   Defendant lacks information sufficient to form a belief as to these allegations.

16

17

322.   Defendant lacks information sufficient to form a belief as to these allegations.

18

19

20

323.   Defendant lacks information sufficient to form a belief as to these allegations.

21

22

324.   Defendant lacks information sufficient to form a belief as to these allegations.

23

24

25

325.   Defendant lacks information sufficient to form a belief as to these allegations.

26

27

326.   Defendant lacks information sufficient to form a belief as to these allegations.

28

327.     Defendant lacks information sufficient to form a belief as to these allegations.

328.     Defendant lacks information sufficient to form a belief as to these allegations.

329.     Defendant lacks information sufficient to form a belief as to these allegations.

330.     Defendant lacks information sufficient to form a belief as to these allegations.

331.     Defendant admits that the person believed to be V.C. arrived at Santa Cruz County Jail on May 14, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

332.     Defendant lacks information sufficient to form a belief as to these allegations.

333.     Defendant admits that the person believed to be V.C. was transferred to the Florence Staging Facility in Arizona from the Santa Cruz County Jail on May 17, 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations.

334.     Defendant lacks information sufficient to form a belief as to these allegations.

335.     Defendants lacks information sufficient to form a belief as to these allegations.

336.    Defendant admits that the person believed to be V.C. was transferred to the Nevada Southern Detention Center (NSDC) in Las Vegas, Nevada on May 18, 2018. Defendant lacks information sufficient to form a belief as to the remaining allegations.

337.    Defendant lacks information sufficient to form a belief as to these allegations.

338.    Defendant admits that the person believed to be V.C. was transferred to Las Vegas, Nevada on May 18, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

339.    Defendant admits that the person believed to be V.C. was transferred to the Nevada Southern Detention Center on May 18, 2018.  Defendant lacks information sufficient to form a belief as to these allegations.

340.    Defendant lacks information sufficient to form a belief as to these allegations.

341.    Defendant admits that on June 5, 2018, the person believed to be V.C. had a hearing before an immigration judge.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

342.    Defendant lacks information sufficient to form a belief as to these allegations.

343.    Defendant lacks information sufficient to form a belief as to these allegations.

344.    Defendant lacks information sufficient to form a belief as to these allegations.

345.    Defendant lacks information sufficient to form a belief as to these allegations.

346.    Defendant admits that the person believed to be V.C. was detained at Nevada Southern Detention Center from May 18, 2018 until July 18, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

347.    Defendant lacks information sufficient to form a belief as to these allegations.

348.    Defendant admits that the person believed to be V.C. requested a telephone call with the person believed to be G.A.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

349.    Defendant lacks information sufficient to form a belief as to these allegations.

350.    Defendant lacks information sufficient to form a belief as to these allegations.

351.    Defendant admits that the persons believed to be V.C. and G.A. spoke via telephone on July 6, 2018.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

352.    Defendant lacks information sufficient to form a belief as to these allegations.

353.    Defendant admits that the person believed to be G.A. was placed at Cayuga Home for Children d/b/a Cayuga Centers, in Bronx, New York.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

354.   Defendant lacks information sufficient to form a belief as to these allegations.

355.   Defendant denies that the person believed to be G.A. was forcibly separated from the person believed to be V.C.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

356.   Defendant admits that the person believed to be G.A. was placed in ORR custody on May 11, 2018 and placed at Cayuga Home for Children d/b/a Cayuga Centers, in Bronx, New York, in a foster home setting until he was released to the person believed to be V.C. on July 25, 2018.   Defendant lacks information sufficient to form a belief as to the remaining allegations.

357.   Defendant admits that the person believed to be G.A. was placed in a foster home setting.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

358.   Defendant admits that on July 6, 2018, the person believed to be G.A. spoke to the person believed to be V.C.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

359.   Defendant admits that the person believed to be V.C. was transferred from Nevada Southern Detention Center to Port Isabel Service Processing Center on July 18, 2018.  Defendant also admits that an injunction was issued in the cited case.  Defendant lacks information sufficient to form a belief as to the remaining allegations.

360.   Defendant admits that the persons believed to be V.C. and G.A. were reunified on or around July 25, 2018.  Defendant denies the remaining allegations.

361.    Defendant lacks information sufficient to form a belief as to these allegations.

362.    Defendant admits that the persons believed to be V.C. and G.A. were at the Southern Texas Residential Center in Dilley, Texas.  Defendant denies the remaining allegations.

363.    Defendants admit that the person believed to be G.A. was provided a credible fear interview at the South Texas Family Residential Center which resulted in a positive finding.  Defendant lacks information sufficient to form a belief as to the remaining allegations

364.    Defendant admits that the persons believed to be V.C. and G.A. were released on November 30, 2018.  Defendant denies the remaining allegations.

365.    Defendant lacks information sufficient to form a belief as to these allegations.

366.    Defendant lacks information sufficient to form a belief as to these allegations.

367.    Defendant lacks information sufficient to form a belief as to these allegations.

368.    Defendant lacks information sufficient to form a belief as to these allegations.

369.    Defendant lacks information sufficient to form a belief as to these allegations.

370.   Defendant lacks information sufficient to form a belief as to these allegations.

371.   Defendant lacks information sufficient to form a belief as to these allegations.

372.   Defendant lacks information sufficient to form a belief as to these allegations.

373.   Defendant lacks information sufficient to form a belief as to these allegations.

374.   Defendant lacks information sufficient to form a belief as to these allegations.

375.   Defendant lacks information sufficient to form a belief as to these allegations.

376.   Defendant lacks information sufficient to form a belief as to these allegations.

377.   Defendant admits that medical personnel conducted scheduled weekly mental health well-child-checks of the person believed to be G.A. at Dilley.  Defendant denies the remaining allegations.

378.   Defendant lacks information sufficient to form a belief as to these allegations.

379.   Defendant lacks information sufficient to form a belief as to these allegations.

380.   Defendant lacks information sufficient to form a belief as to these allegations.

381.   Defendant admits that medical personnel prescribed medication for the person believed to be G.A.  Defendant lacks sufficient information to form a belief as the remaining allegations.

382.   Defendant lacks information sufficient to form a belief as to these allegations.

383.   Defendant lacks information sufficient to form a belief as to these allegations.

384.   Defendant lacks information sufficient to form a belief as to these allegations.

385.   Defendant lacks information sufficient to form a belief as to these allegations.

386.   Defendant lacks information sufficient to form a belief as to these allegations.

387.   These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

388.   These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

389.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

390.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations

391.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

392.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

393.    These allegations are not statements of fact but are conclusions of law to which no answer is required.  To the extent an answer is required, Defendant denies these allegations.

### Prayer for Relief

Plaintiffs' prayer for relief requires no response, but Defendant denies that Plaintiffs are entitled to any of the relief sought from Defendant in Plaintiffs' Complaint.


Dated: May 13, 2020                    Respectfully Submitted,


                                       JAMES G. TOUHEY, JR.
                                       Director, Torts Branch

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_s/Phil MacWilliams_
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
THEODORE W. ATKINSON
Trial Attorney
D.C. Bar No. 458963
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285

Attorneys for the United States of America

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2020, I electronically transmitted the attached document

to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic

Filing to the following CM/ECF registrants:

**Diana E. Reiter**
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019
**David B. Rosenbaum**
OSBORN MALEDON, P.A.
2929 North Central Avenue
21st Floor
Phoenix, AZ 85012-2793

*s/Phil MacWilliams*
PHILIP D. MACWILLIAMS
Attorney for United States of America