David B. Rosenbaum, 009819
Emma J. Cone-Roddy, 034285
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
econe-roddy@omlaw.com

*Counsel for Plaintiffs (Additional Counsel for Plaintiffs Listed on the Signature Page)*

Philip D. MacWilliams
Theodore W. Atkinson
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station
P.O. Box 888
Washington, D.C. 20044
(202) 616-4285
phil.macwilliams@usdoj.gov
theodore.atkinson@usdoj.gov

*Counsel for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., | No. 2:19-cv-05217-SRB <br><br> **JOINT CASE MANAGEMENT REPORT** |
| Plaintiffs, | |
| v. | |
| United States of America, | |
| Defendant. | |

Pursuant to the Court's Order of May 15, 2020 (Dkt. No. 38) and Federal Rule of Civil Procedure 26(f), on June 4, 2020, the parties met and conferred via telephone concerning the items listed in the Court's Order and Rule 26(f).  The parties respectfully submit this Joint Proposed Case Management Report.

1. **Parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report**

The following counsel attended the Rule 26(f) meeting on behalf of Plaintiffs:

    Jonathan H. Feinberg

    Harry K. Fidler (*Pro hac vice* application forthcoming)

    Diana Reiter

    David B. Rosenbaum

    Emma J. Cone-Roddy

    Erik Walsh

The following counsel attended the Rule 26(f) meeting on behalf of Defendant:

    Theodore W. Atkinson

    Philip D. MacWilliams

    Walter E. Parker

    James M. McConnon

2. **List of parties in the case**

Plaintiffs (identified by pseudonym, as permitted by the Court's Order dated September 23, 2019 (Dkt. No. 7)):

    C.M., on her own behalf and on behalf of her minor child, B.M.

    L.G., on her own behalf and on behalf of her minor child, B.G.

    M.R., on her own behalf and on behalf of her minor child, J.R.

    O.A., on her own behalf and on behalf of her minor child, L.A.

    V.C., on her own behalf and on behalf of her minor child, G.A.

Defendant:

United States of America

3. **Statement of the nature of the case**

**Plaintiffs' statement**

The Court has addressed the facts alleged in Plaintiffs' Complaint and Plaintiffs' legal claims in its Order of March 30, 2020 denying Defendant's motion to dismiss (Dkt. No. 31).  Plaintiffs are five mothers and their respective children who in or around May 2018 were forcibly separated by federal officers while detained at various immigration detention facilities in Arizona.  Each family remained separated for more than two months.  During that time, the federal government provided only limited information to each mother about her child's whereabouts and well-being and afforded only minimal opportunities for each mother and child to communicate.  As a result of the separations, Plaintiffs suffered, and continue to suffer, substantial trauma. The separations were carried out pursuant to a policy developed at the highest levels of the federal government that was specifically intended to cause emotional trauma to families so as to deter noncitizens from seeking asylum in the United States. Plaintiffs bring two causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680: (1) intentional infliction of emotional distress ("IIED"); and (2) negligence.

**Defendant's statement**

Plaintiffs – five adult female aliens suing on behalf of themselves and their respective alien children – illegally crossed the border into the United States in Arizona with their children in May 2018.  They did so at a time when the Department of Homeland Security ("DHS") had been directed by the President of the United States to exercise its federal statutory authority to detain aliens during the pendency of their immigration proceedings and after the Attorney General had directed federal prosecutors to adopt a "zero-tolerance" policy for immigration offenses referred for

prosecution under 8 U.S.C. § 1325(a) as well as other criminal immigration statutes. Plaintiffs were amenable to prosecution under 8 U.S.C. § 1325(a) and were detained pending decisions regarding criminal prosecutions. Plaintiffs subsequently were detained by U.S. Immigration and Customs Enforcement ("ICE") in secure adult detention facilities pending removal proceedings.  Plaintiffs' minor children were determined to be "unaccompanied alien children" ("UACs") pursuant to 6 U.S.C. § 279(g)(2), and were placed in the care and custody of the Office of Refugee Resettlement ("ORR"), a component of the U.S. Department of Health and Human Services ("HHS") pursuant to the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 8 U.S.C. § 1232(b)(3).  After being separated for more than two months, Plaintiffs and their children were reunified and released.  The United States maintains that the separations of Plaintiffs from their children were pursuant to the execution of federal criminal and immigration laws and the United States is thus immune from suit under the FTCA.  The United States further maintains that Plaintiffs have not pleaded actionable claims under applicable state law.

### 4.  Jurisdictional basis for the case

Plaintiffs assert that the Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1346(b).  The United States maintains that the Court lacks subject matter jurisdiction over Plaintiffs' claims for the reasons asserted in its motion to dismiss (ECF No. 18, 25).

### 5.  Parties which have not been served

All parties have been served.

### 6.  Statement whether any party expects to add additional parties or amend pleadings

No party expects to add additional parties or amend the pleadings.

**7.  Listing of contemplated motions**

Based on the current state of the record, the parties anticipate motion practice concerning a protective order.

**8.  Whether the case is suitable for reference to a Magistrate Judge**

The parties do not consent to reference to a Magistrate Judge for trial.  The parties agree that the case may be suitable for reference to a Magistrate Judge for a settlement conference at a later date.  *See infra* ¶¶ 16(d), 18.

**9.  Status of related cases**

The matter of *A.P.F. et al. v. United States*, No. 2:20-cv-00065-SRB, which involves claims similar to those brought by Plaintiffs in this case, is pending before this Court.  Defendant in that case filed a motion to dismiss on March 17, 2020 and the plaintiffs filed their opposition on May 18.  The plaintiffs filed a motion for leave to file an amended complaint on May 11, 2020, which Defendant opposed on May 26, 2020.  The plaintiffs filed a reply on June 2, 2020.

**10.  Discussion of issues related to electronically stored information**

The parties are in the process of negotiating an agreement regarding the production of electronically stored information and will be prepared to update the Court on the status of those negotiations at the case management conference.

**11.  Discussion of issues related to claims of privilege or work product**

The parties agree that a Fed. R. Evid. 502 claw back order is warranted in this case.  The parties are in the process of meeting and conferring concerning that issue, and will submit a proposed order to the Court.  The parties will be prepared to update the Court on the status of these discussions at the case management conference.

**12. Discussion of an order under Fed. R. Evid. 502(d)**

*See supra* ¶ 11.

**13. Discussion of the parties' compliance with the MIDP**

Plaintiffs will serve their MIDP responses by June 12, 2020.  Defendant will serve its MIDP responses by June 12, 2020.  To date, no issues have arisen concerning the parties' compliance with the MIDP.

**14. Discussion of necessary discovery**

    **a.  Extent, nature, and location of discovery**

**Plaintiffs**

Plaintiffs require documentary discovery and deposition testimony concerning the following subject areas:

- The creation, development, and implementation of the federal government's family separation policy/decision to separate large numbers of families at the Southwestern border, including any pilot programs involving family separation;

- The reasons and motivation underlying the government officials' decision to implement the family separation policy/decision to separate large numbers of families at the Southwestern border;

- Government officials' knowledge that separating children from parents would cause the parents and children emotional harm;

- The connection, if any, between the family separation policy/decision to separate large numbers of families at the Southwestern border and the

6

"Zero Tolerance" policy and/or the practice known as "catch and release";

- The process and decision-making surrounding the referral of parents for prosecution pursuant to 8 U.S.C. §1325, including the decision-making surrounding which parents to refer for prosecution;

- Government officials' consideration of the impact of the family separation policy/decision to separate large numbers of families at the Southwestern border on persons separated under the policy;

- Government policies and practices concerning the care of persons in immigration detention;

- Government policies and practices concerning the care of children in the custody of the U.S. Office of Refugee Resettlement ("ORR"), including the policies and practices of the facilities that contracted with ORR and provided care for Plaintiffs' children;

- Government  policies and practices, if any, regarding the tracking of children separated under the family separation policy/decision to separate large numbers of families at the Southwestern border;

-  Government policies and practices, if any, regarding communication between parents and children separated under the family separation policy/decision to separate large numbers of families at the Southwestern border;

- Government policies and practices, if any, regarding the reunification of parents and children separated under the family separation policy

decision to separate large numbers of families at the Southwestern border;

- Government officials' decisions not to prosecute each of the five Plaintiffs mothers under 8 U.S.C. §1325;

- Government officials' decisions to separate each of the five Plaintiffs from their respective five children;

- The manner in which government officials carried out the separation of each of the five Plaintiffs from their respective five children;

- The manner in which government officials transferred each of the five Plaintiffs' children to ORR shelters;

- Government officials' decisions where to place each of the five Plaintiff children, including the decision to place them in shelters far from their mothers;

- Government officials' actions, if any, to track each of the five Plaintiffs' children after they were separated from Plaintiffs;

- Government officials' actions, if any, to ensure that Plaintiff mothers were or were not deported without their children;

- Government officials' actions, if any, to provide means of communication between each of the five Plaintiffs and their respective five children after they were separated from Plaintiffs;

- Government officials' actions, if any, regarding the reunification of each of the five Plaintiffs and their respective five children;

- The conditions of the government or government-contracted facilities in which the government detained each of the five Plaintiffs and their respective five children;

- Government officials' treatment of each of the five Plaintiffs and their respective five children during the course of their respective detentions; and

- Information in the government's possession concerning physical, medical, and psychological harms suffered by each of the five Plaintiffs and their respective five children as a result of their separation.

This compilation of subject areas is proportional to the needs of the case as provided in Fed. R. Civ. P. 26(b)(1).  The issues at stake in the action are of great public importance as they involve a policy enacted at the highest level of the federal government that received broad public attention.  Plaintiffs have alleged that they and their children suffered severe emotional trauma and other harms, some of which may be permanent, and, as such, the potential damages are substantial.  Information relevant to Plaintiffs' claims is in the possession of government officials, and, given the nonpublic nature of the policymaking process, Plaintiffs have minimal access to that information without the use of discovery permitted under the Federal Rules of Civil Procedure.  Given these factors, the burden and expense of the proposed discovery does not outweigh its likely benefit in permitting the parties to efficiently resolve the case through settlement discussions or trial.

**Defendant**

The United States asserts that the scope of discovery described by Plaintiffs is overbroad and unduly burdensome.  The United States notes that any such discovery may be subject to attorney-client privilege, work production protection as defined by

Fed. R. Civ. P. 26(b), governmental privileges, including, but not limited to, deliberative process privilege, law enforcement privilege, executive privilege, and other privileges the United States may invoke, or any other applicable privileges or protection.  Furthermore, insofar as Plaintiffs intend to seek discovery from current or former cabinet-level government officials, advisors to the President, or the President, such discovery should not proceed unless and until Plaintiffs demonstrate the requisite heightened need for such discovery, and that such discovery cannot be obtained through some other source that is more convenient and less burdensome.

The United States requires documentary discovery and deposition testimony concerning the following subject areas:

- Information regarding the entry of Plaintiffs and their five children into the United States and the apprehensions of Plaintiffs and their respective five children.

- Information regarding the circumstances experienced by Plaintiffs and their children in their home country that allegedly led to their decision to enter the United States, and the extent to which said circumstances contribute to the alleged physical, medical, emotional, and/or psychological harms experienced by Plaintiffs and their five children.

- Information regarding communications and other contacts between Plaintiffs and their children during their separations.

- Information regarding the alleged physical, medical, emotional, and/or psychological harms suffered by each of the Plaintiffs and their respective children as a result of their separations.

This discovery is proportional to the needs of the case as provided in Fed. R. Civ. P. 26(b)(1). Plaintiffs have brought claims arising out of the separations from their children following their entry into the United States, and it is imperative that the United States seek discovery from Plaintiffs regarding the circumstances of their entry, apprehension, detentions, and separations, as well as the alleged harms resulting from those separations. This information is within the knowledge of Plaintiffs and their children, and the United States does not have access to it without the use of discovery permitted under the Federal Rules of Civil Procedure. The burden and expense of the proposed discovery does not outweigh its likely benefit in permitting the parties to efficiently resolve the case through settlement discussions or trial.

**b. Suggested changes to the discovery limitations imposed by the Federal Rules of Civil Procedure**

The parties request that the limit on depositions set forth in Fed. R. Civ. P. 30(a)(2)(A)(i) be increased.

**Plaintiffs' statement regarding depositions:**

Based on their initial estimates and without the benefit of Defendant's MIDP responses, Plaintiffs anticipate that they may require a total of approximately 40 depositions, likely broken down as follows:

- Five depositions for each Plaintiff and her respective child (for a total of 25) concerning, among other subject areas, the circumstances of each Plaintiff's separation and detention, the placement of each Plaintiff's child in ORR shelters, each Plaintiff's ability to communicate with her child during their separation, and each Plaintiff's reunification with her child.

- Fifteen depositions collectively for all Plaintiffs concerning the government's creation, development, and implementation of the family separation policy/decision to separate large numbers of families at the Southwestern border, including any pilot programs involving family separation.

**Defendant's statement regarding depositions:**

The United States proposes that Plaintiffs be limited to a total of eighteen (18) depositions, consisting of: (1) three (3) depositions for each Plaintiff and her child (for a total of 15) concerning, among other subject areas, the circumstances of each Plaintiff's separation and detention, the placement of each Plaintiff's child, each Plaintiff's ability to communicate with her child during their separation, and each Plaintiff's reunification with her child; and (2) three (3) depositions collectively for all Plaintiffs concerning the development and implementation of the decision to execute federal law and separate adults and minors at the Southwestern border, including any pilot program.  Regarding the former category, three (3) depositions for each Plaintiff is sufficient because the apprehensions, separations and placements were effectuated by three agencies or sub-agencies – Customs and Border Patrol ("CBP"), Immigration and Customs Enforcement ("ICE"), and Health and Human Services ("HHS").  Regarding the latter category, three (3) depositions for all Plaintiffs is sufficient because the development and implementation of the decision-making relating to the

separations of adult aliens and minors likewise involved three (3) federal agencies – the Department of Justice ("DOJ"), the Department of Homeland Security ("DHS"), and HHS. Moreover, Plaintiffs do not need fifteen depositions relating to alleged policies and practices, as such subject matter can be addressed through Fed. R. Civ. P. 30(b)(6) depositions.

The United States requests the same number of depositions ultimately permitted Plaintiffs, of which ten (10) would be for the five Plaintiffs and their five respective children.

### c.  Number of hours permitted for each deposition

The parties agree that each deposition shall be subject to the presumptive limit of one day of seven hours as provided in Fed. R. Civ. P. 30(d)(1).

### 15.  Statement of when the parties served their MIDP discovery responses

The parties will serve their MIDP discovery responses by June 12, 2020.

### 16.  Proposed deadlines

The parties propose the following deadlines:

### a.  Completion of fact discovery and supplementation of MIDP discovery responses

June 11, 2021

### b.  Expert disclosures under Fed. R. Civ. P. 26(a)(2)(A)-(C)

Affirmative expert disclosures: August 13, 2021

Rebuttal expert disclosures: September 24, 2021

Supplemental expert disclosures: October 22, 2021

    **c.  Completion of expert depositions**

       December 23, 2021

    **d.  Face-to-face good faith settlement negotiations**

       June 12, 2021 (by the completion of fact discovery)

    **e.  Filing of dispositive motions**

       January 29, 2022

**17. Whether a jury trial has been requested**

Plaintiffs have not requested a jury trial as the FTCA provides that all actions shall be tried by the Court without a jury.  28 U.S.C. § 2402.

**18. The prospects for settlement**

The parties believe that they will be able to assess prospects for settlement of the case after the completion of fact discovery.

**19.  Any other matters that will aid the Court in resolving the case**

The United States has filed a motion to certify this court's Order dated March 30, 2020 (ECF No. 31), for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (ECF No. 40).

Additionally, in light of Defendant's intent to depose Plaintiffs' minor children, the parties will meet and confer to discuss which limitations, if any, on such depositions would be appropriate.

1   Respectfully submitted this 11th day of June, 2020.

2

3                                          s/ Diana Reiter
4                                          Diana Reiter*
                                           Erik Walsh*
5                                          Lucy McMillan*
                                           Harry K. Fidler**
6                                          Kathryn Campbell**
                                           Kaitlyn Schaeffer*
7                                          Arnold & Porter Kaye Scholer LLP
8                                          250 West 55th Street | New York, New York
                                           10019-9710
9                                          212-836-8000
10                                         diana.reiter@arnoldporter.com
                                           erik.walsh@arnoldporter.com
11                                         lucy.mcmillan@arnoldporter.com
                                           harry.fidler@arnoldporter.com
12                                         katie.campbell@arnoldporter.com
                                           kaitlyn.schaeffer@arnoldporter.com
13
14                                         *Attorneys for Plaintiffs*

15                                         s/ Philip D. MacWilliams (with permission)
                                           PHILIP D. MACWILLIAMS
16                                         Trial Attorney
                                           D.C. Bar No. 482883
17                                         THEODORE W. ATKINSON
                                           Trial Attorney
18                                         D.C. Bar No. 458963
                                           E-mail: phil.macwilliams@usdoj.gov
19                                         U.S. Department of Justice
                                           Civil Division, Torts Branch
20                                         Benjamin Franklin Station, P.O. Box 888
                                           Washington, DC 20044
21                                         Telephone: (202) 616-4285
22                                         *Attorneys for the United States of America*
23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

R. Stanton Jones*
Daniel F. Jacobson*
Emily Reeder*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
stanton.jones@arnoldporter.com
daniel.jacobson@arnoldporter.com
emily.reeder@arnoldporter.com

David B. Rosenbaum, 009819
Emma J. Cone-Roddy, 034285
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
econe-roddy@omlaw.com

Jonathan H. Feinberg*
Kairys, Rudovsky, Messing, Feinberg
   & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
215-925-4400
jfeinberg@krlawphila.com

Mark Fleming*
National Immigrant Justice Center
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
312-660-1370
mfleming@heartlandalliance.org

Emma Winger*
American Immigration Council
1318 Beacon Street, Suite 18
Brookline, MA 02446
617-505-5375
ewinger@immcouncil.org

Katherine Melloy Goettel*
Claudia Valenzuela*
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
202-507-7512
202-742-5619
kgoettel@immcouncil.org
cvalenzuela@immcouncil.org

Trina Realmuto*
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
617-819-4447
617-819-4681
trina@immigrationlitigation.org
mary@immigrationlitigation.org

*Attorneys for Plaintiffs*

\* *Admitted pro hac vice*
\*\* *Pro hac vice application forthcoming*