David B. Rosenbaum, 009819
Emma J. Cone-Roddy, 034285
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
econe-roddy@omlaw.com

*(Additional Counsel for Plaintiffs Listed on the Following Page)*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:19-cv-05217-SRB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR CERTIFICATION OF THIS COURT'S ORDER DATED MARCH 30, 2020 (ECF NO. 31) PURSUANT TO 28 U.S.C. § 1292(b)** |

Diana Reiter*
Erik Walsh*
Lucy McMillan*
Kathryn Campbell**
Kaitlyn Schaeffer*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
212-836-8000
diana.reiter@arnoldporter.com
erik.walsh@arnoldporter.com
lucy.mcmillan@arnoldporter.com
katie.campbell@arnoldporter.com
kaitlyn.schaeffer@arnoldporter.com

R. Stanton Jones*
Daniel F. Jacobson*
Emily Reeder*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
stanton.jones@arnoldporter.com
daniel.jacobson@arnoldporter.com
emily.reeder@arnoldporter.com

Jonathan H. Feinberg*
Kairys, Rudovsky, Messing, Feinberg & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
215-925-4400
jfeinberg@krlawphila.com

Mark Fleming*
National Immigrant Justice Center
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
312-660-1370
mfleming@heartlandalliance.org

Trina Realmuto*
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org

Emma Winger*
American Immigration Council
1318 Beacon Street, Suite 18
Brookline, MA 02446
617-505-5325
ewinger@immcouncil.org

Katherine Melloy Goettel*
Claudia Valenzuela*
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
202-507-7512
202-742-5619
kgoettel@immcouncil.org
cvalenzuela@immcouncil.org

*Admitted pro hac vice

**Pro hac vice application forthcoming

## **PRELIMINARY STATEMENT**

Plaintiffs, five mothers and their young children who were forcibly separated by the U.S. government after crossing the border, filed this action asserting claims under the Federal Tort Claims Act ("FTCA"), seeking compensation for the extraordinary harms they suffered as a result of the government's tortious acts. On March 30, 2020, this Court issued an order denying Defendant's motion to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (the "Order"). Dkt. 31. The Court held that Plaintiffs' claims were not barred by the FTCA's due care exception ("DCE") because Defendant failed to identify any statute or regulation "mandating the separation of Plaintiffs upon their entry into the country" or "requiring detention of individuals who are 'amenable to prosecution' in facilities different from those who are not 'amenable to prosecution.'" Order at 5-6 (footnote omitted). The Court rejected Defendant's argument that Plaintiff mothers were "unavailable to care for" their children—and that, therefore, the separations were "authorized" by 8 U.S.C. § 1232(b)(3)—because they were "merely 'amenable' to prosecution—but [were] not charged with . . . crime[s]." Order at 6 n.4. The Court further held that the discretionary function exception ("DFE") to the FTCA was inapplicable because Plaintiffs "plausibly alleged that the government's separation of their families violated their constitutional rights, which is not shielded by the discretionary function exception."[1] Order at 7.

Defendant now moves to certify this matter for interlocutory appeal under 28 U.S.C. § 1292(b), seeking certification of whether the DCE and DFE bar Plaintiffs' claims. Mot. for Leave to Appeal 5, Dkt. 40 (the "Motion"). Certification is unwarranted, however, because Defendant fails to carry its heavy burden to show that the Order "involves a controlling question of law as to which there is substantial ground

---

[1] The Court also held that Plaintiffs satisfied the private analogue requirement, Order at 4, but Defendant does not seek certification of that issue. *See* Mot. for Leave to Appeal 5, Dkt. 40.

for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Defendant's attempt to manufacture a circuit split fails, and therefore Defendant cannot show that substantial ground for difference of opinion exists on the issues it presents for certification. Moreover, both issues require applying law to the facts alleged in Plaintiffs' Complaint and thus are not controlling questions of law appropriate for certification under § 1292(b). Even if Defendant could show that the requirements for certification were met (which it cannot), this Court should still exercise its discretion and deny certification given the substantial prejudice that Plaintiffs would suffer if this case were delayed by more than a year by a Ninth Circuit appeal. Defendant's Motion should be denied.

## ARGUMENT

Permission to pursue an interlocutory appeal is granted "sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) (citations omitted); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (certification for interlocutory appeal is appropriate only in "rare circumstances"). Because "[s]ection 1292(b) is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly." *James*, 283 F.3d at 1068 n.6. To obtain certification under § 1292(b), a party must demonstrate that (1) there is "a controlling question of law"; (2) there is "substantial ground for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir.1982), *aff'd*, 459 U.S. 1190 (1983). "'All three requirements must be met for certification to issue[ ]' under that statute." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015) (quoting *Kight v. Eskanos & Adler, P.C.*, 2007 WL 173825, at *2 (S.D. Cal. Jan. 8, 2007)).

Defendant cannot satisfy any of these requirements. Because Defendant has not

carried its burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment," Defendant's Motion should be denied. *MRN, LLC v. New Maridale Villa Condo., LLC*, 2010 WL 11515562, at *6 (D. Ariz. Nov. 4, 2010) (Bolton, J.) (citation omitted).[2]

## I. There Is No Substantial Ground for Difference of Opinion

Defendant fails to demonstrate any substantial ground for difference of opinion as to whether Plaintiffs' claims are barred by the DCE or DFE. A substantial ground for difference of opinion exists where "'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope, Inc.*, 611 F.3d 629, 633-34 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). This requirement is not met "just because counsel contends that one precedent rather than another is controlling." *Id.* Moreover, "the fact that settled law might be applied differently does not establish a substantial ground for difference of opinion." *BDPJ Houston, LLC v. Con'l Cas. Co.*, 2012 WL 13018736, at *3 (D. Ariz. Dec. 27, 2012) (footnote omitted).

At bottom, Defendant's arguments concerning this element are directed at its disagreement with the Court's decision. The law is clear, however, that a party's "strong disagreement with the Court's ruling is not sufficient" to establish substantial ground for difference of opinion. *Couch*, 611 F.3d at 634.

### A. Defendant Has Not Shown That a Substantial Ground for Difference of Opinion Exists With Respect to the Court's DCE Holding

Defendant contends that the Court erred in applying the two-part test set forth in *Welch v. United States*, 409 F.3d 646 (4th Cir. 2005),[3] because *Borquez v. United States*,

---

[2] Defendant devotes most of its brief to the second factor, *see* Mot. at 6-14, and therefore Plaintiffs address that factor first.

[3] Under *Welch*, the DCE applies if (1) "the statute or regulation in question specifically pr[e]scribes a course of action for an officer to follow," and (2) "the officer exercised due care in following the dictates of that statute or regulation." 409 F.3d at 652.

3

773 F.2d 1050 (9th Cir. 1987), not *Welch*, governs the DCE analysis in the Ninth Circuit. The Court was correct to reject that argument. Order at 4-5. District courts in the Ninth Circuit analyzing the DCE uniformly apply the *Welch* test and, in the 35 years since *Borquez* was decided, no court has interpreted it as Defendant suggests. *See, e.g.*, *Ferguson v. United States*, 2016 WL 4793180 at *7 (S.D. Cal. Sept. 14, 2016); *Gonzalez v. United States*, 2013 WL 942363 (C.D. Cal. Mar. 11, 2013); *Kwai Fun Wong v. Beebe*, 2006 WL 977746, at *7-8 (D. Or. Apr. 10, 2006); *see also* Order at 5 ("Following other courts in this circuit, the Court applies the two-prong test established in *Welch* . . . ."). Indeed, in *Gonzalez* and *Ferguson*, the *government* argued that *Welch* is the operative test in the Ninth Circuit.[4] In any event, *Borquez* and *Welch* are not in conflict: the Fourth Circuit in *Welch* cites *Borquez* as consistent with its analysis. *See Welch*, 409 F.3d at 653. And Defendant acknowledges that *Borquez* "did not articulate a standard."[5] Mot. at 7. If *Borquez* fails to articulate a standard—let alone one that conflicts with *Welch*—and district courts in this circuit consistently apply the *Welch* test, there can be no substantial ground for difference of opinion as to whether *Borquez* governs the DCE analysis here.

Defendant also argues that there is substantial ground for difference of opinion

---

[4] *See* United States of America's Mem. in Supp. of Mot. to Dismiss Compl. 6-7, 9, Dkt. 12-6, *Ferguson v. United States*, 3:15-CV-1253-JM-MDD (S.D. Cal. Oct. 20, 2015); Mem. in Supp. of United States of America's Mot. to Dismiss Compl. 5-10, Dkt. 16, *Gonzales v. United States*, 8:12-CV-01912-DMG-DTB (C.D. Cal. Jan. 18, 2013); United States of America's Reply in Further Supp. of Mot. to Dismiss Compl. 3-5, 8, Dkt. 18, *Gonzales v. United States*, 8:12-CV-01912-DMG-DTB (C.D. Cal. Feb. 1, 2013).

[5] Defendant suggests that *Borquez* requires courts in the Ninth Circuit to determine whether a statute *authorizes*, rather than mandates, the government conduct at issue. Mot. at 7. But *Borquez* does not hold that FTCA claims are barred where the government was *authorized* to carry out the course of conduct at issue; the word "authorized" appears only in the court's quotation of the statute at issue, which authorized the government to transfer responsibility for maintenance of a dam to a state water users' association. 773 F.2d at 1052. Instead, *Borquez* stands for the proposition that a plaintiff cannot challenge the validity of a statute through the FTCA, *id.*, which this Court correctly concluded Plaintiffs are not doing here. Order at 5.

because the Ninth Circuit "has not addressed the level of statutory specificity required to trigger the due care exception," and it is therefore not "clear that it would adopt the Fourth Circuit's standard set forth in *Welch*[.]" Mot. at 7. But the absence of a Ninth Circuit decision adopting the *Welch* test fails to satisfy this element. *See Couch*, 611 F.3d 633-34 (this element is satisfied where "the circuits are in dispute on the question *and* the court of appeals of the circuit has not spoken on the point") (emphasis added). Defendant has not identified a circuit split concerning the proper test for application of the DCE, and there is none. Defendant's contention that decisions from the First and Fifth circuits are "*arguably* inconsistent" with the first prong of the *Welch* standard, Mot. at 7 (citing *Hydrogen Tech. v. United States*, 831 F.2d 1155, 1163 (1st Cir. 1987); *Porter v. United States*, 473 F.2d 1329, 1332 (5th Cir. 1973)) (emphasis added), does not carry its burden.

In any event, Defendant's argument is based on a misreading of the decisions it cites. In *Hydrogen Technology*, the plaintiff—who brought suit under the FTCA based on the Federal Bureau of Investigation's ("FBI") allegedly negligent mishandling of the plaintiff's generator in the course of a criminal investigation—did "not contest[] that the FBI was acting pursuant to its statutory duties," instead "limit[ing] its claim to the FBI's alleged lack of due care." 831 F.2d at 1160 n.5. Accordingly, the First Circuit did not reach the question whether the government must "identify a specific, mandatory duty" for the DCE to apply. *Id.*; Mot. at 7. *Hydrogen Technology* thus is not "arguably inconsistent" with *Welch*. Similarly, in *Porter*, although the Fifth Circuit concluded that the DCE barred the plaintiff's claim that her property was damaged while being handled by the FBI, the plaintiff in that case failed to produce "any proof or even allegation that the damage was due to [FBI] negligence." 473 F.2d at 1336-37. The Fifth Circuit therefore "assumed that the agents of the FBI . . . were properly carrying out their appointed functions" without any analysis as to whether application of the DCE requires the government to prove that it acted pursuant to a statutory or regulatory

5

mandate. *Id.* Notably, Defendant ignores a subsequent Fifth Circuit decision, *Buchanan v. United States*, 915 F.2d 969 (5th Cir. 1990)—cited in Plaintiffs' Opposition to Defendant's Motion to Dismiss—which articulates a test substantively identical to *Welch*. *See Buchanan*, 915 F.2d at 970-71 (holding that the DCE exempts government actions "*mandated* by statute or regulation" and applies "only if the actor has exercised due care") (emphasis added); Opp'n to Def.'s Mot. to Dismiss 6, 11, Dkt. 19. Thus, Defendant fails to establish that the circuits are in dispute on this issue.

Defendant further asserts, for the first time, that "reasonable minds could differ" as to whether the Court correctly considered whether a statute, 8 U.S.C. § 1231(g), "explicitly authorizes the government to detain parents and children in separate facilities before it has charged either with a crime." Order at 5; Mot. at 8. That question is not one about which the circuits are in dispute, however, nor does it present a novel issue of law. Instead, Defendant merely argues that this Court erred in *applying* the DCE to the allegations in the Complaint.[6] "[W]hether the district court properly applied settled law to the facts" is "[t]he antithesis of a proper § 1292(b) appeal." *Simmons v. Akanno*, 2011 WL 1566583, at *3 (E.D. Cal. Apr. 22, 2011) (citations omitted). Defendant "may disagree with the way the court has interpreted the relevant law . . . [but] such disagreement is not tantamount to a disagreement among the courts, and it does not itself compel a section 1292(b) review." *Best W. Int'l, Inc. v. Govan*, 2007 WL 1545776, at *7, 9 (D. Ariz. May 29, 2007) (citations omitted). Defendant's argument that the Ninth Circuit could "reasonably conclude" that the alleged government conduct satisfies the *Welch* test, *see* Mot. at 9-10, fails for the same reason.[7]

---

[6] The Court correctly rejected a version of this argument in denying Defendant's motion to dismiss. *See* Order at 4-5; Reply in Supp. Def.'s Mot. to Dismiss 3-4, Dkt. 25 (arguing the DCE applies because "the government was *authorized* by federal statutes to refer Plaintiffs for prosecution" and to transfer children to HHS custody).

[7] Unlike the plaintiff in *Dupree v. United States*, 247 F.2d 819, 824 (3d Cir. 1957), Mot. at 9-10, Plaintiffs here are not challenging the legality of any statute or regulation. *See* Order at 5. Further, the distinction Defendant tries to draw between "government action" and "resulting harm," *see* Mot. at 9-10, is not supported by *Dupree*, and in any

6

**B.     Defendant Has Not Shown That a Substantial Ground for Difference of Opinion Exists As to the Court's DFE Holding**

Defendant's arguments that substantial ground for difference of opinion exists as to whether Plaintiffs' claims are barred by the DFE are similarly unavailing.[8] Defendant argues that "reasonable minds could differ on the question of whether and when a constitutional violation precludes application of" the DFE, Mot. at 11, yet the only Ninth Circuit case law Defendant cites *supports* the Court's conclusion that the DFE does not bar Plaintiffs' claims. *See Fazaga v. Fed. Bureau of Investigation*, 916 F.3d 1202, 1250-51 (9th Cir. 2019) ("[T]he Constitution can limit the discretion of federal officials such that the FTCA's [DFE] will not apply.") (citation omitted); *see also Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000); *Loumiet v. United States*, 828 F.3d 935, 946 (D.C. Cir. 2016) ("At least seven circuits . . . have either held or stated in dictum that the discretionary-function exception does not shield government officials from FTCA liability when they exceed the scope of their constitutional authority.").[9]  Indeed, in *Nurse*, the Ninth Circuit held that it "*must* reverse the district

---

event, the government's separation of Plaintiffs *is* the "government action" at issue. The "resulting harm" is the trauma Plaintiffs suffered as a result of that conduct. Likewise, *Baie v. Sec'y of Defense*, 784 F.2d 1375 (9th Cir. 1986), does not address the DCE. *See Baie*, 784 F.2d at 1376-77 (analyzing the DFE).

[8] Defendant argues for the first time in the Motion that the DFE bars Plaintiffs' claims based on the initial separations. *Compare* Mot. at 9-10 *with* Def.'s Mot. to Dismiss 18-19, Dkt. 18; Reply in Supp. Def.'s Mot. to Dismiss 11-12, Dkt. 25 (arguing the DFE barred Plaintiffs' claims only to the extent they are based on the government's failure to provide Plaintiffs with information about each other's whereabouts, facilitate adequate communication between mothers and children, or implement any tracking system to ensure families could be reunited). The Court declined to "parse the Complaint to assess whether claims with respect to individual factual allegations are barred." Order at 7-8.

[9] *See, e.g.*, *Limone v. United States*, 579 F.3d 79, 102 (1st Cir. 2009) (holding that the challenged "conduct was unconstitutional and, therefore, not within the sweep of the [DFE]"); *Raz v. United States*, 343 F.3d 945, 948 (8th Cir. 2003) (holding the DFE inapplicable to FBI's alleged surveillance activities where plaintiff "alleged they were conducted in violation of his First and Fourth Amendment rights"); *Medina v. United States*, 259 F.3d 220, 225 (4th Cir. 2001) ("In 'determin[ing] the bounds of the [DFE]

7

1  court's dismissal" of the plaintiff's FTCA claims because the plaintiff alleged that the
2  defendants "promulgated discriminatory, unconstitutional policies which they had no
3  discretion to create." 226 F.3d at 1002 (emphasis added).  The court did so even though
4  the "bare allegations of the complaint" made it impossible for the court to determine
5  whether the defendants in fact violated the Constitution and, if so, "what specific
6  constitutional mandates they violated." *Id*.  Here, by contrast, as the Court recognized,
7  Plaintiffs "did more than 'simply label[]' the government's conduct as
8  unconstitutional—they cited a court order declaring this conduct so 'egregious,'
9  'outrageous,' 'brutal,' and 'offensive' that it warranted immediate enjoinment." Order
10 at 7 (citing Compl. ¶¶ 62, 68).

11     Defendant also contends that "reasonable minds could differ as to the level of
12 specificity required of a constitutional provision to preclude application of" the DFE
13 because the Ninth Circuit "expressly left open the question whether a constitutional
14 command must . . . specifically prescribe (or proscribe) a course of action." Mot. at 11-
15 12 (citing *Nurse*, 226 F.3d at 1002 n.2).  But the mere fact that the Ninth Circuit has
16 not addressed the question directly does not satisfy the substantial ground for
17 disagreement element.[10]  *See Couch*, 611 F.3d at 634 ("Nor does the fact that no

---

. . . we begin with the principle that federal officials do not possess discretion to violate constitutional rights or federal statutes.") (citation omitted); *U.S. Fid. & Guar. Co. v. United States*, 837 F.2d 116, 120 (3d Cir. 1988) ("[C]onduct cannot be discretionary if it violates the Constitution, a statute, or an applicable regulation.  Federal officials do not possess a discretion to violate constitutional rights or federal statutes."); *Sutton v. United States*, 819 F.2d 1289, 1293 (5th Cir. 1987) ("[A]ction does not fall within the [DFE] of § 2680(a) when governmental agents exceed the scope of their authority as designed by statute or the Constitution."); *Myers & Myers Inc. v. U.S. Postal Serv.*, 527 F.2d 1252, 1261 (2d Cir. 1975) ("It is, of course, a tautology that a federal official cannot have discretion to behave unconstitutionally.").

[10] Defendant cites *Linder v. United States*, 937 F.3d 1087, 1091 (7th Cir. 2019), for the proposition that "[a]t least one Circuit has held that discretionary conduct alleged to be unconstitutional nevertheless may fall within the discretionary function exception." Mot. at 11 n.5.  *Linder* does not say that.  Rather, the court found it was "problematic" that the district court had concluded that the challenged conduct in that case—a "no-contact-without-approval order"—"violated the Confrontation Clause of the Sixth

8

1  California court has addressed the precise questions at issue satisfy the requirement of
2  a substantial ground for disagreement[.]").  Whether or not the Ninth Circuit has
3  established the level of specificity ultimately required to preclude application of the
4  DFE, *Nurse* makes clear that plausible allegations of constitutional violations are
5  sufficient to deny a motion to dismiss based on the DFE, as the Court properly did here.
6  *Nurse*, 226 F.3d at 1002. [11]

7  Finally, Defendant contends, citing *Loumiet*, that the Ninth Circuit "could
8  reasonably hold that only a 'clearly established' constitutional directive" could render
9  the DFE inapplicable by grafting principles from the qualified immunity context—
10 which applies to suits against individual officers, not the government itself, *see*
11 *Loumiet*, 828 F.3d at 946—onto the DFE.  Mot. at 13.  Under that standard, Defendant
12 argues, "the Ninth Circuit could reasonably find that . . . it was not 'clearly established'
13 that parents had a constitutional right to remain with their children in immigration
14 detention." *Id.*  Again, Defendant fails to establish, as it must, that "the circuits are in
15 dispute on the question" or that a novel question of law is presented.  *See Couch*, 611
16 F.3d at 633.  In fact, *Loumiet* directly refutes Defendant's argument that substantial
17 ground for difference of opinion exists as to "[w]hether the United States can apply a
18 'qualified immunity'-like approach" to the DFE.  Mot. at 13.  There, the D.C. Circuit

---

Amendment" because "the Constitution does not entitle a criminal defendant to interview potential witnesses or take their depositions before trial." *Linder*, 937 F.3d at 1090.  In other words, the Seventh Circuit cast doubt on whether the district court correctly concluded that the challenged conduct violated the Constitution.  It did not, as Defendant suggests, find that the DFE applied despite the plausible allegation of a constitutional violation.

[11] Any contention that *Garza v. United States*, 161 F. App'x 341 (5th Cir. 2005), establishes substantial ground for difference of opinion on this issue, Mot. at 12 n.6, is meritless.  *See In re Allstate Life Ins. Co. Litig.*, 2013 WL 4507741, at *2 (D. Ariz. Aug. 23, 2013) ("The fact that two courts . . . reached different conclusions when faced with different facts does not lead to the conclusion that the accrual issue is one on which reasonable jurists can disagree."); *Nucor Corp. v. Employers Ins. Co. of Wausau*, 2012 WL 12827404, at *3-4 (D. Ariz. Oct. 1, 2012) ("The two cases that have held otherwise do not constitute 'substantial ground for difference of opinion.'").

9

*rejected* the government's argument that "principles similar to those that undergird qualified immunity should extend to preserve discretionary-function immunity for some unconstitutional acts"—the same argument Defendant makes here—having "found *no precedent in any circuit* holding as the government urges." *Loumiet*, 828 F.3d at 946. There remains no such precedent.

In any event, Supreme Court and Ninth Circuit precedent confirms that Plaintiffs' Fifth Amendment substantive due process interest in remaining with their families *was* "clearly established" at the time of the separations at issue. *See, e.g.*, *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000) ("The liberty interest at issue in this case—the interest of parents in the care, custody, and control of their children—is perhaps the oldest of the fundamental liberty interests recognized by the Court."); *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1079 (9th Cir. 2011) ("The substantive due process right to family integrity or to familial association is well established.") (citing *Kelson v. City of Springfield,* 767 F.2d 651, 654–55 (9th Cir.1985)). Indeed, courts across the country considering the family separation policy at issue here have recognized that noncitizens have a Fifth Amendment right to family integrity, relying on longstanding case law. *See, e.g.*, *Ms. L. v. U.S. Immigration and Customs Enforcement*, 302 F. Supp. 3d 1149, 1161 (S.D. Cal. 2018) ("[I]t has long been settled that the liberty interest identified in the Fifth Amendment provides a right to family integrity or to familial association."); *W.S.R. v. Sessions*, 318 F. Supp. 3d 1116, 1124 (N.D. Ill. 2018) ("Here, the liberty interest at stake is a child's right to remain in the custody of his parent. That interest has long been recognized as a fundamental right."). Thus, even if Defendant could show that there is a circuit split or novel issue of law as to whether a constitutional right must be "clearly established" for the DFE to apply (and it cannot), there can be no serious dispute that Plaintiffs' right to family integrity was clearly established at the time the government separated Plaintiffs.

## II. The Order Does Not Involve Controlling Questions of Law

Defendant has failed to demonstrate that the appeal would present a controlling question of law. To satisfy this requirement, the question of law must be controlling, meaning that resolution of the issue on appeal could materially affect the outcome of the case in the district court. *See Cement Antitrust Litig.*, 673 F.2d at 1026. In addition, the issue must be a "'pure question of law,' rather than a mixed question of law and fact or the application of law to a particular set of facts." *City of Glendale v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2013 WL 12250532, at *3 n.3 (D. Ariz. June 5, 2013) (quoting *Chehalem Physical Therapy, Inc., v. Coventry*, 2010 WL 952273, *3 (D. Or. Mar. 10, 2010)); *see also Simmons*, 2011 WL 1566583, at *3 ("The term 'question of law' does not mean the application of settled law to fact."); *Palmer v. City of Prescott*, 2010 WL 4638422, at *1 (D. Ariz. Nov. 9, 2010) ("The Ninth Circuit has made clear that a § 1292(b) appeal is warranted only when the question is one of law—not fact, and not the application of law to fact[.]").

Here, Defendant has not shown, as it must, that resolution of the questions it identifies "could materially affect the outcome of the litigation in the district court." *Villarreal*, 85 F. Supp. 3d at 1068; *Cement Antitrust Litig.*, 673 F.2d at 1026. The questions Defendant presents for certification involve fact-bound inquiries inappropriate for resolution at the motion to dismiss phase, and the Ninth Circuit therefore could not resolve them on interlocutory appeal. Even if the Ninth Circuit concluded that Defendant acted pursuant to a specific statutory prescription in implementing the family separations at issue, as required under *Welch*—which it cannot find without analyzing the factual question of whether Plaintiff mothers were unavailable to provide physical care and custody of their children, *see infra* at 12-13—the court would still have to determine whether the government acted with due care for the DCE to apply to Plaintiffs' claims. *See* 28 U.S.C. § 2680(a); *Welch*, 409 F.3d at 652; *Moher v. United States*, 875 F. Supp. 2d 739, 764 (W.D. Mich. 2012) (denying

11

1  motion to dismiss FTCA claims because factual issue existed as to whether use of force
2  against plaintiff was reasonable). The family separation policy reflects an inherent lack
3  of due care, *see* Opp'n to Def.'s Mot. to Dismiss 13-14, Dkt. 19, but at the very least,
4  this issue presents a question of fact that cannot be resolved at the motion to dismiss
5  stage. *Moher*, 875 F. Supp. 2d at 764.

6  Likewise, in order to conclude that the DFE bars Plaintiffs' claims, the Ninth
7  Circuit would have to conclude, consistent with its longstanding precedents, *supra* at
8  7-8, that Plaintiffs did not plausibly allege that the government's conduct violated the
9  Constitution. But as the Ninth Circuit has observed, whether the government violated
10 the Constitution and what "specific constitutional mandates [it] violated" are "questions
11 that will be fleshed out by the facts as the case proceeds toward trial," not ones that can
12 be "easily answered on a motion to dismiss." *Nurse*, 226 F.3d at 1002. Because the
13 questions Defendant identifies require factual development and an appeal would not
14 result in the limitation or dismissal of Plaintiffs' claims, interlocutory appeal would not
15 materially affect the outcome of the litigation.

16 In addition, the questions on which Defendant seeks certification—whether the
17 DCE and DFE bar Plaintiffs' claims—are not pure questions of law. Tellingly,
18 Defendant does not even attempt to articulate a pure question of law in its Motion,
19 instead ignoring this requirement entirely. Mot. at 5-6. The Court's holding with
20 respect to application of the DCE constitutes an application of the law—the *Welch*
21 test—to the factual allegations in the Complaint. *See* Order at 5-6. Indeed, Defendant's
22 own argument that the Court erred in its application of the *Welch* test *to the facts*
23 underscores that the issue Defendant seeks to appeal is not a pure question of law. *See*
24 Motion at 9-10 (arguing that the Ninth Circuit "may reasonably conclude the challenged
25 action here meets" the *Welch* test and could agree with Defendant that "the government
26 reasonably determined that parents who are detained in a secure facility pursuant to
27 federal immigration law or in anticipation of prosecution are not 'available to provide
28

care and physical custody' over their children"). Moreover, as noted above, to conclude that the DCE bars Plaintiffs' claims, the Ninth Circuit would also have to find that the government exercised due care in carrying out the separations at issue. *See* 28 U.S.C. § 2680(a); *Welch*, 409 F.3d at 652. That determination, which considers whether the government acted reasonably or with "minimal concern for the rights of others," *Hatahley v. United States*, 351 U.S. 173, 181 (1956); *Hydrogen Tech. Corp. v. United States*, 831 F.3d 1155, 1161 (1st Cir. 1987); *Myers & Myers Inc.*, 527 F.2d at 1262, necessarily involves analysis of the allegations in the Complaint.

Similarly, in holding that Defendant failed to establish that the DFE applies to Plaintiffs' claims, the Court concluded that Plaintiffs "plausibly alleged that the government's separation of their families violated their constitutional rights," Order at 7, a conclusion which necessarily involves a fact-based inquiry. *Cf. Nurse*, 226 F.3d at 1002 (reversing dismissal of the plaintiff's FTCA claims because whether the government's actions violated the Constitution—and therefore were not shielded by the DFE—involved "questions that will be fleshed out by the facts as the case proceeds toward trial").[12] Because Defendant's proposed issues for appeal concern the Court's application of the law to the facts, they are not appropriate for certification under § 1292(b). *Simmons*, 2011 WL 1566583, at *3; *Palmer*, 2010 WL 4638422, at *1.

### III. Immediate Appeal Will Not Materially Advance the Ultimate Termination of Litigation

Finally, Defendant has not demonstrated that interlocutory appeal would "materially advance" the termination of the litigation. Mot. at 14. "'[W]here a substantial amount of litigation remains in th[e] case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution

---

[12] Defendant acknowledges in its Motion that "'an investigation into substantive due process involves an appraisal of the totality of the circumstances rather than a formalistic examination of fixed elements[.]'" Mot. at 12 (quoting *Ms. L.*, 310 F. Supp. 3d at 1142-43).

13

of th[e] litigation are unpersuasive.'" *Villarreal*, 85 F. Supp. 3d at 1071 (quoting *Lillehagen v. Alorica, Inc.*, 2014 WL 2009031, at *7 (C.D. Cal. May 15, 2014)). Moreover, the party seeking certification must "'do more than just note that granting [a motion to dismiss] would end the litigation[,]'" because otherwise, "an interlocutory appeal would materially advance the ultimate termination of litigation every time a court decides a pretrial dispositive motion." *Krause v. Yavapai Cty.*, 2020 WL 2512761, at *3-4 (D. Ariz. May 15, 2020) (quoting *Woodbury*, 263 F.2 at 787).

As discussed above, both questions Defendant presents for interlocutory appeal involve fact-bound inquiries that require fact development in discovery and could not, at this juncture, be resolved in Defendant's favor. *See supra* at 11-13. In fact, interlocutory appeal would only serve to prolong resolution of this case and increase the cost of the litigation for the parties and the courts. *See Villareal*, 85 F. Supp. 3d at 1073 (finding certification of appeal under § 1292(b) inappropriate where appeal might "actually delay the resolution of th[e] litigation" rather than materially advance it).[13] Accordingly, Defendant has failed to satisfy this element.

### IV. The Court Should Deny Certification Regardless of Whether the Three Factors Are Met

"Even when all three of § 1292(b)'s criteria are met, the district court retains unfettered discretion to deny a motion to certify for interlocutory review." *Krause*, 2020 WL 2512761, at *3 (alteration and internal quotation marks omitted); *accord, e.g.*, *Flack v. Nutribullet, LLC.*, 2019 WL 2568393, at *1 (C.D. Cal. June 21, 2019). This Court should exercise its discretion to deny certification even if the Court concludes that the § 1292(b) factors are met.

---

[13] Defendant's contention that similar questions are at issue in other suits arising out of family separations at the U.S. border, Mot. at 14-15, does not alter the fact that the questions Defendant presents cannot be resolved by the Ninth Circuit at this juncture. In short, interlocutory appeal will not, as Defendant suggests, materially advance the resolution of any other yet-to-be-filed case, because whether the DCE or DFE bar similar claims are questions that require application of law to the facts of each case.

14

As noted above, an interlocutory appeal would substantially delay this case. The average civil appeal in the Ninth Circuit in which oral argument is held takes 15 to 32 months for resolution from the time the notice of appeal is filed. *See* United States Court of Appeals for the Ninth Circuit, *Frequently Asked Questions*, https://www.ca9.uscourts.gov/content/faq.php (last updated Dec. 2019). Delaying discovery by one to two and a half years would significantly prejudice Plaintiffs on the merits. Plaintiffs' case will rely on witness memories and documentary evidence scattered across different agencies, and "[d]elay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (citation omitted). Plaintiffs, who have experienced, and continue to experience, severe trauma as a result of the government's conduct, should not have to wait that long to have their day in court. The equities weigh against certification of an interlocutory appeal.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion for Certification.

RESPECTFULLY SUBMITTED this 12th day of June, 2020.

*/s/ Diana Reiter*
Diana Reiter*
Erik Walsh*
Lucy McMillan*
Kathryn Campbell**
Kaitlyn Schaeffer*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street |
New York, New York 10019-9710
212-836-8000
diana.reiter@arnoldporter.com
erik.walsh@arnoldporter.com
lucy.mcmillan@arnoldporter.com
katie.campbell@arnoldporter.com
kaitlyn.schaeffer@arnoldporter.com

15

R. Stanton Jones*
Daniel F. Jacobson*
Emily Reeder*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
stanton.jones@arnoldporter.com
daniel.jacobson@arnoldporter.com
emily.reeder@arnoldporter.com

David B. Rosenbaum, 009819
Emma J. Cone-Roddy, 034285
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
econe-roddy@omlaw.com

Jonathan H. Feinberg*
Kairys, Rudovsky, Messing, Feinberg & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
215-925-4400
jfeinberg@krlawphila.com

Mark Fleming*
National Immigrant Justice Center
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
312-660-1370
mfleming@heartlandalliance.org

Trina Realmuto*
Mary Kenney*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
(617) 819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org

Emma Winger*
American Immigration Council
1318 Beacon Street, Suite 18
Brookline, MA 02446
617-505-5325
ewinger@immcouncil.org

Katherine Melloy Goettel*
Claudia Valenzuela*
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
202-507-7512
202-742-5619
kgoettel@immcouncil.org
cvalenzuela@immcouncil.org