1
2
3
4
5
6
7
8

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

9

C.M., et al.,

No. CV-19-05217-PHX-SRB

10

Plaintiffs,

**ORDER**

11

v.

12

United States of America,

13

Defendant.

14

15      On March 30, 2020, the Court issued an Order denying Defendant United States'

16   12(b)(1) Motion to Dismiss.  (Doc. 31, ("3/30/20 Order").)  Pending before the Court is

17   Defendant United States' Motion for Certification of the 3/30/20 Order Pursuant to 28

18   U.S.C. § 1292(b) ("Motion").  (Doc. 40, ("Mot.").)

19   **I.      BACKGROUND**

20      The background of this case was summarized in the Court's 3/30/20 Order and is

21   incorporated herein:

22           Plaintiffs C.M., B.M., L.G., B.G, M.R., J.R., O.A., L.A.,
       V.C., and G.A. (collectively, "Plaintiffs") are five mothers and
23     their respective children who were forcibly separated by
       federal officers while detained at various immigration holding
24     centers in Arizona. (Doc. 1, Compl. ¶¶ 5, 11–15.) Each family
       remained separated for more than two months.  (*Id.* ¶ 5.)
25     During that time, the federal government provided only limited
       information to each mother about her child's whereabouts and
26     well-being and afforded only minimal opportunities for each
       mother and child to communicate.  (*Id.* ¶ 5.)  Four of the
27     children were transferred to shelters in New York.  (*Id.* ¶¶ 99,
       193, 281, 324.)  As a result of the separation, Plaintiffs allege
28     that they suffered, and continue to suffer, substantial trauma.
       (*Id.* ¶ 5.)

1
2
3
4

> Plaintiffs filed suit on September 19, 2019, alleging two causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680: (1) intentional infliction of emotional distress ("IIED"); and (2) negligence. (*Id.* ¶¶ 387–93.) Plaintiffs seek compensatory damages. (*Id.* ¶ 394(A).)

5
6
7

> On December 23, 2019, the United States filed its Motion requesting dismissal for lack of jurisdiction. (Doc. 18, ("MTD").) Plaintiffs filed their Opposition to Defendant's Motion to Dismiss ("Response") on February 6, 2020. (Doc. 19, Opp'n to Def.'s Mot. ("Resp.").)

8
9
10
11
12
13
14

(3/30/20 Order at 1–2.) The Court denied the United States' Motion to Dismiss after concluding the Federal Torts Claims Act ("FTCA") conferred jurisdiction and the United States failed to demonstrate that an exception applied. (*Id.* at 8.) Specifically, the Court held that Plaintiffs demonstrated a private analogue to the United States' allegedly tortious conduct sufficient to establish subject-matter jurisdiction under the FTCA, and the United States failed to prove that the FTCA's due care or discretionary function exceptions shielded this conduct from judicial review. (*Id.* at 4, 6, 8.)

15
16
17

On May 29, 2020, the United States filed its Motion, requesting that the Court certify its 3/30/20 Order for interlocutory appeal. (Mot. at 1.) The United States seeks certification of the following two questions[1]:

18
19
20

> (1) Whether the FTCA's due care exception bars Plaintiffs' claims; and

> (2) Whether the FTCA's discretionary function exception bars Plaintiffs' claims.

21
22
23
24

(*Id.* at 5.) On June 12, 2020, Plaintiffs filed their Opposition. (Doc. 44, Pls.' Opp'n to Mot. ("Opp'n").) On June 19, 2020, the United States filed its Reply. (Doc. 48, Reply to Opp'n ("Reply").)

## II.   LEGAL STANDARD & ANALYSIS

25
26
27
28

---

[1] The Court replicates the United States' questions but notes that were certification granted, the entire Order, not just these questions, would be subject to appellate review. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (stating that although district court certified only specific questions, court of appeals has discretion to "address any issue fairly included within the certified order because it is the order that is appealable, and not the controlling question identified by the district court").

Generally, litigants may only appeal district court decisions that are final.  *See* 28 U.S.C. § 1291.  The so-called final judgment rule is "essential to the proper functioning of the federal courts" because "it promotes judicial efficiency, prevents multiplicity of litigation, and minimizes delay 'by forbidding piecemeal disposition on appeal of what for practical purposes is a single controversy.'"  *Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 757 (9th Cir. 2008) (quoting *Cobbledick v. United States*, 309 U.S. 323, 325 (1940)).  Section 1292(b) is a "narrow exception" to the final judgment rule that "provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals."  *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025–26 (9th Cir. 1981) (en banc).  This mechanism is available "only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation"; it is not intended "merely to provide review of difficult rulings in hard cases."  *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

An extraordinary case justifying use of this mechanism is one in which: (1) an order "involves a controlling question of law"; (2) "as to which there is a substantial ground for difference of opinion"; and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"  28 U.S.C. § 1292(b).  "[E]ven when all three statutory criteria are satisfied," however, "district court judges have 'unfettered discretion' to deny certification."  *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1068 (D. Ariz. 2015) (quoting *Brizzee v. Fred Meyer Stores, Inc.*, 2008 WL 426510, at *3 (D. Or. Feb. 13, 2008)).  The burden of proving that an interlocutory appeal is justified lies on the party seeking certification.  *Id.* at 1067.

### A.    Controlling Question of Law

While "[t]he Ninth Circuit's guidance as to what constitutes a controlling question of law is minimal," it is well settled that "the issue need not be dispositive of the lawsuit in order to be regarded as controlling[.]"  *Id.* at 1068 (quotation omitted).  "But at the same time, the issue cannot be collateral to the basic issues of the case."  *Id.* (quotation omitted).

1    "In this Circuit, 'all that must be shown in order for a question to be 'controlling' is that

2    resolution of the issue on appeal could materially affect the outcome of litigation in the

3    district court.'" *Id.* (quoting *Kight v. Eskanos & Adler, P.C.*, No. CIV. 05CV1999-L(AJB),

4    2007 WL 173825, at *2 (S.D. Cal. Jan. 8, 2007)); *In re Cement*, 673 F.2d at 1026.

5         In addition to being "controlling," the issues must be "pure" questions of law.

6    *BDPJ Houston, LLC v. Cont'l Cas. Co.*, No. 2:10-CV-01018-TMB, 2012 WL 13018736,

7    at *2 (D. Ariz. Dec. 27, 2012). "[W]hat the framers of § 1292(b) had in mind is more of

8    an abstract legal issue . . . matters the court of appeals 'can decide quickly and cleanly

9    without having to study the record.'" *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251,

10   1258 (11th Cir. 2004) (quoting *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674,

11   675–77 (7th Cir. 2000)). The issue cannot involve "a mixed question of law and fact or

12   the application of established law to a particular set of facts." *BDPJ Houston, LLC*, 2012

13   WL 13018736, at *2. Stated otherwise, "the crux of [the] issue" cannot be "fact-

14   dependent" or "predicated at least in part on specific factual findings." *Keystone Tobacco

15   Co., Inc. v. United States Tobacco Co.*, 217 F.R.D. 235, 239 (D.D.C. 2003); *Sec. & Exch.

16   Comm'n v. First Jersey Sec., Inc.*, 587 F. Supp. 535, 536 (S.D.N.Y. 1984).

17        The Court assumes without deciding that its Order presents controlling questions of

18   law suitable for resolution on interlocutory appeal. The Court held that the United States

19   failed to prove the applicability of an FTCA exception to jurisdiction. (3/30/20 Order at

20   8.) In the course of so holding, the Court concluded that the United States brought a facial

21   attack, and accordingly "accept[ed] the allegations of the complaint as true" and

22   "afford[ed] [P]laintiffs the benefit of all favorable inferences that can be drawn from the

23   alleged facts." (3/30/20 Order at 2 (quoting *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th

24   Cir. 2004)).) Were the Ninth Circuit to reconsider this issue on interlocutory appeal, it

25   would similarly construe the facts in Plaintiffs' favor before deciding whether an FTCA

26   exception applies. *See Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Arguably,

27   then, these questions could be decided in the abstract without recourse to the record.

28        But so, too, could it be argued that the questions the United States seeks certified

ultimately turn on the particular facts of this case.  For example, were the Ninth Circuit to determine, contrary to the Court's order, that the due care exception is triggered by governmental activity that is authorized—as opposed to mandated—by statute or regulation, it might then consider whether the government in fact exercised due care in carrying out its statutorily authorized activities.  *See Welch*, 409 F.3d at 652 (for due care exception to apply, officer must have in fact "exercised due care").  This might transform the issue into "a mixed question of law and fact" and render it inappropriate for interlocutory review.  *See BDPJ Houston, LLC*, 2012 WL 13018736, at *2.  However, the Court need not definitively resolve this issue: as explained below, the United States has failed to prove the second and third requirements for bringing an interlocutory appeal.

### B.   Substantial Ground for Difference of Opinion

"To determine if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear."  *Couch*, 611 F.3d at 633 (quotation marks and citation omitted).  The mere fact that "settled law might be applied differently" does not suffice to demonstrate a substantial ground for difference of opinion.  *Id.*  The controlling law must be sufficiently unclear that "reasonable jurists might disagree on an issue's resolution[.]"  *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  Three sets of circumstances have historically reflected such a disagreement: (1) "where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point"; (2) "if complicated questions arise under foreign law"; or (3) "if novel and difficult questions of first impression are presented."  *Couch*, 611 F.3d at 633 (quotation marks and citation omitted).  None of these circumstances are present here.

### 1.   Circuit Dispute and Ninth Circuit Silence

The United States argues that "contradictory precedent already exists with respect to application of the due care and discretionary function exceptions."  (Mot. at 6.)  To determine whether the due care exception applied, the Court's Order invoked a two-part

test from *Welch v. United States*.[2]  (3/30/20 Order at 5.)  *Welch* applies the due care exception where: (1) a statute or regulation "specifically pr[e]scribes a course of action for an officer to follow," and (2) "the officer exercised due care in following the dictates of that statute or regulation."  *Welch*, 409 F.3d at 652 (citing *Crumpton v. Stone*, 59 F.3d 1400, 1403 (D.C. Cir. 1995)).   The Court concluded that because the United States failed to prove *Welch*'s first prong, the due care exception did not apply.  (3/30/20 Order at 6.)

The United States takes issue with this first prong.  It contends that the due care exception applies not just to government conduct that is mandated by statute or regulation, but also to government conduct that is merely authorized by the same.  (Mot. at 6, 7.)  The United States seeks to prove the existence of a circuit dispute by citing two cases— *Hydrogen Technology Corp. v. United States*[3] and *Porter v. United States*[4]—which it contends are "arguably inconsistent" with *Welch*'s first prong.  (Mot. at 7; *see* 3/30/20 Order at 5.)

Neither *Hydrogen Technology* nor *Porter* provide a substantial ground for different opinions.  First, both cases pre-date *Welch*, so the respective courts had no chance to evaluate *Welch*'s first prong.  Second, neither case is inconsistent with *Welch*'s first prong. The *Hydrogen Technology* plaintiff did not "contest[] that the FBI was acting pursuant to its statutory duties[,]" but rather "limited its claim to the FBI's alleged lack of due care." 831 F.2d at 1160 n.5.  In other words, *Hydrogen Technology* bears only on *Welch*'s second prong, which the United States does not take issue with.  (*See generally* Mot.)  The *Hydrogen Technology* court had no opportunity to discuss whether the due care exception shields only acts mandated by statute or regulation, or extends to acts that are merely authorized by the same.  *See id.*  *Porter* similarly does not undermine the first prong of *Welch*: *Porter* "assumed that the [government agents] . . . were properly carrying out their appointed functions" and made no inquiry into whether the government was required to prove that it acted pursuant to a statutory or regulatory mandate.  473 F.2d at 1336–37.

---

[2] 409 F.3d 646 (4th Cir. 2005).
[3] 831 F.2d 1155, 1163 (1st Cir. 1987).
[4] 473 F.2d 1329, 1332 (5th Cir. 1973).

1    Further, the United States' argument that reasonable jurists might dispute *Welch*'s

2    first prong is undermined by the fact that other district courts have relied on *Welch* to

3    determine whether the due care exception applies.  *See Ferguson v. United States*, No.

4    15CV1253 JM (DHB), 2016 WL 4793180, at *7 (S.D. Cal. Sept. 14, 2016) (applying

5    *Welch*'s two-part test); *Kwai Fun Wong v. Beebe*, No. CIV. 01-718-ST, 2006 WL 977746,

6    at *7–8 (D. Or. Apr. 10, 2006) (same).  As in *Couch*, the United States "ha[s] not provided

7    a single case that conflicts with the district court's construction or application of [the statute

8    at issue]."  *See* 611 F.3d at 633.  And the United States has not demonstrated any other

9    "credible basis for a difference of opinion" regarding the accuracy of *Welch*'s first prong.

10   *See Reese*, 643 F.3d at 688.  The United States has thus failed to prove that circuits dispute

11   the appropriate test to determine whether the FTCA's due care exception applies.

12   The United States similarly fails to demonstrate that circuits dispute the test

13   governing the discretionary function exception.  In its Order, the Court cited a United States

14   Supreme Court case for the applicable standard:

15   
16          The discretionary function exception bars claims arising from
             governmental actions that (1) "involv[e] an element of
             judgment or choice" and (2) are "based on considerations of
17          public policy."

18   (3/30/20 Order at 6 (*citing United States v. Gaubert*, 499 U.S. 315, 322–23 (1991).)  The

19   United States does not take issue with this standard.  Rather, it vaguely argues that Ninth

20   Circuit precedent "does not foreclose" application of the discretionary function exception

21   to the facts this case.  (Mot. at 11; *see id.* at 13 (arguing application of the exception is "left

22   open").)  Such an argument—aside from turning this issue into a fact-dependent inquiry

23   not appropriate for interlocutory review—falls far short of demonstrating a circuit dispute.

24   *See Couch*, 611 F.3d at 633–34 (emphasizing the high threshold showing required to justify

25   interlocutory review).  Similarly, the United States' argument that *Borquez v. United*

26   *States*[5] controls, rather than *Welch*, is insufficient to make such a demonstration.  *See*

27   *Couch*, 611 F.3d at 633 ("[J]ust because counsel contends that one precedent rather than

28   

---

[5] 773 F.2d 1050 (9th Cir. 1987).

another is controlling, does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.").  The United States has not established that this case fits into the first of three sets of circumstances historically recognized as demonstrating a substantial ground for difference of opinion.

### 2.      Complicated Questions under Foreign Law

This case involves no foreign law.  It therefore does not fall into the second of three sets of circumstances historically recognized as demonstrating a substantial ground for difference of opinion.

### 3.      Novel or Difficult Questions of First Impression

The United States suggests that because "the Ninth Circuit has not addressed what is required to trigger the due care exception," this case presents a novel or difficult question of first impression.  (Mot. at 6.)  But the "mere presence" of a disputed issue that is a question of first impression, "standing alone," is insufficient to demonstrate a substantial ground for difference of opinion.    *Couch*, 611 F.3d at 634 (quotation omitted). Demonstrating a "dearth of cases" is likewise insufficient.  *See Union Cty., Iowa v. Piper Jaffray & Co*., 525 F.3d 643, 647 (8th Cir. 2008); *Couch*, 611 F.3d at 634 (citing *Union County* favorably); *accord U.S. ex rel. Hollander v. Clay*, 420 F. Supp. 853, 859 (D.D.C. 1976).  Besides, as discussed above, several other district courts in this circuit apply *Welch*. *See Ferguson*, 2016 WL 4793180, at *7; *Kwai Fun Wong*, 2006 WL 977746, at *7–8.  The United States has failed to prove that this case falls into the third type of cases historically recognized as demonstrating a substantial ground for difference of opinion.

The United States has not otherwise proved that reasonable jurists could hold differing opinions about the accuracy of *Welch*'s first prong.  The United States posits that "the text of the due care exception itself suggests that the *Welch* standard is too demanding" and speculates that "the Ninth Circuit could conclude that the relevant inquiry is whether [the] federal statute authorized the referral of Plaintiffs for criminal prosecution and authorized the transfer of their children into HHS custody"  (Mot. at 8.)  Were such arguments sufficient, interlocutory review would cease to be limited to "exceptional cases"

1   and would risk swallowing up the final judgment rule entirely.  Such a result is untenable.

2   *See McFarlin*, 381 F.3d at 1259 ("The proper division of labor between the district courts

3   and the court of appeals and the efficiency of judicial resolution of cases are protected by

4   the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception

5   to it."); *Romoland Sch. Dist.*, 548 F.3d at 757 (summarizing that final judgment rule is

6   "essential to the proper functioning of the federal courts" because "it promotes judicial

7   efficiency, prevents multiplicity of litigation, and minimizes delay").

8          **C.      Material Advancement of the Ultimate Termination of the Litigation**

9          Even had the United States carried its burden of proving a substantial ground for

10  difference of opinion, it has failed to show that interlocutory appeal would materially

11  advance the ultimate termination of litigation.  This requirement "means that resolution of

12  a controlling legal question would serve to avoid a trial or otherwise substantially shorten

13  the litigation."  *McFarlin*, 381 F.3d at 1259.

14         The United States' primary argument is that "a ruling in the United States' favor on

15  interlocutory appeal would significantly advance the termination of other claims" at issue

16  in the related case of *A.P.F. v. United States*, No. 1:10-cv-00065.  (Mot. at 14.)  The United

17  States' Motion, however, fails to explain or even address why an interlocutory appeal

18  would materially advance the ultimate termination of the litigation in *this* case.  (*See*

19  *generally* Mot.)  In its Reply, the United States adds only that "the equities weigh heavily

20  in favor of the United States' interest in having the controlling issues, which bear on its

21  sovereign immunity, resolved as soon as possible."  (Reply at 9.)  This added policy

22  consideration is irrelevant.  *See Couch*, 611 F.3d at 635 ("A district court confronting a

23  motion to certify pursuant to § 1292(b) should remain focused on the statutory

24  requirements, not policy considerations which may or may not be furthered by

25  certification.").

26         The United States has failed to demonstrate that this case presents issues historically

27  found appropriate for interlocutory review, and has failed to otherwise demonstrate that

28  this case presents circumstances exceptional enough to override traditional finality

concerns.  The Court therefore denies the United States' request for certification under 28 U.S.C. § 1292(b).

### III.    CONCLUSION

The United States has failed to prove either the existence of a substantial ground for disagreement or that interlocutory appeal would materially advance the termination of litigation in this case.  For these two independent reasons, the Court denies the United States' Motion for Certification under 28 U.S.C. § 1292(b).

**IT IS ORDERED** denying Defendant United States' Motion for Certification of the Court's 3/30/20 Order Pursuant to 28 U.S.C. § 1292(b) (Doc. 40).

Dated this 6th day of July, 2020.


_____
Susan R. Bolton
United States District Judge