# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-19-05217-PHX-SRB<br><br>**ORDER** |

In the Case Management Order entered on June 18, 2020 the Court ordered the parties to meet and prepare a discovery plan. (Doc. 47) Their Joint Discovery Plan was filed on August 18, 2020. This Order will approve the Joint Discovery Plan to the extent of the parties' agreements therein and resolve the disputes between the parties discussed in the Plan.

## DEPOSITIONS

Plaintiffs and Defendant are not in agreement regarding the number of depositions that can be taken. Plaintiffs say that it is premature to place a numerical cap on depositions until the majority of documents are produced by the government which will occur after search terms are run and electronically stored information (ESI) is produced over the next several months. Plaintiffs propose a scheduled meet and confer to agree on depositions

after they review the documents and initial depositions. Alternatively, Plaintiffs propose three to five depositions for each Plaintiff mother and Plaintiff child which translates to between 30 and 50 depositions. Plaintiffs point out that Defendant has disclosed the names of 68 individuals who may have discoverable information related to individual Plaintiffs. Plaintiffs estimate a need for an additional ten to fifteen depositions of governmental officials without direct involvement with any of the Plaintiffs.

Defendant argues for a numerical limit of 21 depositions for Plaintiffs comprised of fifteen regarding Plaintiff-specific claims, three Rule 30(b)(6) depositions and three government witnesses who are not Cabinet level officials, heads of federal agencies or White House officials or advisors. Defendant proposes that it be permitted the same number of depositions as Plaintiffs. Defendant also suggests that, based on the significant Plaintiff-specific document production to date, Plaintiff should be able to determine the number of Plaintiff-specific depositions that are necessary. Defendant also argues that Plaintiffs have received sufficient information from the discovery disclosed to date and from publicly available information from the media, Congress, and the Offices of the Inspector General to advise the Court of the individuals they wish to depose relating to the development and implementation of the family separation policy.

At the present time the Court will allow Plaintiffs a total of 15 depositions related to Plaintiff-specific claims and ten depositions of government officials related to the creation, development and implementation of the family separation policy. These may be Rule 30(b)(6) depositions or depositions of named witnesses but shall not include current or former Cabinet level officials, heads of agencies or White House officials or advisors. Depositions of these government officials shall proceed as outlined in the parties' Plan at Stage 6.

At the present time, Defendant shall be limited to 15 depositions related to Plaintiff-specific claims. It is not apparent to the Court that Defendant has a need to take non-Plaintiff-specific depositions. If such a need develops the parties shall meet and confer to attempt to reach agreement on those additional depositions. If agreement fails, the parties

1  shall seek leave of Court following the procedure set out in Part 6 of the Case Management Order.

If Plaintiffs exhaust the number of depositions authorized above and wish to take additional depositions of named witnesses or additional 30(b)(6) depositions the parties shall meet and confer to attempt to reach agreement and failing an agreement seek leave of Court following the procedures set out in Part 6 of the Case Management Order.

**TRACKING AND REUNIFICATION ALLEGATIONS**

The parties have a disagreement about ESI search terms, document custodians and end dates relating to the tracking and reunification of separated families. Plaintiffs point out that their Complaint alleges that they were harmed by the government's failure to track families and the related failures to facilitate adequate communication between and provide sufficient information to family members. Plaintiffs argue that the ESI they seek is directly relevant to their claims of intentional infliction of emotional distress and negligence and to whether the government exercised due care in carrying out the family separation policy. Plaintiffs propose an end date of November 30, 2018 when the last Plaintiffs were released from detention. The Defendant proposes an end date of June 26, 2018 the date the federal court enjoined the family separation policy.

Plaintiffs state that publicly available documents reflect that much of the tracking and reunification of families, including Plaintiffs, took place in the months following the June 26, 2018 injunction and that the Department of Homeland Security Inspector General's report related to family separation was issued on September 27, 2018 and was delivered to Customs and Border Protection and Immigration and Customs Enforcement custodians and likely other policy-level custodians who likely have relevant discoverable information related to the findings in the Inspector General's report. Plaintiffs argue that it is unlikely that policy-level custodians stopped generating or receiving relevant documents on the day the injunction issued. Plaintiffs also say they and likely other separated families underwent mental health examinations after June 26, 2018 which were communicated to and discussed among policy makers after June 26, 2018.  Plaintiffs reject Defendant's

position that rather than ESI expanded searches, specific targeted discovery requests from Plaintiffs should suffice.

Defendant's proposal seeks to limit tracking and reunification discovery to the Plaintiffs in this case and argues that Defendant should not be required to run searches on alleged failure to track and reunify family members generally. Because this lawsuit is not a legal challenge to any alleged failures to track or reunify on a general programmatic level, the alleged failures regarding tracking and reunifying are part of Plaintiffs alleged damages according to the Defendant. Defendant also asserts that additional search terms related to tracking and reunification are unnecessary because the agreed upon ESI is sufficiently broad to encompass documents containing information relating to tracking and reunification and that much of this information is already publicly available. Defendant also argues that the Plaintiffs conflate the end date for information related to their individual claims with information relating to the creation and implementation of the policies that resulted in their separations. Defendant says there is not disagreement about the end date of documents related to Plaintiffs but only to documents related to the creation, development and implementation of the family separations policy and the end date of the family separation policy is the date of the injunction, June 26, 2018. Defendant suggests that, if there were relevant documents generated after June 26, 2018, Plaintiffs should use specific targeted discovery rather than burdensome ESI searches of numerous custodians for an additional five months.

On this issue the Court agrees with the Defendant's proposal. Searching ESI is costly and burdensome and in this case the burden and cost falls entirely on the Defendant. The parties have reached an agreement on numerous terms and custodians and a significant time period. The Court concludes that without a later showing of good cause the end date for the ESI search across the agreed upon custodians is June 26, 2018 and it is only Plaintiff-specific ESI discovery that continues through November 20, 2018.

**DISCOVERY PLAN**

The parties propose a six-stage discovery plan which the Court finds acceptable due

to the complexity of the discovery in this case. There are a few disputes between the parties which the Court will resolve.

Stage 1 is the period for ESI production and written discovery requests. Plaintiffs propose an end date of November 30, 2020 and Defendant proposed December 31, 2020. The Court will allow until December 31, 2020 for the completion of Stage 1. And while ESI production will be on a rolling basis, substantially all of the ESI production shall be complete by December 31, 2020.

There is a dispute about the policy witnesses who can be deposed in Stage 4. Plaintiffs agree that the depositions will not include current or former Cabinet level officials or White House officials or advisors. Defendant wants to also exclude current or former heads of federal agencies from depositions in Stage 4. The Court agrees with Defendant on this exclusion. Current and former heads of federal agencies' depositions shall be in Stage 6. The Court makes no comment on the Defendant's position that current and former Cabinet level officials, White House officials and advisors and/or heads of federal agencies can only be deposed upon a showing of heightened need.

The Court adopts and approves the Joint Discovery Plan with the limitations and clarifications detailed in this Order.

Dated this 25th day of August, 2020.

_____
Susan R. Bolton
United States District Judge

- 5 -