# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., et al., | No. CV-19-05217-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |
| A.P.F., et al., | No. CV-20-00065-PHX-SRB |
| Plaintiffs, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

The parties submitted a Joint Status Report on February 1, 2021 as ordered by the Court at the telephonic conference held on December 10, 2020 (Doc. 81). At the December 10, 2020 conference the parties advised of an agreement to use a Technology Assisted Review (TAR) validation process to analyze approximately 1 million identified ESI documents to a subset of most relevant documents. That process has been concluded within the time ordered by the Court and has yielded fewer than 90,000 documents that constitute the policy-level ESI to be produced after a privilege review. Plaintiffs suggest that the total number of documents for review may be significantly less than 90,000 after further de-duplication efforts are undertaken.

…

Plaintiffs ask the Court to order that the production of the non-privileged ESI and the privilege log be on a rolling basis and completed by April 2, 2021.  Plaintiffs also remind the Court that the original deadline for completion of the production of policy-level ESI was December 31, 2020 (Doc. 61). The government has proposed a deadline for production of July 31, 2021 arguing that this much time is required based on the volume of ESI, the claimed complexity of the ESI and available resources. Before the government knew that its production would be less than 90,000 out of 1 million documents, it had estimated that it could complete the ESI production by April 30, 2021. Although disputing Plaintiffs' statement that there are four or five levels of review, the government tells the Court that there must be coordination among multiple agencies and components in the government for privilege review of the ESI before it can be produced and further review by the White House of documents containing or reflecting communications with the White House.

The Court has previously expressed its lack of sympathy for the multiple levels of review that the government argues must delay the ESI production. Completion of this production by July 31, 2021 is unreasonable given the reduced volume of documents and the length of time these cases have been pending. This is not production requested by Plaintiffs but mandatory disclosure under the Rules of this Court.  Moreover, these are not the only cases where review and production of these documents will most likely be required. Counsel for the government has acknowledged the existence of several other similar cases in other District Courts that are in earlier stages of prosecution. The review and production of this ESI should be a priority for the Department of Justice and the other agencies and offices which generated relevant ESI.  Extension of completion seven months after originally ordered will not be granted.

The Court will set April 30, 2021 as the date for completion of the mandatory disclosure of policy-level ESI and the privilege log.[1]  This production shall be made on a

---

[1] The Court acknowledges the discussion by both sides of the outstanding Requests for Production of Documents related to the October 2020 Department of Justice Office of Inspector General Report but will not further comment on that production or its timeliness as the parties are still engaged in good faith talks about the production except to state that

1  rolling basis but the Court will not order specific intervals for production as requested by
2  Plaintiffs.
3        IT IS ORDERED that the deadline for substantial completion of the production of
4  policy-level ESI and a privilege log is April 30, 2021.
5        IT IS FURTHER ORDERED that the production of both the ESI and the privilege
6  log be on a rolling basis.

Dated this 16th day of February, 2021.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge

---

the Court does not find that this outstanding request justifies the unreasonable date for policy-level ESI disclosure proposed by the Government.