IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV-19-05217-PHX-SRB <br><br> **ORDER** |
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S. on his own behalf and on behalf of his minor child, H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. CV-20-00065-PHX-SRB |

As ordered by the Court, the United States provided for *in camera* review 143 documents for which attorney-client and/or work product privilege was claimed.[1] The documents showed transparent redactions so that the Court could review the undisclosed parts of the documents. The United States also provided the privilege logs. The documents reviewed by the Court under the claim of attorney-client and/or work product privilege were highlighted in yellow on the privilege logs. Few of these documents were withheld in their entirety but were only partially redacted. Most of the documents were not unique but were listed several times with identical or near identical redactions.

## I.   ATTORNEY-CLIENT/WORK PRODUCT PRIVILEGE SUSTANINED

After its review, the Court finds that the following Bates numbered pages[2] were properly redacted to protect attorney-client and/or work product privilege:

> #7515-7517, #7518-7520, #7521-7523, #7616-7618, #7619-7622, #7623-7625 (a developing email string from February 27, 2018, with substantially the same redactions)
>
> #8496-8497 (an email string dated May 29-30, 2018)
>
> #8605-8607 (an email string dated May 31 and June 1, 2018)
>
> # 8628-8629 (email string with identical redaction as #8496-8497)
>
> #8847-8848, #8849-8850, #8883-8884, #8893-8894, #8957-8958 (these are the first of numerous copies of two documents titled Zero Tolerance Immigration Prosecutions-Family Fact Sheet and Zero Tolerance Immigration Prosecutions Frequently Asked Questions

---

[1] An additional 35 documents were submitted for which other privileges are claimed. Those documents will be the subject of a subsequent Order.

[2] The last 4 or 5 digits of the Bates numbers are used.

with minimally redacted legal advice comments in margin on drafts.)

#9305-9306, #9807-9308 (two versions of same email chain dated June 20, 2018, regarding El Centro with identical redaction of legal advice)

#9965-9966, #10204-10205 (same email chain as #8496-8497. The additional redaction on the top of #9965 is not redacted on #8496 and #10204.)

#10344-10345, #10346-10347, #10390-10391 (same as Fact Sheet and Frequently Asked Questions with same redactions)

#10440-10441 (same as #9307-9308)

#10581-10583, #10675-10677, #10678-10680, #10681-10684 (same email chain from February 27, 2018, with one line of additional redaction on #10581 of David Wetmore comment on a Supreme Court case which is neither legal advice nor work product and shall be produced.)

#12341-12342, #12343-12344, #12362-12363, #12364-12365, #12392-12393 (same Family Fact Sheet and Frequently Asked Question with same redacted legal advice comments.)

#12476 (privileged portion redacted)

# 12560-12561, #12562-12563, #12565-12566, #12568-12569, #12572-12573, #12574-12575 (same email string regarding El Centro with same redactions as #9305-9306)

#12632-13647 (this is a developing email chain properly redacted for privilege)

#13378-13379 (same as #8496-8497)

3

#14016-14017, #14018-14019, #14025-14026, #14027-14028, 14034-14035, #14036-14037, #14047-14048, #14049-14050, #14128-14129, #14132-14133, #14135-14136 (same Family Fact Sheet and Frequently Asked Questions with same redactions.)

#14222 (properly redacted for privilege)

#14335 (properly redacted for privilege)

#14584-14585, #14586-14587 (properly redacted for privilege)

#14593-14613 (same email string regarding El Centro as #9305 with same redactions except that part of the first email in the string from Gloria Chavez was redacted in at least one of the documents but fully disclosed in almost all of them.)

#14617-14634 (same email chain as #14584 with same redactions.)

#15080-15097 (email chain properly redacted for privilege.)

## II.     ATTORNEY-CLIENT/WORK PRODUCT PRIVILEGE REDACTIONS OVERRULED.

There are several documents that the Court finds were redacted and are not privileged.

#10553-10556 (#10553 is a fully redacted first page of a publicly filed Order of the United States District Court for the District of Columbia.  The remaining three pages were not redacted.  There is no privilege attached to this page of the document and in any event the case and docket numbers on the unredacted three pages allows access to the public docket for this case.)

4

        #10558-10561 (redacted in its entirety is a published decision of the Board of Immigration Appeals. No privilege attaches to this public record.)

        #10581 (As mentioned above, with respect to the redaction of the first email from David Wetmore, the Court finds it neither attorney-client nor work product privileged and it shall be produced.)

        #12582, #12583-12584, #12590-12591, #14530, #14531 (identical redactions in 5 emails. Email from Matt Watters to John Bash does not appear to be privileged and shall be produced)[3]

### III.  DOCUMENTS FOR WHICH THERE IS INSUFFICIENT INFORMATION.

There are four identical fully redacted copies of a document titled "DHS Response to DOJ Analysis of Litigation Risk Associated with Draft MOA between ORR and DHS." The Privilege Log states that it is withheld as attorney-client and work product privileged because it is a draft providing DHS's response to DOJ's "analysis of risk associated with a draft MOA between ORR and DHS regarding consultation and information sharing in UAC matters." The Court has several questions about this document and the claim of attorney-client and work product privilege. First, was a final of this document produced? It is marked "Pre-Decisional Draft." Second, is this a claim of attorney-client privilege or work product privilege? It doesn't appear that DHS was seeking legal advice from DOJ. Rather DHS appears to be critical of a DOJ risk analysis it had been given. Third, was the DOJ risk analysis produced? It is not part of the documents reviewed by the Court *in camera*.

---

[3] The privilege log states that the email is between senior officials discussing El Centro guidance including a discussion of legal issues regarding selective prosecution. These emails relate to Del Rio Texas and not El Centro California.

Fourth, if the claim is work product, whose work product is it and why should it be protected?

On May 30, 2018, USA Today published an editorial that upset an individual by the name of Jonathan Hoffman at DHS Headquarters.  The email Hoffman sent to individuals at DHS and to Gene Hamilton at DOJ is fully redacted and most of the responses are fully redacted.  A few are sometimes redacted and other times not redacted.  For example, Hoffmans' May 30 email at 11:43 p.m. and Hamilton's email on May 31 at 6:17 a.m. are sometimes redacted and sometimes not.  Emails from Tracy Short and Nancy Baroukh are sometimes redacted and sometimes not. These emails about the USA Today editorial are overly redacted.  There is some arguable legal advice being given but for the most part the email responses are advice about how best to respond to the editorial and to the public relations issue it created.  As an example, the response by Adam Loiacono appears to be his opinion on the best way to word a response and while it may include some minimal legal analysis, it is fully redacted.  The Court directs the United States to look at the USA Today editorial related email strings again and produce a final version that has no redactions for emails inconsistently previously redacted and to leave redacted only those portions of emails that are clearly legal analysis and not advice about how best to respond to the editorial or to the public relations issues the editorial created.

### IV.   CONCLUSION

The Court finds for the most part that the redactions made by the government based on the attorney-client/work product privileges were carefully and correctly done.  The few instances where the Court finds the privileges not available are in Part II above and those documents shall be produced without the redactions overruled by the Court.  Regarding the additional information required for the Court to rule on the

documents related to the "DHS Response to DOJ Analysis of Litigation Risk Associated with Draft MOA between ORR and DHS" the government shall provide the Court and Plaintiffs with its response in not more than 10 days.

IT IS ORDERED granting in part and denying in part that portion of Plaintiffs' Motion to Compel Discovery Withheld by the Government Based on Improper Privilege Assertions regarding attorney-client and work product privilege.

Dated this 15th day of February, 2022.

Susan R. Bolton
United States District Judge