BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General,
Civil Division
JAMES G. TOUHEY, JR.
Director, Torts Branch
PHILIP D. MACWILLIAMS
D.C. Bar No. 482883
Trial Attorney
IRINA M. MAJUMDAR
D.C. Bar No. 252757
Trial Attorney
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285
Facsimile: (202) 616-5200

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., | No. 2:19-CV-05217-SRB |
| Plaintiffs, | **UNITED STATES' RESPONSE TO PLAINTIFFS' REQUEST FOR IN CAMERA REVIEW OF ADDITIONAL DOCUMENTS (ECF 134)** |
| v. | |
| United States of America, | |
| Defendant. | |

On January 27, 2022, the Court heard arguments on Plaintiffs' motion to compel based on the government's assertions of the deliberative process privilege, attorney-client privilege, and attorney work product doctrine.  *See C.M. et al. v. United States*, Civil Action No. 2:19-CV-05217 (D. Ariz.), Dkt. 130; *A.P.F. et al. v. United States*, Civil Action No. 2:20-CV-00065 (D. Ariz.), Dkt. 129.  C.M., Dkt. 120; A.P.F., Dkt. 11.  At the hearing, the United States explained that for the purpose of evaluating the Department of Justice's assertions of the deliberative process privilege, it had identified 35 "unique" documents which "encompass the variants of the 399 documents" in the April 9, 2021 re-production with claims of the deliberative process privilege.  *See* Hr'g Tr. at 17: 9-10.   Following the hearing, the Court issued a minute order requiring the United States to submit those 35 documents for *in camera* review, along with documents containing claims of the attorney-client privilege and work product doctrine.  *See C.M.*, Dkt. 130; *A.P.F.*, Dkt. 129.

On February 3, 2022, the United States submitted to the Court for *in camera* review the 35 deliberative process privilege documents discussed at the hearing and 143 documents exclusively with assertions of the attorney-client privilege and the attorney work product doctrine (*i.e.*, those 143 documents having no claims of privilege other than attorney-client or attorney work product).  The United States provided Plaintiffs with the Bates numbers of the 35 documents the following day.

On February 9, 2022, Plaintiffs filed a motion requesting that "the Court order Defendant to submit for review *in camera* [an] additional 26 documents." *C.M.*, Dkt. 134, at 2-3; *A.P.F.*, Dkt. 133, at 2-3 ("Filing").  The United States of course will provide the court with any additional documents the Court believes necessary to review in order to rule on Plaintiffs' motion to compel.  It is the United States' position, however, that *in camera* review of the additional documents proposed by Plaintiffs' would be superfluous for the reasons set forth below.

## I.      Variants of the Reports and Executive Order 13841

The United States submitted for *in camera* review two draft reports: (1) "Report on Securing the Southern Border of the United States" (**CD-US-00013036A**) and (2) "Report on Ending 'Catch and Release' at the Border of the United States" (**CD-US-00010206A**)

and its companion report, "Report on Resources and Authorities Required to Expedite the End of Catch-and-Release Practices" (**CD-US-00008778A**). Additionally, the United States submitted a draft of Executive Order 13841, Affording Congress an Opportunity to Address Family Separation (**CD-US-00009259A**), and an e-mail discussion of the draft Executive Order (**CD-US-00009254A**).

In their filing, Plaintiffs suggest that the Court may need to view all versions of the draft Reports and Executive Order to evaluate whether the Department of Justice's claim of the deliberative process privilege applies to each version. Filing at 6-7. However, as the United States explained at the hearing, while multiple draft versions of the Reports and Executive Order were circulated among government officials for review and discussion, the Court need only view one version of the document to assess the Department of Justice's claims of the deliberative process privilege with respect to variants of that document. *See* Hr'g Tr. at 18:8-15. Although there may be edits and comments on the draft Reports and Executive Orders that vary from version to version, the claim of the deliberative process privilege for each document will remain largely the same because the topics addressed in the documents are the same. For the draft Reports and drafts of the Executive Order, regardless of the particulars of the edits and comments, both the determination of whether the document is pre-decisional and deliberative, and the Court's evaluation of whether Plaintiffs' need for the document can overcome the privilege, apply to all versions of the document. As such, the United States' approach was intended to make it less burdensome for the Court to assess the Department's claims of the deliberative process privilege by reducing the total number of documents for *in camera* review.[1]

This reasoning also applies to the produced e-mails discussing edits to and comments on the substance of the draft Reports and drafts of the Executive Order. The Department's claims of the deliberative process privilege on the draft Reports and drafts of the Executive Order logically extend to the substantive discussions of proposed edits and comments in the e-mails circulating those documents.

---

[1] In the April 2021 re-production, there were nearly 100 documents which contain variations of the draft Reports and substantive e-mail discussions of edits and comments with respect to those documents.

II.   **Documents Were Not Excluded from the United States' *In Camera* Submission**

In their filing, Plaintiffs identify nine documents purportedly "excluded" from the United States *in camera* submission.  Filing at 3.  Specifically, Plaintiffs argue that for those nine documents, "no version of these documents or portion of these email threads appears to have been included in Defendant's Sample Set."  *Id.*  That assertion is not accurate.  As to the nine documents identified by Plaintiffs:

- **CD-US-00010903A**: This document is a version of **CD-US-00011436A**, which was included in the United States' submission.

- **CD-US-00011128A**: This document is a version of the "Report on Securing the Southern Border of the United States."  A version of this report, **CD-US-00013036A,** was included in the United States' *in camera* submission.[2]

- **CD-US-00012702A** and **CD-US-00013235A**: These documents are e-mail discussions of edits to the "Report on Securing the Southern Border of the United States."  As explained above, for the purpose of assessing the Department's claim of the deliberative process privilege, these documents are a version of **CD-US-00013036A**, which was included in the United States' *in camera* submission.

- **CD-US-00009607A** and **CD-US-00008345A**: These documents are e-mail discussions of edits to the "Report on Ending 'Catch and Release' at the Border of the United States."   As explained above, for the purpose of assessing the Department's claim of the deliberative process privilege, these documents are a version of **CD-US-00010206A**, which was included in the United States' *in camera* submission.

- **CD-US-00009315A**; **CD-US-00012577A**; and **CD-US-00012579A**: These documents are versions of **CD-US-00014532A**, which was included in the United States' *in camera* submission.

---

[2] It is clear from the unredacted first page of the document, which contains the draft Report's title, that it is a version of the "Report on Securing the Southern Border of the United States."

### III.    E-mail Variants

Plaintiffs argue that the United States' *in camera* submission "failed to account for 'variations' of an e-mail thread, i.e., unique discussions and side conversations branching off from a common parent e-mail." Filing at 4. At the hearing, this Court recognized that "e-mail chains can result in hundreds and hundreds of documents, and when you look at it it's one long document." Hr'g Tr. at 17:24-25 – 18:1. Additionally, the United States explained at the hearing that while the e-mail threads may have "different resolutions," Hr'g Tr. at 13:2, the threads discuss the same subject matter and one representative thread can be reviewed for the purpose of "simplifying" the Court's evaluation of the deliberative process privilege, *see* Hr'g Tr. at 18:4-7. Accordingly, *in camera* review of Plaintiffs' proposed additional documents would be redundant. For clarity, however, the United States provides the following information with respect to the documents identified by Plaintiffs:

- **CD-US-00010535A**; **CD-US-00009120A**; **CD-US-00009127A**; **CD-US-00009143A**; **CD-US-00009198A**; **CD-US-00009137A**; **CD-US-00009224A**; and **CD-US-00009214A**: These documents discuss edits to the substance of the draft Executive Order 13841. As explained above, for the purpose of evaluating the Department's claims of the deliberative process privilege, these documents are a version of **CD-US-00009254A**, which was included in the United States' *in camera* submission.

- **CD-US-00007892A**; **CD-US-00012690A**; **CD-US-00013857A;** and **CD-US-00015348**: These documents are e-mail threads. The United States has submitted for *in camera* review representative versions of each of these e-mail threads in which the subject matter discussed is fully captured. **CD-US-00007892A** is a version of **CD-US-00007886A**, which was included in the United States' *in camera* submission. **CD-US-00012690A** is a version of **CD-US-00011281A**, which was included in the United States' *in camera* submission. **CD-US-00013857A** is a version of **CD-US-00013758A,** which was included in the United States' *in camera* submission. **CD-US-00015348** is a version of **CD-US-00016355A**, which was included in the United States' *in camera* submission.

- **CD-US-00013869A** and **CD-US-00013872**:   The redacted portion of both documents is completely encompassed within **CD-US-00014239A**, which was included in the United States' *in camera* submission, making the submitted document the more "complete" version.

- **CD-US-00013638A** and **CD-US-00013639A**:  These documents discuss the same subject matter as **CD-US-00008585A**, which was included in the United States' in *camera* submission.   **CD-US-00008585A** is a more in-depth discussion of the subject.

- **CD-US-00010905A**:  This document is a version of **CD-US-00011436A**, which was included in the United States' *in camera* submission.

IV.    **Attorney-Client Privilege and Attorney Work Product Doctrine**

In addition to requesting that the United States submit an additional 26 documents for *in camera* review of the Department's assertions of the deliberative process privilege, Plaintiffs also request that the Court review the United States' claims of the attorney-client privilege and the attorney work product doctrine on all documents submitted on February 3, and not just the 143 documents exclusively with claims of the attorney-client privilege or attorney work product.  Filing at 7.

After Plaintiffs' filing, on February 15, 2022, this Court issued an order regarding the United States' claims of the attorney-client privilege and attorney work product doctrine on the 143 documents submitted for *in camera* review.   *See C.M.*, Dkt. 136; *A.P.F.*, Dkt. 136 ("Order").   The Court held that "for the most part . . . the redactions made by the government based on the attorney-client/work product privileges were carefully and correctly done."  Order at 6.  Based on this Order, the United States believes Plaintiffs' request for the Court to view additional documents to assess the government's assertions of attorney-client privilege and attorney work product to be moot.  Accordingly, if Plaintiffs seek to further challenge the government's assertions of the attorney-client privilege and the attorney work product doctrine, they should do so with respect to specific documents, rather than continuing their sweeping challenge to all such claims.

Submitted this 17th day of February, 2022.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General,
Civil Division
JAMES G. TOUHEY, JR.
Director, Torts Branch
*s/ Phil MacWilliams*
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
IRINA M. MAJUMDAR
Trial Attorney
D.C. Bar No. 252757
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285
Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Phil MacWilliams*
PHILIP D. MACWILLIAMS
Attorney for United States of America