David B. Rosenbaum, 009819
Emma J. Cone-Roddy, 034285
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
econe-roddy@omlaw.com
*Counsel for C.M Plaintiffs*
(*Additional Counsel Listed on the Signature Page*)

Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5493
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
agaona@cblawyers.com
*Counsel for A.P.F. Plaintiffs*
(*Additional Counsel Listed on Signature Page*)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. 2:19-cv-05217-SRB <br><br><br> **REPLY IN SUPPORT OF PLAINTIFFS' REQUEST FOR *IN CAMERA* REVIEW OF ADDITIONAL DOCUMENTS** |
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S. on his own behalf and on behalf of his minor child, H.Y.; J.D.G. on his own behalf and on behalf of his minor child, | No. 2:20-cv-00065-SRB |

|   |   |
|---|---|
| 1 | M.G.; H.P.M. on his own behalf and on behalf |
| 2 | of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; |
| 3 | and R.Z.G. on his own behalf and on behalf of his minor child, B.P., |
| 4 |  |
| 5 | Plaintiffs, |
| 6 | v. |
| 7 | United States of America, |
| 8 | Defendant. |

9  Defendant does not refute that Plaintiffs' February 9, 2022 request for *in camera*
10 review of additional documents, *C.M.* Dkt. 134, *A.P.F.* Dkt. 133 (the "Request"),
11 identified communications that were not included in Defendant's submission of "35
12 unique documents" to the Court, which Defendant previously stated "encompass the
13 variants of the 399 documents" with deliberative process privilege claims ("Sample
14 Set"). *See* Hr'g Tr. at 17:6-10; *C.M.* Dkt. 138, *A.P.F.* Dkt. 137 (the "Response").
15 Defendant nonetheless opposes Plaintiffs' narrowly tailored request, arguing that
16 further *in camera* review would be "redundant." Response at 5.

17  Defendant's argument relies on a conclusory assertion that "the claim of the
18 deliberative process privilege for each document will remain *largely* the same because
19 the topics addressed in the documents are the same." Response at 3 (emphasis added).
20 But the Court's evaluation of whether a document is predecisional and deliberative and,
21 if so, whether Plaintiffs' need for the document overcomes Defendant's interest in non-
22 disclosure, does not look solely at the "topics addressed" in a document.[1] For example,
23 a document discussing the pros and cons of a specific contemplated policy might be

---

[1] As the Court is aware, Plaintiffs' position is that the deliberative process privilege is inapplicable in this action because the government's intent and misconduct are central issues in the case. *C.M.* Dkt. 120, *A.P.F.* Dkt. 119 at 3-5; *C.M.* Dkt. 124, *A.P.F.* Dkt. 123, at 1-3. Because the Court plans to conduct *in camera* review of certain documents, however, Plaintiffs have requested that the Court include in its review the additional documents, rather than exclusively reviewing documents selected by Defendant. *See* Request.

2

deemed predecisional and deliberative, whereas a document setting forth media talking points related to that same policy should not be. Similarly, a court's application of the balancing test might differ as to an email thread discussing the intent behind a report and the report itself.[2] *See C.M.* Dkt. 120, *A.P.F.* Dkt. 119, at 9-13; *C.M.* Dkt. 124, *A.P.F.* Dkt. 123, at 6-10.

Moreover, Defendant's assertion that some of Plaintiffs' 26 requested documents are encompassed within the Sample Set is undercut by the Department of Justice's own privilege log descriptions and the metadata associated with the documents. For example, Defendant argues that CD-US-00011128A, which Plaintiffs asked the Court to review, is "a version of the 'Report on Securing the Southern Border of the United States,'" another version of which was included in the Sample Set (CD-US-00013036A). Yet the privilege log description for Plaintiffs' requested document, CD-US-000011128A, describes it as "DOJ official's notes regarding meeting with DHS Secretary on family separation policy." *C.M.* Dkt. 122-3, *A.P.F.* Dkt. 121-3, at 33. Defendant fails to address this discrepancy. Similarly, Defendant asserts that CD-US-00009315A, CD-US-00012577A, and CD-US-00012579A are "versions of CD-US-00014532A," which was included in the Sample Set. Defendant again fails to explain why the three documents requested by Plaintiffs have entirely different privilege log descriptions, email subjects, and parent emails than CD-US-00014532A. *Compare* CD-US-00009315A, *C.M.* Dkt. 122-3, *A.P.F.* Dkt. 121-3, at 25 ("Email discussion of procedure contemplated by CBP for maintaining family unit in

---

[2] Defendant argues that it was unnecessary to include in the Sample Set certain "substantive discussions" regarding the draft reports and Executive Order 13841 because "the claims of the deliberative process privilege" for the draft reports and executive order "logically extend" to related emails. Response at 3. Setting aside the flaws in Defendant's reasoning, Defendant represented to the Court at the January 27, 2022 hearing that it had consolidated the 399 documents for which Defendant has asserted the deliberative process privilege into "35 unique documents" by counting different versions of the same report as "one single document" and variants of a common "email chain" as one document. *See* Hr'g Tr. at 18:2-15; *see also id.* at 17:6-10. Defendant did not state that it considered *emails* discussing a report to be the same document as the report itself.

3

prosecution process post EO 13841") *with* CD-US-00014532A, *id.* at 59 ("DOJ email discussion of questions from southwestern boarder [sic] USAOs regarding prosecution guidance for family units; legal analysis of Executive Order"). Defendant's conclusory assertion that CD-US-0008585A is a "more in-depth discussion" of the "same subject matter" discussed in CD-US-00013638A and CD-US-00013639 (both of which include entirely-redacted emails that are not reflected by CD-US-0008585A) likewise does not suffice.

Defendant makes similarly conclusory arguments in opposing Plaintiffs' request that the Court evaluate all of Defendant's privilege assertions for each document in the Sample Set. Defendant argues that doing so is unnecessary in light of the Court's ruling that *most* of the government's privilege assertions were appropriate for a different set of documents. *C.M.* Dkt. 137, *A.P.F.* Dkt. 136. Defendant does not explain how this ruling precludes review here, where the Court has not reviewed *any* attorney-client privilege or work product protection claims for documents where the government also asserts the deliberative process privilege. Plaintiffs' ability to evaluate Defendant's attorney-client privilege and attorney work product protection claims for these documents in particular is impeded by Defendant's failure to distinguish between its privilege redactions and the inadequate privilege log descriptions. Finally, because the Court already plans to review the Sample Set documents, assessing the attorney-client privilege and work product protection claims for those documents will not increase the burden on the Court in a significant way.[3]

Accordingly, Plaintiffs respectfully request that the Court order Defendant to submit for review *in camera* the additional 26 documents identified in Exhibit A to Plaintiffs' Request, *C.M.* Dkt. 134-1, *A.P.F.* Dkt. 133-1. Plaintiffs also request that the Court evaluate Defendant's assertion of *all* privileges, including any claims of attorney-

---

[3] Defendant's Sample Set documents that assert the attorney-client privilege and work product protection in addition to the deliberative process privilege are identified in Exhibit B to Plaintiffs' Request, *C.M.* Dkt. 134-2, *A.P.F.* Dkt. 133-2.

4

client privilege and work product protection, for these documents[4] and for the documents in Defendant's Sample Set.

[*Signatures Appear on Next Page*]

---

[4] The documents marked with an asterisk in Exhibit A, *C.M.* Dkt. 134-1, *A.P.F.* Dkt. 133-1, assert the deliberative process privilege, attorney-client privilege, and work product protection.

RESPECTFULLY SUBMITTED this 18th day of February, 2022.

|  |  |
|---|---|
| David B. Rosenbaum<br>Emma J. Cone-Roddy<br>Osborn Maledon, P.A.<br>2929 North Central Avenue, Suite 2100<br>Phoenix, AZ 85012-2793<br>602-640-9000<br>drosenbaum@omlaw.com<br>econe-roddy@omlaw.com<br><br>Katherine Melloy Goettel*<br>Emma Winger*<br>American Immigration Council<br>1331 G Street NW, Suite 200<br>Washington, DC 20005<br>202-507-7512<br>kgoettel@immcouncil.org<br>ewinger@immcouncil.org<br><br>Jonathan H. Feinberg*<br>Kairys, Rudovsky, Messing, Feinberg & Lin LLP<br>The Cast Iron Building<br>718 Arch Street, Suite 501 South<br>Philadelphia, PA 19106<br>215-925-4400<br>jfeinberg@krlawphila.com<br><br>Trina Realmuto*<br>Mary Kenney*<br>National Immigration Litigation Alliance<br>10 Griggs Terrace<br>Brookline, MA 02446<br>617-819-4447<br>trina@immigrationlitigation.org<br>mary@immigrationlitigation.org<br><br>*Attorneys for C.M. Plaintiffs*<br>**Admitted Pro Hac Vice* | */s/ Diana E. Reiter*<br>Diana E. Reiter*<br>Erik Walsh*<br>Lucy McMillan*<br>Harry K. Fidler*<br>Mark Osmond*<br>Kaitlyn Schaeffer*<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, New York 10019-9710<br>212-836-8000<br>diana.reiter@arnoldporter.com<br>erik.walsh@arnoldporter.com<br>lucy.mcmillan@arnoldporter.com<br>harry.fidler.arnoldporter.com<br>mark.osmond@arnoldporter.com<br>kaitlyn.schaeffer@arnoldporter.com<br><br>R. Stanton Jones*<br>Emily Reeder-Ricchetti*<br>Arnold & Porter Kaye Scholer LLP<br>601 Massachusetts Avenue, NW<br>Washington, DC 20001<br>202-942-5000<br>stanton.jones@arnoldporter.com<br>emily.reeder-ricchetti@arnoldporter.com<br><br>Mark Fleming*<br>Mark Feldman*<br>National Immigrant Justice Center<br>224 S. Michigan Ave., Suite 600<br>Chicago, IL 60604<br>312-660-1370<br>mfleming@heartlandalliance.org<br>mfeldman@heartlandalliance.org |

*/s/ Keith Beauchamp*
Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5493
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
stolman@cblawyers.com

Norma Ventura*
James Knoepp*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30031
Telephone: (404) 521-6700
norma.ventura@splcenter.org
jim.knoepp@splcenter.org

Paul R. Chavez*
SOUTHERN POVERTY LAW CENTER
P.O. Box 370037
Miami, FL 33137
Telephone: (786) 347-2056
paul.chavez@splcenter.org

Terra White Fulham*
Matthew J. Schlesinger*
Jason A. Carey*
Teresa S. Park*
Kristin M. Cobb*
COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com

*Attorneys for A.P.F. Plaintiffs*
*\* Admitted pro hac vice*