BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
JAMES G. TOUHEY, JR.
Director, Torts Branch
PHILIP D. MACWILLIAMS
D.C. Bar No. 482883
Trial Attorney
IRINA M. MAJUMDAR
D.C. Bar No. 252757
Trial Attorney
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285
Facsimile: (202) 616-5200

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. 2:19-CV-05217-SRB <br><br> **UNITED STATES' RESPONSE TO THE COURT'S ORDER DATED FEBRUARY 15, 2022 (ECF 137)** |

On February 15, 2022, the Court issued an order granting in part and denying in part Plaintiffs' motion to compel discovery withheld by the Government based on privilege. *CM* ECF 137; *APF* ECF 136.

In Part I of the order, the Court listed the documents it found were properly redacted to protect attorney-client and/or work product privilege. *CM* ECF 137 at 2-4; *APF* ECF 136 at 2-4.

In Part II of the order, the Court listed the documents it found were redacted and not privileged. *CM* ECF 137 at 4-5; *APF* ECF 136 at 4-5. The United States has produced those documents to Plaintiffs un-redacted in accordance with the Court's order.

In Part III of the order, the Court addressed an email thread relating to an editorial in USA Today dated May 30, 2018. The Court ordered the United States to re-review the USA Today editorial-related email strings, and produce a final version that has no redactions for emails inconsistently previously redacted and to leave redacted only those portions of emails that are clearly legal analysis and not advice about how best to respond to the editorial or to the public relations issues the editorial created. *CM* ECF 137 at 6; *APF* ECF 136 at 6. The United States has produced these documents to Plaintiffs with revised (and, for some emails in the thread, completely removed) redactions, in accordance with this Court's order.

Also in Part III of the order, the Court ordered the United States to respond to four questions from the Court relating to a document titled, "DHS Response to DOJ Analysis of Litigation Risk Associated with Draft MOA between ORR and DHS." *CM* ECF 137 at 5-6; *APF* ECF 136 at 5-6. The United States provides the following responses:

First, the MOA referenced in this document was finalized by the Department of Homeland Security (DHS) and the Department of Health and Human Services (HHS), and was produced to Plaintiffs. A copy will be provided to the Court for further context, to assist the Court in its analysis of whether the "DHS Response to DOJ Analysis of Litigation Risk Associated with Draft MOA between ORR and DHS" (hereinafter "DHS Response") is privileged. As for the "DHS Response" itself, to the best of the government's knowledge following a search of the documents, all copies of this document

2

produced to Plaintiffs had the "Draft" imprint and the header stating "ATTORNEY WORK PRODUCT/ATTORNEY-CLIENT PRIVILEGED COMMUNICATION/PRE-DECISIONAL DRAFT". No version without these markings has been located.

Second, both the attorney-client privilege and work product doctrine are claimed for the DHS Response. The DOJ's risk analysis referenced therein (and further discussed below) was addressed to DHS and HHS, and the DHS Response appears to have been sent to DOJ for further discussion. A copy of the parent email, which was not redacted for privilege and was not included with the DHS Response when submitted to the Court for *in camera* review, will be provided to the Court for further context to assist in the Court's analysis.

Third, the DOJ's risk analysis has not been produced. However, it has been located and will be produced forthwith to Plaintiffs, subject to any applicable redactions for privilege. If the Court wishes to review this document *in camera* to assist in its analysis, the United States will promptly submit a copy to the Court.

Fourth, the claim for the work product doctrine is on behalf of both DOJ and DHS. Because the document was created by DHS attorneys and contains those attorneys' legal analysis of potential litigation risk associated with entering into a memorandum of agreement with HHS's Office of Refugee Resettlement ("ORR"), the document contains DHS's work product. Additionally, the document also contains DOJ's work product because it both references and directly quotes from DOJ's "Analysis of Litigation Risk Associated with the Draft Memorandum of Agreement Between the Office of Refugee Resettlement and the Department of Homeland Security," which was created by DOJ attorneys to assess potential litigation risk associated with the proposed memorandum of agreement.

Submitted this 25th day of February, 2022.

          BRIAN M. BOYNTON
          Principal Deputy Assistant Attorney General
          Civil Division
          JAMES G. TOUHEY, JR.

Director, Torts Branch

*s/ Phil MacWilliams*
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
IRINA M. MAJUMDAR
Trial Attorney
D.C. Bar No. 252757
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285
Attorneys for the United States of America

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Phil MacWilliams*
PHILIP D. MACWILLIAMS
Attorney for United States of America