IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br>Plaintiffs, <br><br>v. <br><br>United States of America, <br><br>Defendant. | No. CV-19-05217-PHX-SRB <br><br>**AMENDED CASE MANAGEMENT ORDER** |
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S. on his own behalf and on behalf of his minor child, H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P., <br><br>Plaintiffs, <br><br>v. <br><br>United States of America, <br><br>Defendant. | No. CV-20-00065-PHX-SRB <br><br>**AMENDED CASE MANAGEMENT ORDER** |

The Court enters the following Amended Case Management Order to govern the litigation in these cases. This Order replaces the original Case Management Orders dated June 18, 2020 (*C.M.* ECF No. 47) and September 10, 2020 (*A.P.F.* ECF No. 50) in their entirety and amends certain provisions in the Order Approving the Joint Discovery Plan dated August 25, 2020 (*C.M.* ECF No. 61) ("*C.M.* Discovery Plan Order") and the discovery order dated October 29, 2020 (*A.P.F.* ECF No. 56) concerning depositions.[1]

    1. <u>Mandatory Initial Discovery Pilot Project</u>.  This case is subject to the Mandatory Initial Discovery Pilot Program ("MIDP") implemented by General Order 17-08.  The parties must comply with the requirements of MIDP and need not make the initial disclosures required by Federal Rule of Civil Procedure 26(a).  If responses required by MIDP have not been exchanged, they shall be exchanged by: already exchanged.  The parties will supplement MIDP disclosures by: **February 11, 2022.**

    2. <u>Deadline for Joining Parties, Amending Pleadings, and Filing Supplemental Pleadings</u>.  No motions to join parties, amend pleadings, and/or file supplemental pleadings shall be filed.

    3. <u>Discovery Limitations</u>.  Depositions shall be limited to one day of seven hours each as provided in Rule 30(d)(1) of the Federal Rules of Civil Procedure.  At the present time, the Court will allow *C.M.* Plaintiffs a total of 15 depositions related to Plaintiff-specific claims ("Plaintiff-Specific Depositions") and *A.P.F.* Plaintiffs a total of 18 Plaintiff-Specific Depositions. To the extent there is overlap of individuals who were involved with the separations of the parents and children or in the ORR placement of the children in these cases, those depositions will count against the total Plaintiff-specific Depositions authorized in each case.   To be clear, if counsel

---

[1] This Order does not alter the provision in the Discovery Plan Order concerning the tracking and reunification allegations.

questions a deponent noticed for a Plaintiff-specific deposition in the *C.M.* case, that deposition is counted against the total authorized in the *A.P.F.* case (and vice versa). *See A.P.F.* ECF No. 56 at 4.  At the present time, the Court will allow Plaintiffs a total of 12 depositions of government officials related to the creation, development, and implementation of the family separation policy ("Policy Depositions").  *A.P.F.* Plaintiffs may take two additional Policy Depositions (an officer in ICE ERO Field Operations and an officer in CBP's Office of Field Operations), but only if none of the 12 noticed Policy Depositions include these two officers.  *See A.P.F.* ECF No. 56 at 4. Policy Depositions may include Rule 30(b)(6) depositions or depositions of named witnesses but shall not include current or former Cabinet level officials, heads of agencies, or White House officials or advisors.  Plaintiffs will conduct depositions of current or former Cabinet level officials, heads of agencies, or White House officials or advisors only on agreement of the parties or with the Court's leave. Initially, Defendant may take 15 Plaintiff-Specific Depositions in each case.  Each side may propound up to 25 interrogatories, including subparts.

       4. <u>MIDP Responses and Fact Discovery</u>. The deadline for final supplementation of MIDP responses is **February 11, 2022**.  The deadline for the completion of fact discovery, including Plaintiff-Specific Depositions and Policy Depositions (including Rule 30(b)(6) Depositions), as well as discovery by subpoena, shall be **July 15, 2022.**

       a. Written Discovery:  All Interrogatories, Requests for Production, and Requests for Admission shall be served at least **45 days** before the fact discovery deadline, or no later than **May 31, 2022**.

       b. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36

of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

c. The parties shall meet and confer on the status of remaining depositions, and the need for depositions of current or former Cabinet level officials, heads of agencies, or White House officials or advisors, no later than **June 3, 2022**.

d. Depositions of current or former Cabinet level officials, heads of agencies, or White House officials or advisors (if such depositions are taken by agreement of the parties or with leave of court) shall be completed by August 19, 2022, unless the period is extended on agreement of the parties to accommodate schedules, or by leave of Court.

5. <u>Expert Disclosures and Discovery</u>.

a. Plaintiffs shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **August 25, 2022.**

b. Defendant shall provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **September 23, 2022.**

c. Rebuttal expert disclosures, if any, shall be made no later than **October 24, 2022**. Rebuttal experts shall be limited to responding to opinions stated by initial experts.

d. Expert depositions shall be completed no later than **December 14, 2022**.

e. Disclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who will provide testimony under Federal Rules of Evidence 702, 703, or 705, but who are not required to provide expert reports under Rule 26(a)(2)(B). Rule 26(a)(2)(C) disclosures are required for such

4

witnesses on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witness will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although clearly not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.[2]

      f. As stated in the Advisory Committee Notes to Rule 26 (1993 Amendments), expert reports under Rule 26(a)(2)(B) must set forth "the testimony the witness is expected to present during direct examination, together with the reasons therefor." Full and complete disclosures of such testimony are required on the dates set forth above; absent extraordinary circumstances, parties will not be permitted to supplement expert reports after these dates.

      g. Each side shall be limited to one retained or specifically employed expert witness per issue.

   6. <u>Discovery Disputes</u>.

      a. If a discovery dispute arises, the parties promptly shall call the Court to request a telephone conference concerning the dispute. The Court will seek to resolve the dispute during the telephone conference, and may enter appropriate orders on the basis of the telephone conference. The Court may order written briefing if it does not resolve the dispute during the telephone conference. The parties shall not file written discovery motions without leave of Court.[3]

---

[2] In *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817 (9th Cir. 2011), the Ninth Circuit held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826. Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice.

[3] The prohibition on "written discovery motions" includes any written materials

b. Parties shall not contact the Court concerning a discovery dispute without first seeking to resolve the matter through personal consultation and sincere effort as required by Local Rule of Civil Procedure 7.2(j). Any briefing ordered by the Court shall also comply with Local Rule of Civil Procedure 7.2(j).

c. Absent extraordinary circumstances, the Court will not entertain fact discovery disputes after the deadline for completion of fact discovery, and will not entertain expert discovery disputes after the deadline for completion of expert discovery.

7. <u>Dispositive Motions</u>.

a. Dispositive motions shall be filed no later than **February 6, 2023**.

b. Any opposition to a dispositive motion shall be filed no later than **March 8, 2023**.

c. Any reply in support of a dispositive motion shall be filed no later than **April 7, 2023**.

d. No party shall file more than one motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure without leave of court.

e. Statements of fact required by Local Rule of Civil Procedure 56.1 shall not exceed ten pages in length, exclusive of exhibits.

f. The parties shall not notice oral argument on any motion. Instead, a party desiring oral argument shall place the words "Oral Argument Requested" immediately below the title of the motion pursuant to Local Rule of Civil Procedure 7.2(f). The Court will issue an order scheduling oral argument as it deems appropriate.

---

delivered or faxed to the Court, including hand-delivered correspondence with attachments.

8. <u>Good Faith Settlement Talks</u>.  All counsel shall engage in good faith settlement talks no later than **July 22, 2022**.  Upon completion of such settlement talks, and in no event later than five working days after the deadline set forth in the preceding sentence, the parties shall file with the Court a joint report on settlement talks executed by or on behalf of all counsel.  The report shall inform the Court that good faith settlement talks have been held and shall report on the outcome of such talks.  The parties shall indicate whether assistance from the Court is needed in seeking settlement of the case.  The parties shall promptly notify the Court at any time when settlement is reached during the course of this litigation.  To be clear, the Parties are expected to meet all other deadlines in this Order notwithstanding any settlement discussions.

9. <u>The Deadlines Are Real</u>.  The parties are advised that the Court intends to enforce the deadlines set forth in this Order, and should plan their litigation activities accordingly. The parties are specifically informed that the Court will not, absent truly unusual circumstances, extend the schedule in this case to accommodate settlement talks.

10. <u>Briefing Requirements</u>.

   a. All memoranda filed with the Court shall comply with Local Rule of Civil Procedure 7.1(b) requiring 13 point font in text and footnotes.

   b. Citations in support of any assertion in the text shall be included in the text, not in footnotes.

Dated this 1st day of March, 2022.

_____
Susan R. Bolton
United States District Judge

7