**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| B.A.D.J., | No. CV-21-00215-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

The Court now considers Plaintiff B.A.D.J.'s ("Plaintiff") Second Motion to Transfer ("Motion") case number CV-21-00215-PHX-SMB to the undersigned. (Doc. 39, ("Mot.").) This Court currently presides over the related cases *C.M. et al. v. United States*, No. 2:19-cv-05217-SRB ("*C.M.*") and *A.P.F. et al. v. United States*, No. 2:20-cv-00065-SRB ("*A.P.F.*"). For the following reasons, the Court denies the Motion.

**I.   BACKGROUND**

Plaintiff, on behalf of herself and her minor child, filed the instant case on February 8, 2021, bringing three claims against the United States (the "Government") under the Federal Tort Claims Act ("FTCA") for negligence, intentional infliction of emotional distress ("IIED"), and loss of child's consortium. (*See* Doc. 1, Compl. ¶¶ 161–74.) These claims arise out of the forced separation of Plaintiff from her child in May 2018, pursuant to the Government's "Family Separation Policy," after they were apprehended by U.S. Customs and Border Protection near San Luis, Arizona. (*See id.* ¶¶ 87–157.) Plaintiff was eventually deported to El Salvador, where she remains, while her child was reunited with

her father in California two weeks after the separation. (*Id.* ¶¶ 121–24, 143, 145, 147.)

*C.M.* was filed on September 19, 2019 by five noncitizen mothers, suing on behalf of themselves and their five minor children, who were also separated pursuant to the Government's Family Separation Policy after crossing into the United States in Arizona in May 2018. (*See* Doc. 1, Compl. in *C.M. et al.*, No. 2:19-cv-05217-SRB ("*C.M.* Compl.") ¶¶ 71, 119, 121, 171–72, 236, 305.) The *C.M.* plaintiffs bring claims for negligence and IIED against the Government under the FTCA based on these separations. (*Id.* ¶¶ 387–93.) The mothers and their children were eventually reunited at the South Texas Family Residential Center in Dilley, Texas after separations spanning two to four months. (*See id.* ¶¶ 70–386.)

*A.P.F.* was filed on January 10, 2020 and was originally assigned to Judge Brnovich. (*See* Doc. 1, Compl, Doc. 34 Am. Compl. in *A.P.F. et al.*, 20-cv-00065-SRB ("*A.P.F.* Compl.").) The *A.P.F.* plaintiffs, six noncitizen fathers suing on behalf of themselves and their minor children, bring claims for negligence, IIED, and loss of child's consortium against the Government under the FTCA based on their own forced separations pursuant to the Government's Family Separation Policy. (*A.P.F.* Compl. ¶¶ 303–30.) The fathers were eventually reunited with their children after separation periods spanning from eight weeks to more than eight months. (*Id.* ¶¶ 109–15, 144–54, 191–204, 237–64, 273–75, 299–302, 317–21, 356–59, 374–77, 397–99, 420–28, 455–64.) *A.P.F.* was transferred to the undersigned on April 14, 2020. (*See* Doc. 26 in *A.P.F. et al.*, 20-cv-00065-SRB.)

Plaintiff filed her first motion to transfer on March 15, 2021, but that motion was denied without prejudice by this Court on June 22, 2021 because all three cases had been stayed while the parties explored settlement. (*See* Doc. 12, Mot. to Transfer Related Case; Doc. 31, 06/22/2021 Order.) After multiple extensions, the stay expired on January 15, 2022. (*See* Doc. 37, 11/18/2021 Order.) Plaintiff filed her renewed Motion on February 22, 2022, once again requesting her case be transferred to the undersigned. (*See* Mot.) The Government took no position on the Motion but on March 8, 2022, it filed a Response to the Motion wherein it "identifie[d] a few points . . . that may be relevant to the Court's

decision." (*See* Doc. 40, Resp. to Mot. ("Resp.").)

## II. LEGAL STANDARD & DISCUSSION

"District court judges have 'broad discretion' regarding the assignment or reassignment of cases." *Badea v. Cox*, 931 F.2d 573, 575 (9th Cir. 1991) (quoting *United States v. Gray*, 876 F.2d 1411, 1414 (9th Cir. 1989)). The Local Rules for the District of Arizona provide:

> When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially similar questions of law; or (5) for any other reason [that] would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a). However, these factors "only determine whether a party *may* file a motion to transfer," and they "are not binding on the Court's ultimate decision to grant or deny the motion." *Smith v. Sperling*, No. 11-cv-0722-PHX-PGR, 2011 WL 4101508, at *1 (D. Ariz. Sept. 14, 2011) (citing *Badea*, 931 F.2d at 575) (emphasis in original). When considering such a motion, "a principal factor is whether party economy or judicial economy is substantially served by transfer to another judge." *Cagle v. Ryan*, No. CV-16-03912-PHX-JAT (JFM), 2018 WL 2688775, at *1 (D. Ariz. June 5, 2018) (citation omitted).

While the Court agrees that there is overlap between the instant case and both *C.M.* and *A.P.F.*, the Court finds that a transfer is unwarranted under the circumstances. The Court recognizes that all three cases involve similar causes of action, share a common defendant, and at least generally arise from the same event—the Government's promulgation and implementation of the Family Separation Policy at the United States' southern border. (*See* Compl. ¶¶ 30–86, 161–74; *C.M.* Compl. ¶¶ 21–69, 387–93; *A.P.F.* Compl. ¶¶ 50–79, 303–30.) However, there are also substantial differences between the cases, both factually and legally. For example, the specific facts surrounding the separations and alleged mistreatment that occurred in each case are unique. *See Lopez v. I-Flow Inc.*, No. CV-08-1063-PHX-SRB, 2009 WL 5574373, at *3 (D. Ariz. May 8, 2009) (declining transfer due to individual factual circumstances requiring different legal

- 3 -

analysis). And, as acknowledged by Plaintiff, the Government's pending motion to dismiss in this case contains at least some legal arguments that this Court did not address in its orders on the motions to dismiss filed in *C.M.* and *A.P.F.* (*See* Mot. at 7 n.2; Resp. at 6–7). But most importantly—and what distinguishes Plaintiff's Motion from the transfer motion granted in *A.P.F.*—the instant case is at a significantly different stage in litigation than *C.M.* and *A.P.F.* such that the Court finds judicial economy would not be substantially served by transfer. *See Cagle*, 2018 WL 2688775 at *1. This case has yet to progress beyond the motion to dismiss phase, whereas both *C.M.* and *A.P.F.* are in the midst of discovery, with depositions already commencing.[1] Therefore, because the cases are at significantly different stages of litigation and present unique factual situations, the Court concludes that transfer would not be economical. *See Cooke v. Town of Colorado City*, No. CV 10-08105-PCT-JAT, 2012 WL 5835401, at *2 (D. Ariz. Nov. 16, 2012) (same).

### III. CONCLUSION

The Court, in the exercise of its discretion, concludes that transfer is unwarranted under the circumstances and denies the Motion.

**IT IS ORDERED** denying Plaintiff's Second Motion to Transfer *B.A.D.J., et al. v. United States*, No. 2:21-cv-00215-SMB, to this Court (Doc. 39).

Dated this 21st day of April, 2022.

_____
Susan R. Bolton
United States District Judge

---

[1] The Court further notes that there are several other related cases currently before different judges in this District—*A.I.I.L. v. Sessions*, No. 4:19-cv-00481 (Judge Hinderaker); *F.R. v. United States*, No. 2:21-cv-00339 (Judge Rayes); *E.S.M. v. United States*, No. 4:21-cv-00029 (Judge Soto). No party in these cases has moved to transfer to the undersigned.