David B. Rosenbaum, 009819
Travis C. Hunt, 035491
BriAnne N. Illich Meeds, 036094
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
thunt@omlaw.com
billichmeeds@omlaw.com
*Counsel for C.M. Plaintiffs*
(*Additional Counsel Listed on the Signature Page*)

Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5493
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
agaona@cblawyers.com
*Counsel for A.P.F. Plaintiffs*
(*Additional Counsel Listed on Signature Page*)

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br>Plaintiffs, <br><br> v. <br><br> United States of America, <br><br>Defendant. | No. 2:19-cv-05217-SRB <br><br> **PLAINTIFFS' MOTION TO COMPEL *IN CAMERA* REVIEW OF DOCUMENTS** |
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S. on his own behalf and on behalf of his minor child, H.Y.; J.D.G. on his | No. 2:20-cv-00065-SRB |

own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P.,

Plaintiffs,

v.

United States of America,

Defendant.

Plaintiffs request that the Court review *in camera* 24 documents that the government asserts are protected by the deliberative process privilege. The limited information available to Plaintiffs indicates that the government has improperly redacted segregable factual information in these documents, and that Plaintiffs are entitled to any deliberative discussions under the *Warner* balancing test. *See Karnoski v. Trump*, 926 F.3d 1180, 1206 (9th Cir. 2019) (citing *F.T.C. v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984)); *see also* Order, *C.M.* ECF No. 142; *A.P.F.* ECF No. 141. These 24 documents appear highly relevant to Plaintiffs' claims and the government's likely defenses, and to contain information not available elsewhere. Plaintiffs therefore request that the Court order Defendant to submit for review *in camera* the documents identified in **Attachment A**.

## BACKGROUND

As discussed during the April 26, 2022 discovery dispute hearing, *see generally* Hr'g Tr. (Apr. 26, 2022), following the Court's February 24, 2022 Order on Plaintiffs' Motion to Compel, Plaintiffs asked the government to reevaluate its privilege logs and withdraw any privilege assertions inconsistent with the Court's ruling. Attachment C, Email from D. Reiter to P. MacWilliams (Feb. 25, 2022). As part of the meet and confer process related to Plaintiffs' request, Plaintiffs identified 57 sample documents produced by the Department of Justice (DOJ), the Department of Homeland Security

2

(DHS) headquarters, Customs and Border Patrol (CBP), and Immigration and Customs Enforcement (ICE), and asked the government to review its assertions of the deliberative process privilege as to those documents ("Plaintiffs' March Sample Set"). Attachment D, Letter from D. Reiter to P. MacWilliams (Mar. 22, 2022).

After reevaluating the 57 documents in Plaintiffs' March Sample Set, the government revised its redactions for 23 documents. Attachment E, Email from P. MacWilliams to D. Reiter (Mar. 31, 2022); Attachment F, Letter from D. Reiter to P. MacWilliams (Apr. 12, 2022). Of those 23 documents, the government withdrew its privilege assertions entirely as to 14 documents, and significantly modified its redactions for three additional documents.[1] *Id.* The government also revised the privilege log descriptions for a significant number of the documents for which the government maintained its assertion of the deliberative process privilege.

As a result of the government's revisions to its privilege log descriptions for the Plaintiffs' March Sample Set, Plaintiffs identified 24 documents for which they dispute the government's deliberative process privilege claims. Specifically, the revised privilege logs indicate that the government has likely maintained improper redactions of segregable factual information and, even if the redactions include deliberative information, that Plaintiffs are entitled to some or all of the redacted material under the balancing test set forth in *F.T.C. v. Warner Commc'ns, Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984), and adopted by the Court's February 24, 2022 Order. Order at 3-5, *C.M.* ECF No. 142; *A.P.F.* ECF No. 141 (quoting *Karnoski*, 926 F.3d at 1206). Plaintiffs informed the government of their intent to move for *in camera* review of the documents, and provided the government an opportunity to revise or withdraw its privilege assertions for the 24 documents. *See* Attachment F. The government declined to withdraw or narrow its privilege assertions for any of the documents. Attachment G, Email from P. MacWilliams to D. Reiter (Apr. 19, 2022). At the April 26, 2022 hearing,

---

[1] The government also made minor revisions to its redactions for six documents.

3

the Court granted Plaintiffs leave to file a motion to compel seeking *in camera* review of the 24 documents, and ordered the government to conduct a broader review of its deliberative process privilege assertions to conform them to the guidance in the Court's February 24, 2022 Order.  *C.M.* ECF No. 173; *A.P.F.* ECF No. 160.

## **STANDARD OF REVIEW**

"A party may move under Rule 37 of the Federal Rules of Civil Procedure for an order compelling disclosure or discovery." *Ocean Garden Prod. Inc. v. Blessings Inc.*, 2020 WL 4284383, at *2 (D. Ariz. July 27, 2020) (citing Fed. R. Civ. P. 37(a)(1)). When a party withholds discoverable information as privileged, the party "has the burden of establishing the existence and applicability of each of the privileges asserted in all respects." *United States v. Hardrives*, Inc., 1991 WL 12008395, at *2 (D. Ariz. Feb. 4, 1991) (citing *Dole v. Milonas*, 889 F.2d 885, 889 (9th Cir. 1989)). "The burden to sustain a claim of privilege is heavy because privileges are 'not lightly created nor expansively construed, for they are in derogation of the search for the truth.'" *Diamond Resorts U.S. Collection Dev., LLC v. Reed Hein & Assocs.*, 2020 WL 6487660, at *3 (D. Nev. Nov. 4, 2020) (quoting *United States v. Nixon*, 418 U.S. 683, 710 (1974)); *see also Briggs v. Adel*, 2020 WL 4003123, at *2 (D. Ariz. July 15, 2020) (discussing the "heavy burden of the party opposing discovery") (internal quotations omitted).

## **ARGUMENT**

The deliberative process privilege is "strictly confined within the narrowest possible limits consistent with the logic of its principles." *N. Pacifica, LLC v. City of Pacifica*, 274 F. Supp. 2d 1118, 1122 (N.D. Cal. 2003) (quoting *Sanchez v. Johnson*, 2001 WL 1870308, at *6 (N.D. Cal. Nov. 19, 2001)); *see also Thomas v. Cate*, 715 F. Supp. 2d 1012, 1044 (E.D. Cal. 2010) (stating that the deliberative process privilege "should be narrowly construed because confidentiality may impede full and fair discovery of the truth."). Accordingly, "the privilege protects opinions and deliberations, but generally not 'facts and evidence.'" *Novoa v. GEO Grp., Inc.*, 2020 WL 6694317, at *6 (C.D. Cal. Oct. 8, 2020) (quoting *Warner*, 742 F.2d at 1161). "[I]f

4

the government can segregate and disclose non-privileged factual information within a document, it must.'" *Karnoski,* 926 F.3d at 1204 (quoting *Loving v. Dep't of Defense*, 550 F.3d 32 (D.C. Cir. 2008)); *see also* Order at 6, *C.M.* ECF No. 142; *A.P.F.* ECF No. 141.[2]

The government's sweeping redactions to several documents in Attachment A suggest that the government has made insufficient efforts to distinguish factual and deliberative information. *See, e.g.*, CD-US-0017259 (heavily redacted email chain described as "Pre-decisional discussion between EO USA and USAO NM regarding resource constraints related to the local implementation of ZTP. Document discusses potential changes related to the same that have yet to be decided"); CD-US-0017269 (entirely redacted email described as "Pre-decisional document discussing an inquiry from the Attorney General regarding the potential use of USMS facilities"); CD-US-0017478 (entirely redacted email chain originally described as "USAO NM discussing issues with implementing ZTP with USO TXW to gather information to present to USA for a decision"; revised description is "Pre-decisional discussion between USANM and USA TXW regarding local implementation of ZTP"); CD-US-0153446 (entirely

---

[2] The government also has not properly invoked the privilege. Aside from the two DOJ productions at issue in Plaintiffs' earlier motion to compel, the government has not established that a department head or high-ranking official from each agency is invoking the privilege with respect to the government's productions. As the government recognizes, *see* Weinsheimer Decl., *C.M.* ECF No. 122-1; *A.P.F.* ECF No. 121-1, the deliberative privilege "must be invoked by an agency head or his delegate, having control over the requested document, after having personally reviewed the documents for which the privilege is asserted." *Unknown Parties v. Johnson*, 2016 WL 8199308, at *5 (D. Ariz. July 21, 2016) (explaining purpose of requirement). Because the government has made no attempt to do so here, the government's invocation of the privilege is invalid. *Mayfield v. County of Los Angeles*, 2020 WL 2510649, at *1 (C.D. Cal. Mar. 20, 2020) ("prima facie burden of . . . invoking the privilege" not met without "sworn declaration" from agency head). Should the government once again submit a declaration offering a post hoc justification of the government's privilege assertions with respect to the 24 documents, the Court should review it critically. *See, e.g., United States ex rel. Poehling v. UnitedHealth Grp., Inc.*, 2018 WL 8459926, at *12 (C.D. Cal. Dec. 14, 2018) (finding that the "Government's assertion is procedurally flawed" even after the government submitted three agency declarations, because "[t]here is no evidence before the Court even suggesting that senior agency personnel became involved in the process until after the original privilege logs were produced.").

5

redacted DHS memorandum described as "Predecisional deliberations regarding options other than family detention during pending removal proceedings").[3]

Moreover, as the Court explained in its February 24, 2022 Order, "[t]he deliberative process privilege is not absolute." Order at 3, *C.M.* ECF No. 142; *A.P.F.* ECF No. 141. The privilege is qualified, and a litigant may obtain deliberative materials where "the litigant's need for the materials and the need for accurate fact-finding override the agency's interest in non-disclosure." *Id.* To determine whether a plaintiff can overcome the privilege, courts in the Ninth Circuit consider four factors: 1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions. *Id.* (citing *Karnoski*, 926 F.3d at 1206). All four factors favor disclosure here.

First, the withheld information is highly relevant to Plaintiffs' claims and the documents sought are similar to the types of documents the Court previously ordered the government to produce under the *Warner* balancing test. *See* Order at 10, *C.M.* ECF No. 142; *A.P.F.* ECF No. 141 (ordering disclosure of a document under the *Warner* balancing test because it "reflect[ed] concerns by attorneys on the [Southwest border] about the treatment of children by CBP" and went "to the heart of the issues raised in these cases"); *id.* (ordering parts of a document produced under the *Warner* test because it addressed "issues about family separation that are highly relevant to this case"). The vast majority of the documents are policy memoranda and agency communications reflecting the government's intent in developing and implementing family separation and the Zero Tolerance Policy. The remaining documents relate to the government's knowledge of the harms suffered by victims of the family separation policy. For example, the withheld information includes an assessment of "pros" and

---

[3] To avoid inundating the Court with privilege logs and documents, Plaintiffs attach a consolidated privilege log containing only the entries for the 24 documents for which *in camera* review is requested. If the Court wishes to review redacted versions of the documents, Plaintiffs would be happy to provide them.

6

1  "cons" of the family separation policy. *See* Attachment B at CD-US-0192513; CD-US-
2  0045770A; and CD-US-0127737A (logged by Defendant as "Pre-decisional
3  deliberations, including pros and cons, regarding family unit separations and changes
4  to credible fear process"). Other documents appear to reflect concerns raised by various
5  government officials —including the DHS Office of Civil Rights and Civil Liberties —
6  regarding the policy, as well as the government's analysis of the successes of and
7  problems with the El Paso Pilot program. *See* Attachment B at CD-US-0063242
8  (logged by Defendant as "Memorandum from the Office of Civil Rights and Civil
9  Liberties (CRCL) detailing serious constitutional, U.S. law and treaty concerns
10 regarding the apprehension, custody, and transportation of alien children."); CD-US-
11 0050134 (logged by Defendant as "Decision paper with options and recommendations
12 but no decision"); and CD-US-0026417A (logged by Defendant as "Predecisional
13 deliberations and recommendations regarding possible prosecution policies for
14 consideration relating to members of FAMUs in El Paso sector").

15 Second, Plaintiffs are unable to obtain comparable information about the
16 deliberations that led to the family separation policy, the government's intent and
17 knowledge of potential problems with the policy prior to its implementation, and the
18 implementation of the policy because all of the relevant information is in the
19 government's possession. *See* Order at 10, *C.M.* ECF No. 142; *A.P.F.* ECF No. 141;
20 *see also Karnoski*, 926 F.3d at 1206; *Coleman v. Sterling*, 2011 WL 13176814, at *4
21 (S.D. Cal. June 13, 2011).

22 Third, as the Court's February Order recognized, the government's role in the
23 litigation favors disclosure because "the government's role in the case is that of
24 defendant and not a witness." Order at 10, *C.M.* ECF No. 142; *A.P.F.* ECF No. 141.
25 Further, the government's decision-making process is "by no means collateral to the

litigation." *N. Pacifica*, 274 F. Supp. 2d at 1124 (citing *United States v. Irvin*, 127 F.R.D. 169, 174 (C.D. Cal. 1989)).[4]

Fourth, any concerns that production of the withheld information could "hinder frank and independent discussion" are mitigated by the Protective Order in place. *See* Order at 10, *C.M.* ECF No. 142, *A.P.F.* ECF No. 141; *see also Al Otro Lado, Inc. v. Wolf*, 2020 WL 6449152, at *5 (S.D. Cal. Nov. 2, 2020) ("The deliberative process privilege is designed to allow agencies to freely explore possibilities . . . without fear of *public* scrutiny . . . . [T]he Protective Order will sufficiently protect defendants' interests.") (cleaned up).

In sum, Plaintiffs' need for the documents sought by this motion, and Plaintiffs' and the public's strong interest in accurate fact-finding, override any government interest in non-disclosure. Accordingly, Plaintiffs request that the Court order the government to promptly produce the documents identified in **Attachment A** for *in camera* review, so that the Court can determine whether the materials should be produced to Plaintiffs.

---

[4] *See also In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422 (D.C. Cir. 1998) (observing that "[i]f the plaintiff's cause of action is directed at the government's intent, . . . it makes no sense to permit the government to use the privilege as a shield."), *on reh'g in part*, 156 F.3d 1279 (D.C. Cir. 1998); *Toomey v. Arizona*, 2021 WL 1545990, at *3 (D. Ariz. Apr. 20, 2021) ("Where the government is itself a defendant, the reason for the privilege evaporates. . . . If the government itself is accused of wrongdoing, then the privilege would not necessarily protect proper governmental functioning but instead might shield government malfeasance."); *Arizona Dream Act Coal v. Brewer*, 2014 WL 171923, at *3 (D. Ariz. Jan. 15, 2014) (holding that the *Warner* factors favored disclosure where "[t]he government is a party to this case and its intent in crafting the policy is a primary issue.").

8

# CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court direct the government to produce for *in camera* review the 24 documents listed on **Attachment A** within 7 days of the Court's Order.

RESPECTFULLY SUBMITTED this 6th day of May, 2022.

| | |
|---|---|
| | */s/ Diana E. Reiter* |
| David B. Rosenbaum | Diana E. Reiter* |
| BriAnne N. Illich Meeds, 036094 | Erik Walsh* |
| Travis C. Hunt, 035491 | Lucy McMillan* |
| Osborn Maledon, P.A. | Harry K. Fidler* |
| 2929 North Central Avenue, Suite 2100 | Mark Osmond* |
| Phoenix, AZ 85012-2793 | Kaitlyn Schaeffer* |
| 602-640-9000 | Arnold & Porter Kaye Scholer LLP |
| drosenbaum@omlaw.com | 250 West 55th Street |
| billichmeeds@omlaw.com | New York, New York 10019-9710 |
| thunt@omlaw.com | 212-836-8000 |
| | diana.reiter@arnoldporter.com |
| Katherine Melloy Goettel* | erik.walsh@arnoldporter.com |
| Emma Winger* | lucy.mcmillan@arnoldporter.com |
| American Immigration Council | harry.fidler.arnoldporter.com |
| 1331 G Street NW, Suite 200 | mark.osmond@arnoldporter.com |
| Washington, DC 20005 | kaitlyn.schaeffer@arnoldporter.com |
| 202-507-7512 | |
| kgoettel@immcouncil.org | Emily Reeder-Ricchetti* |
| ewinger@immcouncil.org | R. Stanton Jones* |
| | Arnold & Porter Kaye Scholer LLP |
| Jonathan H. Feinberg* | 601 Massachusetts Avenue, NW |
| Kairys, Rudovsky, Messing, Feinberg & Lin LLP | Washington, DC 20001 |
| | 202-942-5000 |
| The Cast Iron Building | emily.reeder-ricchetti@arnoldporter.com |
| 718 Arch Street, Suite 501 South | stanton.jones@arnoldporter.com |
| Philadelphia, PA 19106 | |
| 215-925-4400 | Mark Fleming* |
| jfeinberg@krlawphila.com | Mark Feldman* |
| | National Immigrant Justice Center |
| Trina Realmuto* | 224 S. Michigan Ave., Suite 600 |
| Mary Kenney* | Chicago, IL 60604 |
| National Immigration Litigation Alliance | 312-660-1370 |
| 10 Griggs Terrace | mfleming@heartlandalliance.org |

9

Brookline, MA 02446
617-819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org

mfeldman@heartlandalliance.org

*Attorneys for C.M. Plaintiffs*
*\*Admitted Pro Hac Vice*

| | | |
|---|---|---|
| 1 | */s/ Keith Beauchamp* | |
| 2 | Keith Beauchamp (012434) | Matthew J. Schlesinger* |
| | D. Andrew Gaona (028414) | Jason A. Carey* |
| 3 | COPPERSMITH BROCKELMAN PLC | Jennifer Saulino* |
| 4 | 2800 N. Central Avenue, Suite 1900 | Terra White Fulham* |
| | Telephone: (602) 381-5493 | Teresa S. Park* |
| 5 | Phoenix, AZ 85004 | Kristin M. Cobb* |
| | kbeauchamp@cblawyers.com | Shadman Zaman* |
| 6 | agaona@cblawyers.com | COVINGTON & BURLING LLP |
| 7 | | One City Center, 850 Tenth Street, NW |
| | Norma Ventura* | Washington, DC 20001-4956 |
| 8 | James Knoepp* | Telephone: (202) 662-5581 |
| | Sharada Jambulpati* | mschlesinger@cov.com |
| 9 | SOUTHERN POVERTY LAW CENTER | jcarey@cov.com |
| | P.O. Box 1287 | jsaulino@cov.com |
| 10 | Decatur, GA 30031 | tfulham@cov.com |
| | Telephone: (404) 521-6700 | tpark@cov.com |
| 11 | norma.ventura@splcenter.org | kcobb@cov.com |
| | jim.knoepp@splcenter.org | szaman@cov.com |
| 12 | sharada.jambulpati@splcenter.org | |
| 13 | | |
| | Paul R. Chavez* | |
| 14 | SOUTHERN POVERTY LAW CENTER | |
| | P.O. Box 370037 | |
| 15 | Miami, FL 33137 | |
| 16 | Telephone: (786) 347-2056 | |
| | paul.chavez@splcenter.org | |
| 17 | | |
| 18 | *Attorneys for A.P.F. Plaintiffs* | |
| 19 | * *Admitted pro hac vice* | |