David B. Rosenbaum (009819)
Travis C. Hunt (035491)
BriAnne N. Illich Meeds (036094)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
thunt@omlaw.com
billichmeeds@omlaw.com

*(Additional Counsel for Plaintiffs Listed on the Following Page)*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A.,<br><br>                    Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>                    Defendant. | No. 2:19-cv-05217-SRB<br><br>**NOTICE OF SUBPOENA *DUCES TECUM*** |

**TO:**    Philip D. MacWilliams
       U.S. Department of Justice
       Civil Division, Torts Branch
       Benjamin Franklin Station, P.O. Box 888
       Washington, D.C. 20044

       **PLEASE TAKE NOTICE** that, pursuant to the annexed Subpoena, MVM,

Inc. is required to produce documents listed in the attached subpoena at the time, date,

and place listed on the subponea.   A copy of the subpoena is attached hereto and served herewith.

Dated:  June 16, 2022
          Phoenix, Arizona                    OSBORN MALEDON, P.A.

                                              s/ BriAnne Illich Meeds
                                              David B. Rosenbaum
                                              Travis C. Hunt
                                              BriAnne Illich Meeds
                                              2929 North Central Avenue, Suite 2100
                                              Phoenix, AZ 85012-2793
                                              602-640-9303
                                              billichmeeds@omlaw.com

                                              Attorneys for C.M. Plaintiffs

1    Diana Reiter*
2    Lucy McMillan*
    Erik Walsh*
3    Harry K. Fidler*
    Mark Osmond*
4    Kaitlyn Schaeffer*
5    Arnold & Porter Kaye Scholer LLP
    250 West 55th Street
6    New York, New York 10019-9710
7    212-836-8000
    diana.reiter@arnoldporter.com
8    lucy.mcmillan@arnoldporter.com
    erik.walsh@arnoldporter.com
9    harry.fidler@arnoldporter.com
10   mark.osmond@arnoldporter.com
    kaitlyn.schaeffer@arnoldporter.com
11

12   R. Stanton Jones*
    Emily Reeder-Ricchetti*
13   Arnold & Porter Kaye Scholer LLP
14   601 Massachusetts Avenue, NW
    Washington, DC 20001
15   202-942-5000
    stanton.jones@arnoldporter.com
16   emily.reeder-
17   ricchetti@arnoldporter.com

18   Sean Morris*
    777 South Figueroa Street, 44th Floor
19   Los Angeles, CA 90017
    213-243-4000
20   sean.morris@arnoldporter.com

21   Jonathan H. Feinberg*
    Kairys, Rudovsky, Messing, Feinberg
22      & Lin LLP
23   The Cast Iron Building
    718 Arch Street, Suite 501 South
24   Philadelphia, PA 19106
    215-925-4400
25   jfeinberg@krlawphila.com

26

27   * *Admitted pro hac vice*

28

Mark Fleming*
Mark Feldman*
National Immigrant Justice Center
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
312-660-1370
mfleming@heartlandalliance.org
mfeldman@heartlandalliance.org

Trina Realmuto*
Mary Kenney*
National Immigration Litigation
Alliance
10 Griggs Terrace
Brookline, MA 02446
857-305-3600
trina@immigrationlitigation.org
mary@immigrationlitigation.org

Katherine Melloy Goettel*
Emma Winger*
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
202-507-7512
202-507-5619
kgoettel@immcouncil.org
ewinger@immcouncil.org

*Counsel for C.M. Plaintiffs*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of Arizona ▾

| | |
|---|---|
| C.M., et al. | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  2:19-cv-05217-SRB |
| United States of America | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                         MVM, Inc.
            44620 Guilford Dr Suite 150, Ashburn, VA 20147

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019 | Date and Time:<br><br>07/15/2022 5:00 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     06/15/2022

CLERK OF COURT

                                                                    OR

_____               *Harry Fidler*
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiffs _____ , who issues or requests this subpoena, are:

Harry Fidler, Arnold & Porter Kaye Scholer LLP, harry.fidler@arnoldporter.com, (212) 836-7381

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:19-cv-05217-SRB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

As used herein, the terms below shall have the following meanings:

1.     The terms "You," "Your," "Yourself," and/or "MVM," refer to MVM, Inc., including its principals, affiliates, subsidiaries, parent companies, agents, employees, and contractors.

2.     The term "Plaintiff(s)" refers to the named Plaintiffs in *C.M. et al. v. United States*, Case No. 2:19-cv-05217-SRB (D. Ariz. Sept. 19, 2019), including C.M., B.M., L.G., B.G., M.R., J.R., O.A., L.A., V.C., and/or G.A.

3.     The term "L.A." refers to ██████████████.

4.     The term  "J.R." refers to ████████████.

5.     The term "G.A." refers to ██████████████.

6.     The term "B.G." refers to ███████████████.

7.     The term "B.M." refers to ██████████████.

8.     The term "United States Government" refers to the federal government, including its agencies and employees.

9.     The term "Document," as used herein, includes all items listed in Rule 34(a)(1)(A) and (B) of the Federal Rules of Civil Procedure, including any ESI or tangible thing (including Emails), however produced or reproduced, and each and every thing from which information can be processed or transcribed. "Documents" shall include both Hard Copy Documents (as defined herein) and Electronic Documents (as defined herein). A draft or non-identical copy is a separate Document within the meaning of this term and includes a preliminary version of a document that has been shared by the author with another person (by Email, print, or otherwise).

10.    The term "Electronically Stored Information" ("ESI") means information that is stored in an electronic medium (including storage in a Database System as defined herein) and includes Electronic Documents and Metadata as defined herein.

1

11.     The term "Emails" means messages found in an Email repository, including, but not limited to, Outlook PST and Lotus NSF.

12.     The term "Other ESI" means all ESI, except for Emails, including, but not limited to, voicemail, text messages, and instant messages.

13.     The term "Database System" means any system that is accessible consisting of a group of integrated files, which is stored in one location or distributed across multiple locations in a network, and made available to several users, and consisting of a tabulation of corresponding information which can be searched, organized, classified, and accessed in multiple ways. "Database System" includes computers and any device where ESI could be stored.

14.     The term "Electronic Document" means Documents existing in electronic form at the time of collection, including but not limited to: Email; word processing files (e.g., Microsoft Word); computer presentations (e.g., PowerPoint); and spreadsheets (e.g., Microsoft Excel).

15.     The term "Hard Copy Document" means Documents existing in paper or other tangible form at the time of collection.

16.     "Communication" means all written, oral, telephonic or other inquiries, dialogues, discussions, conversations, interviews, correspondence, consultations, negotiations, agreements, understandings, meetings, letters, notes, telegrams, advertisements, Email and all other Documents evidencing any verbal or nonverbal interaction between or among persons and/or entities.

17.     The term "person" means any natural person, corporation, partnership, association, governmental agency or department or other entity of any kind.

18.     The terms "concerning," "evidencing," "regarding," "relate," "relates," "related to," "relation to," and "relating to" as used herein shall be construed in the broadest possible sense, and shall mean without limitation and whether in whole or in part: referring to, constituting, bearing upon, commenting upon, reflecting, pertaining to, describing, depicting, consisting of, containing, comprising, embodying,

2

identifying, stating, discussing, analyzing, studying, summarizing, dealing with, relating to, or having any logical or factual connection whatsoever with the subject addressed, regardless whether the factual connection is favorable to or adverse to You.

19.     The connectives "and" and "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

20.     The terms "all," "each," and "any" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all documents that might otherwise be construed to be outside of its scope.

21.     The term "including" means "including, but not limited to."

## **INSTRUCTIONS**

All of the requirements set forth in the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Arizona apply to this document subpoena, which comprises Plaintiffs' discovery requests. The following instructions apply to and are incorporated into each Request:

1.     These Requests should be construed with reference to the Instructions and Definitions set forth herein.

2.     In responding to these Requests, You are required to furnish all information that is available to You or subject to Your reasonable inquiry, including information in the possession of Your attorneys, accountants, advisors, representatives, agents, or other persons directly or indirectly employed by, or connected with, You or Your attorneys, and anyone else otherwise subject to Your control. All documents that respond, in whole or in part, to any portion of the Requests below shall be produced in their entirety, including all attachments and enclosures.

3.     In construing these Requests, the plural shall include the singular and the singular shall include the plural; a masculine, feminine, or neutral term shall include all other genders; the terms "or," "and," "and/or," and "including" shall be construed inclusively rather than exclusively so as to bring within the scope of the request that

which otherwise might be construed as being outside the scope of said request; and the terms "all" and "any" shall be interpreted inclusively so as to mean both "all" and "any" whenever either term is used.

4. If You contend that any documents sought by these Requests are privileged or otherwise protected from discovery, You must nevertheless identify for each document withheld:

   1) the legal basis for withholding the document;

   2) the person asserting any claim of privilege and/or protection;

   3) a description and identification of the requested document sufficient to frame an appropriate demand for the document and a motion to compel disclosure thereof, setting forth at least the following:

     a) the author and/or signatory of the document withheld;

     b) the date of the document withheld;

     c) all addressees of the document withheld; and

     d) the subject matter and circumstances under which the document withheld was created in sufficient detail to ascertain applicability of the privilege or other legal basis asserted.

5. Notwithstanding a claim that a portion of a document is privileged or otherwise protected from disclosure, any such document must be produced with the portion claimed to be protected excised.

6. If You contend that any Documents sought by these Requests contain Confidential material, You must nevertheless produce them consistent with the terms of the Protective Order [Dkt. No. 58], appended hereto as Appendix 1.

7. These Requests include data and information stored electronically or magnetically. To the extent responsive Documents, Communications, or ESI are maintained in an electronic format, including but not limited to, on a disk, tape, hard

4

drive, flash drive, solid state drive, or other magnetic, optical or machine-readable format, produce the electronic version along with manuals and all other Documents sufficient to operate, display, read, and interpret the programs, data, Documents, Communications, or ESI.

8.     All Documents and Communications produced in hard copy shall be numbered sequentially, with a unique number on each page, and with a prefix identifying Your company as the producer of the Document or Communication.

9.     All Documents and Communications shall be produced in the same order as they are or were kept or maintained by You in the ordinary course of Your business. If any Documents or Communications have been removed from the files in which they were found for purposes of producing them in response to these Requests, indicate for each Document and Communication the file(s) from which the Document and Communication was originally located.

10.     Each Request shall be construed to include information, Documents, and Communications within Your knowledge, possession, custody, or control, regardless of the physical location of the information, Documents, or Communications, as of the date of Your responses to these Requests and any supplemental information, Documents, and Communications responsive to these Requests generated, obtained, or discovered after the date of Your original responses. These Requests extend to all information, Documents, and Communications in the possession, custody, or control of any of Your officers, current and former Employees, direct reports, agents, representatives, and attorneys, including any of Your attorneys' agents, Employees, representatives, or investigators. These Requests also extend to any other Documents and Communications within Your knowledge, possession, custody, or control, regardless of the physical location of the information, as of the date of Your responses to these Requests and any supplemental information, Documents, and Communications responsive to these Requests generated, obtained, or discovered after the date of Your

original responses. Supplemental responses shall be provided no later than thirty (30) days after the discovery of the additional information.

11.    If there are no documents or things responsive to a particular request, You should so state in writing. If any responsive document has been lost or destroyed, identify:

        a)  the author and recipients or addressees, if any;

        b)  the date of loss or destruction;

        c)  the reason for loss or destruction;

        d)  the identity of those directing or involved in the destruction, if any; and

        e)  the substance of the document.

12.    If Your refusal to provide documents responsive to any request is asserted on the grounds of burden, You should state in detail the reason(s) for Your objection(s), including the volume and nature of documents or records needed to be searched and/or produced, the location of the documents, the custodian of the documents, and the approximate number of person hours and costs required to conduct the search.

13.    Documents and Communications not otherwise responsive to these Requests shall be produced if such Documents and Communications mention, discuss, refer to, or explain the Documents and Communications that are called for by these Requests, or if such Documents and Communications are attached to the Documents and Communications called for by these Requests, or constitute routing slips, transmittal memoranda, letters, cover sheets, comments, evaluations, or similar materials.

14.    If any Request is ambiguous or unclear to You, You are requested to contact undersigned counsel as soon as possible so that the request can be clarified to avoid unnecessary delays in discovery.

15.    These Requests are continuing so as to require supplemental responses in the event that You or Your representatives (including counsel) obtain additional

responsive documents. You are required to supplement Your responses on a timely basis.

16.     These Requests are served without prejudice to Plaintiffs' right to serve additional Requests for Documents.

**DOCUMENT REQUESTS**

1.  Any and all Documents and Communications, including but not limited to spreadsheets, manifests, emails, and texts, related to the transport and/or accompaniment of L.A. to and/or from the U.S. Border Patrol station in Yuma, Arizona to Cayuga Centers in the Bronx, New York in May 2018.

2.  Any and all Documents and Communications, including but not limited to spreadsheets, manifests, emails, and texts, related to the transport and/or accompaniment of J.R. to and/or from the U.S. Border Patrol station in Yuma, Arizona to Cayuga Centers in the Bronx, New York in May 2018.

3.  Any and all Documents and Communications, including but not limited to spreadsheets, manifests, emails, and texts, related to the transport and/or accompaniment of G.A. to and/or from the U.S. Border Patrol station in Yuma, Arizona to Cayuga Centers in the Bronx, New York in May 2018.

4.  Any and all Documents and Communications, including but not limited to spreadsheets, manifests, emails, and texts, related to the transport and/or accompaniment of B.G. to and/or from the U.S. Border Patrol station in Yuma, Arizona to Southwest Key Programs – Hacienda Del Sol in Youngstown, Arizona in May 2018.

5.   Any and all Documents and Communications, including but not limited to spreadsheets, manifests, emails, and texts, related to the transport and/or accompaniment of B.M. to and/or from the U.S. Border Patrol station in Yuma, Arizona to Lutheran Social Services' Safe Haven for Children Program in New York, New York in May 2018.

6.   Any and all Documents and Communications from the United States Government related to any potential increase in demand for MVM's transportation and/or accompaniment services from January 2018 through August 2018.

7.   Any and all training materials given to MVM employees, contractors, or agents, who were transporting children and/or accompanying children during transport between January 2018 through August 2018, including but not limited to PowerPoint presentations, video presentations, handbooks, memoranda, and email directives.

8.   Any and all Documents and Communications provided by MVM employees or contractors who were transporting and/or accompanying children who had been separated from a parent, guardian, or caretaker to children who had been separated from a parent, guardian, or caretaker.

9.   Any and all Documents and Communications, including but not limited to training materials, related to MVM's processes or procedures for transporting children who do not speak English and/or accompanying children during transport who do not speak English.

10.  Any and all Documents and Communications related to the job description or job qualifications of MVM employees or contractors involved in the transportation and/or accompaniment of children received from immigration custody.

11.  Any and all Documents and Communications between MVM and the United States Government regarding the transportation of children received from immigration custody from May 2018 to August 2018, including but not limited to incidents involving B.M., B.G., J.R., L.A. and G.A.

12.  Any and all Documents and Communications from the United States Government notifying MVM, its employees, contractors, or other agents that B.M., B.G., J.R., L.A. and/or G.A had been separated from their mothers.

13.  Any and all Documents and Communications between MVM and the United States Government relating to MVM's contract with the United States Government to transport children and/or accompany children to and/or from immigration custody from May 2018 to August 2018.

14.  Any and all Documents and Communications related to MVM's background check policy for current and potential MVM employees, contractors, or other agents in effect between January 2018 and August 2018.

Dated:  June 15, 2022

/s/ *Harry K. Fidler*
Diana Reiter*
Erik Walsh*
Lucy McMillan*
Harry K. Fidler*
Mark Osmond*
Kaitlyn Schaeffer*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, New York 10019-9710
212-836-8000
diana.reiter@arnoldporter.com
erik.walsh@arnoldporter.com
lucy.mcmillan@arnoldporter.com
harry.fidler@arnoldporter.com
mark.osmond@arnoldporter.com
kaitlyn.schaeffer@arnoldporter.com

*Attorney for Plaintiffs*

*Additional counsel for Plaintiffs listed on following page*

R. Stanton Jones*
Emily Reeder-Ricchetti*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
202-942-5000
stanton.jones@arnoldporter.com
emily.reeder-
ricchetti@arnoldporter.com

Sean Morris*
777 South Figueroa Street, 44th Floor
Los Angeles, CA 900017
213-243-4000
sean.morris@arnoldporter.com

Jonathan H. Feinberg*
Kairys, Rudovsky, Messing, Feinberg
   & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
212-925-4400
jfeinberg@krlawphila.com

*Attorneys for Plaintiffs*

* Admitted pro hac vice

Mark Fleming*
Mark Feldman*
National Immigrant Justice Center
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
312-660-1370
mfleming@heartlandalliance.org
mfeldman@heartlandalliance.org

Katherine Melloy Goettel*
Emma Winger*
Gianna Borroto*
American Immigration Council
1331 G Street NW, Suite 200
Washington, DC 20005
202-507-7512
kgoettel@immcouncil.org
ewinger@immcouncil.org
gborroto@immcouncil.org

David B. Rosenbaum
Travis C. Hunt
BriAnne N. Illich Meeds
OSBORN MALEDON, P.A.
2929 N. Central Ave., 21st Floor
Phoenix, AZ 85012-2793

Mary Kenney*
Trina Realmuto*
National Immigration Litigation Alliance
10 Griggs Terrace
Brookline, MA 02446
617-819-4447
mary@immigrationlitigation.org
trina@immigrationlitigation.org

1

**APPENDIX 1**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. 2:19-cv-05217-SRB <br><br> **STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

1.    With the agreement of the parties, the Court having determined that there is good cause for issuance of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery this action, IT IS HEREBY ORDERED as follows:

A. Definitions

1.    "Action" shall mean the case captioned *C.M., et al. v. United States*, Civil Action No. 2:19-cv-05217-SRB.

2. "Confidential Information" shall mean information that, at the time of its production in discovery in the Action, or thereafter, is designated confidential by the Producing Party because of a good faith belief that the information is:

   a. a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

   b. personal financial, medical or other private information relating to an individual that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2., including any document, information, or tangible thing protected by the provisions of the Family and Educational Rights and Privacy Act, 20 U.S.C. § 1232g, 34 C.F.R. Part 99; certain individually identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number, or other identifying number, including Health Insurance Claim (HIC) number) that may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a; the provisions of 45 C.F.R. §§ 164.102-164.534 (regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA)); or health information for which there may be no waiver by the patient to produce the records to an entity outside one of the Parties;

   c. information protected by the provisions of the Privacy Act of 1974, 5 U.S.C § 552a;

   d. information contained in individual detainee files (e.g., "A Files") that would be protected by the Privacy Act or any other information or documents that would be covered by the Privacy Act if the subject of the information had been a U.S. citizen or a person lawfully admitted for permanent residence;

e. plaintiffs' administrative claims (Standard Form 95 or "SF-95") and attachments to those claims;

f. sensitive information about Defendant's law enforcement or national security staffing, resources, intelligence and/or methods (including the names and contact information of third parties, and non-supervisory federal and non-federal employees), the release of which to the public may adversely impact identifiable law enforcement or national security interests;

g. information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to: (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2); and

h. any other information that is protected or restricted from disclosure by Court order, statutes, or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.11(e), 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21, 1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

3

4.      "Document" shall mean all items listed in Fed. R. Civ. P. 34(a)(1)(A) & (B).

5.      "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

6.      "Designating Party" shall mean the party or other person producing in discovery in the Action any information that the Producing Party seeks to designate and to have treated as Confidential Information pursuant to this Protective Order.

7.      "Producing Party" shall mean the person or party producing in discovery in the Action.

8.      "Receiving Party" shall mean any party who receives information that has been designated as Confidential Information.

B.  Purpose, Scope, and Limitations of Protective Order

1.      This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this action, whether the Documents are produced by a party or a person or entity who is not a party to this action (a "non-party").  This Order binds the parties and their respective agents, successors, personal representatives, and assignees.

2.      This Protective Order shall not prejudice in any way any party's ability to challenge the use or disclosure of information other than information designated as Confidential Information under this Protective Order in this Action.  A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

3.      The protections conferred by this Protective Order do not cover any information that (i) is properly in the public domain; (ii) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; (iii) is known to or is in the possession of the Receiving Party prior to the disclosure in this Action or obtained by the Receiving Party after the disclosure in this Action from a source who obtained the information lawfully

4

and under no obligation of confidentiality to the Producing Party.

4.     If the Confidential Information contains highly sensitive information, then the Parties may stipulate or the Producing Party may move for the establishment of an additional  category of protection (e.g., Attorneys' Eyes Only) that prohibits disclosure of such information in that category, or that limits disclosure only to specifically designated counsel, Party representative(s) whose assistance is reasonably necessary to the conduct of these cases, and who agree to be bound by the terms of the Order provided herein or as revised with respect to such information.

5.     The Court finds that this Order is a "qualified protective order" within the meaning of 45 C.F.R. § 164.512(e)(1)(v).  All patient identifiable information shall be designated "confidential" using the process in Section C of this Protective Order and may be used or disclosed in accordance with the terms of this Protective Order and 45 C.F.R. § 164.512(e)(1)(v).

6.     This Protective Order does not govern the use by the parties of Confidential Information in open court at any hearing or trial, but the parties reserve the right to seek relief from the Court in connection with the intended use of Confidential Information in any such hearing or trial.

7.     This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

8.     Any Confidential Information referenced in any pleading or contained in any Document filed with the Court in this Action by the Producing Party shall at the time of filing cease to be Confidential Information unless the Producing Party files the un-redacted pleading or Document under seal per the procedural requirements of LRCiv 5.6.

9.     Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as

5

Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

10.   This Protective Order applies to only disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order.

11.   Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

12.   Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

C.  Method for Designating Confidential Information

1.   Designations of Confidential Information shall be made by the Producing Party, prior to or at the time of production, except as otherwise provided by this Protective Order.

2.   The designation of Confidential Information  should be limited to only those Documents or portions of Documents that qualify under the appropriate standards or under the definition of Confidential Information in Section A(2) of this Protective Order.

3.   Documents produced in discovery in this Action containing confidential information shall be designated as containing "Confidential Information."  For Documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.   For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  The media on which the Confidential Information is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain plainly labeled with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER unless and until the protection of the data within the media is removed.  Any copying or

6

transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the protection in the filename(s) and the location where the copies are stored and the location where the users access the information. Only those Documents or portions of Documents designated as Confidential Information shall be subject to this Protective Order.

4.     A Receiving Party may request the Designating Party to identify whether a Document labeled "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" is confidential in total or only in part. Within five (5) business days of the request, the Receiving Party and the Designating Party shall confer in good faith to resolve any Receiving Party's request for such identification. The parties shall memorialize in writing any identification of Confidential Information that results from the meet and confer. If the parties cannot resolve the request to the Receiving Party's satisfaction during their conference, the Receiving Party may challenge the designation in accordance with Section D of this Order.

5.     For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Only those interrogatory answers or responses or portions of interrogatory answers or responses designated as Confidential Information shall be subject to this Protective Order.

6.     For depositions, designation of Confidential Information shall be made during the deposition on the record that should include reasons for the assertion, or by letter from counsel within 30 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and any exhibits that should be treated as Confidential Information. The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under

this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification attached as Exhibit A.  After designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  If the deposition was filmed, both the recording storage medium (*i.e.* CD or DVD) and its container shall be labeled CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.  The deposition transcript shall also be accompanied by a cover letter from the Designating Party identifying the specific pages and lines of the transcript and any exhibits (or portions of exhibits) designated as Confidential Information.  Only those pages and lines and exhibits (or portions of exhibits) designated as Confidential Information, and their corresponding portions of video, if any, shall be subject to this Protective Order.

7.     For any other Document or item produced in discovery in this Action not falling within Sections C(3), C(5) or C(6) above, designation of Confidential Information shall be made by labeling the item or the item's container with CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER.   If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.  Only the item or portions of the item designated as Confidential Information shall be subject to this Protective Order.

8.     If it comes to a Producing Party's attention that information designated as Confidential Information does not qualify or no longer qualifies for protection, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information.

8

D. Challenging Confidential Information Designations

   1.     Prior to thirty (30) days before the final pre-trial conference, any party may object to a designation of materials as Confidential Information.  The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to materials and the grounds for the objection.  If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the Challenging Party may move the Court for a ruling on the objection.  In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection.  The materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved.

E.  Disclosure, Use, and Handling of Confidential Information

   1.     Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and to secure distribution of Confidential Information.

   2.     Confidential Information shall be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, to only the following persons and only as reasonably necessary for this Action:

      a.  Counsel (including outside counsel) for the parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, interpreters, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

      b.  Any person with prior authorized access to the Confidential Information;

      c.  Witnesses, potential witnesses, and deponents, including their counsel;

      d.  Court reporters and other persons not employed by this Court, retained to record or to transcribe testimony or argument at interviews or depositions

9

in connection with this Action;

e.   Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

f.   Retained expert witnesses and consultants;

g.   Mediators or arbitrators;

h.   Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this Action;

i.   Other persons only upon consent of the Producing Party and on such conditions as the Parties may agree; and

j.   This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel, including persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

3.   Disclosure to the persons referenced in subsections (E)(2)(c), (f), and (i) above may only occur after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Exhibit A."

4.   Persons receiving Confidential Information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

5.   Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the parties must follow the procedural requirements of LRCiv 5.6.  Nothing in this Order shall be construed as automatically permitting a party to file under seal.    Further, no

portion of the trial of the matter shall be conducted under seal, unless the parties and the Court so agree.

6.  If the need arises for any Party to disclose Confidential Information in a proceeding in open Court or at any hearing or trial, it may do so only after giving seven (7) business days' notice to the Producing Party who, after a good faith effort to meet-and-confer, may seek additional relief from the Court.  If a hearing is scheduled to occur less than seven (7) business days from the date the hearing is scheduled, the notice contemplated by this Section E(6) shall be accomplished within twenty-four (24) hours, or as soon as practicable.  The notice contemplated by Section E(6) for purposes of a Party who asserts the need to disclose Confidential Information at trial may be accomplished by provision of a pre-trial exhibit list and resolution of any objection by the Court at a Pretrial Conference.

7.  If any Party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a Party, (c) served with any legal process by one not a party to this action, or (d) otherwise compelled to respond to a request pursuant to existing independent statutory, law enforcement, national security or regulatory obligations imposed on a party, and such subpoena, demand, legal process, or request seeks information or material which was designated as Confidential Information by someone other than that Party, the Party shall give written notice within ten (10) calendar days of receipt of such subpoena, demand, legal process, or request to the Designating Party, and prior to compliance with the subpoena, so as to allow the Designating Party to seek protection from the relevant court(s).  Nothing in this Protective Order shall be construed as requiring the Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

8.  Except as set forth in Section 7, a Receiving Party may use Confidential Information only in connection with prosecuting, defending, or attempting to settle this

Action.  The Confidential Information shall not be used by the Receiving Party for any purpose outside of this Action.

9.   No one subject to this Protective Order shall use Confidential Information obtained in this Action to retaliate against, intimidate, discriminate against, or harass any individual in any manner.

F.   Inadvertent Production of Confidential Information

1.   Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item.  The parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information.

2.   If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as Exhibit A; and (c) within five calendar days notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

G.   Disposition of Documents Containing Confidential Information

1.   Except as provided in this Protective Order, within 90 days of the final termination of this Action, whether by settlement, judgment, or other disposition or

conclusion and all appeals or opportunities to appeal therefrom, a Receiving Party shall take reasonable steps either (a) to destroy or to delete all items designated as Confidential Information  or (b) to return them to the Designating Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems.  Materials that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials may be overwritten and destroyed in the normal course of business.  Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.  In the course of disposing of information in its possession under this paragraph, Receiving Party also will take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to Receiving Party or destroyed by the person possessing the information with written confirmation to Receiving Party.

    a.  For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is and remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

    b.  Counsel of record for the parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information, so long as such material is and remains clearly marked to reflect that it contains Confidential Information. Even after the final

disposition of this Action, the terms of this Protective Order shall continue to govern the disclosure, use, and handling of any Confidential Information unless and until its Designating Party agrees otherwise in writing or a court order directs.

    c.   In particular, attorneys for the United States may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Confidential Information  in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

**H.**   <u>Privacy Act.</u>

   1.   The United States is authorized to produce personal identifying information contained within electronically stored information or hard copy documents.  Any electronically stored information or hard copy documents containing such personal identifying information will be deemed Confidential Information, regardless of whether the electronically stored information or hard copy documents are marked with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" legend designating the information as Confidential Information.

   2.   This is an order of a court of competent jurisdiction.  5 U.S.C. § 552a(b)(11).

**I.**   <u>Applicability to Parties Later Joined.</u>

   1.   If additional persons or entities become parties to this Action, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order.

      Dated this 22nd day of July, 2020.

_____
Susan R. Bolton
United States District Judge

14

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

_____

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A.,<br><br>          Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2:19-cv-05217-SRB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

CERTIFICATION

I hereby declare that I have read and that I understand the Agreed Protective Order entered in the above-captioned case.  I further declare that I will comply with all of the terms and conditions of this Protective Order, and that I will not disclose any Confidential Information, as that term is defined in the Protective Order, in a manner that is inconsistent with the Protective Order.  I will maintain any Confidential Information in my possession – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it.  I understand that any unauthorized disclosure may subject me to a ruling of contempt or other sanction imposed by the District Court.  I hereby consent to be subject to the personal jurisdiction of the United States District Court for the District of Arizona with respect to any proceedings relative to the enforcement of that Order, including any proceeding related to contempt of that Order.


Executed this ___ day of _____ by _____

(Print Name)

Signed _____

15