David B. Rosenbaum, 009819
Travis C. Hunt, 035491
BriAnne N. Illich Meeds, 036094
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
thunt@omlaw.com
billichmeeds@omlaw.com
*Counsel for C.M. Plaintiffs*
*(Additional Counsel Listed on the Signature Page)*

Keith Beauchamp (012434)
D. Andrew Gaona (028414)
COPPERSMITH BROCKELMAN PLC
2800 N. Central Avenue, Suite 1900
Telephone: (602) 381-5493
Phoenix, AZ 85004
kbeauchamp@cblawyers.com
agaona@cblawyers.com
*Counsel for A.P.F. Plaintiffs*
*(Additional Counsel Listed on Signature Page*)

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., | No. 2:19-cv-05217-SRB |
| Plaintiffs, | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO CONSOLIDATE CASES FOR COMMON POLICY-BASED DISCOVERY ONLY** |
| v. | |
| United States of America, | |
| Defendant. | |

1

No. 2:20-cv-00065-SRB

A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S. on his own behalf and on behalf of his minor child, H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P.,

                  Plaintiffs,

      v.

United States of America,

                  Defendant.

Two years into discovery in these cases, and one month before the close of fact discovery, Defendant now moves this Court for an order consolidating this action with *A.I.I.L v. Sessions*, No. 19-cv-00481-JCH (D. Ariz.), "for the sole purpose of coordinating policy-based discovery common to each case," but without offering any proposal for how such consolidation would work in practice.[1] *C.M.* ECF 232 at 1; *A.P.F.* ECF 220 at 1. Because consolidation would cause delay, inconvenience, and prejudice to *C.M.* and *A.P.F.* Plaintiffs, Defendant's motion should be denied.

District courts have "broad discretion whether or not to consolidate actions" under Fed. R. Civ. P. 42(a)." *Allen v. Hylands, Inc.*, 2012 WL 1656750, at *2 (C.D. Cal. May 2, 2012) (citing *Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008)). In determining whether to consolidate actions, "a court weighs the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027,

---

[1] Defendant broadly defines "policy-based discovery" as encompassing "the national-level policy-related discovery directed at high level government officials, as well as the implementation of such policies by officials and employees of Border Patrol Sectors, Immigration and Customs Enforcement (ICE) Field Offices, and U.S. Attorney's Offices." Motion at 1-2.

1028 (N.D. Cal. 2003); *see also Allen*, 2012 WL 1656750, at *2 ("In determining whether consolidation is appropriate, courts weigh 'the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.'") (citation omitted).   In weighing the benefits of consolidation against any prejudice, "[t]he court may consider factors such as disparate trial dates or different stages of discovery as weighing against consolidation of the cases." *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007); *see also Parapluie v. Mills*, 2012 WL 13009100, at *6 (C.D. Cal. Jan. 26, 2012) ("Even if some common questions of law or fact are presented, 'this does not justify consolidation, . . . where . . . parties would be prejudiced by [the fact that] the cases are in different phases of pre-trial procedures.'") (citation omitted).   Further, where the plaintiffs in one action oppose consolidation with another action, "[c]onsolidation is . . . likely to waste just as much time as it saves because counsel for the two sets of plaintiffs will need to reach consensus on litigation decisions." *Allen*, 2012 WL 1656750, at *6.

   As the party seeking consolidation under Fed. R. Civ. P. 42(a), Defendant bears the burden to establish that the requirements for consolidation have been met. *Single Chip Sys. Corp.*, 495 F. Supp. 2d at 1057.   Defendant has failed to meet that burden here.

   Consolidation at this late stage will only serve to delay and complicate discovery in these cases.   In *C.M.* and *A.P.F.*, Defendant has produced over 78,000 policy-related documents;[2] each group of Plaintiffs has served all or nearly all of their allotted interrogatories, requests for production, and requests for admission; and *C.M.* and *A.P.F.* Plaintiffs jointly have conducted seven policy depositions, with several additional joint policy depositions already scheduled; and the deadline for completing fact discovery is July 15, 2022.   In *A.I.I.L.*, by contrast, no case management order

---

[2] This total does not reflect the total number of *unique* documents produced given the substantial number of duplicates.

setting discovery deadlines has even been issued.  *See generally A.I.I.L v. Sessions*, No. 19-cv-00481-JCH (D. Ariz.).  Even if Defendant produced to the *A.I.I.L.* plaintiffs every document produced in *C.M.* and *A.P.F.* Plaintiffs tomorrow, it would take the *A.I.I.L.* plaintiffs months—at a minimum—to get up to speed to enable them to meaningfully participate in the remaining depositions in these cases.  Given the different procedural postures of the cases, consolidation would prejudice *C.M.* and *A.P.F.* Plaintiffs by significantly delaying this action.  At the most recent conference, on June 2, 2022, the Court stated that it did not want to extend any discovery deadlines.  Hr'g Tr. at 16:16-17:4 (June 2, 2022).  Consolidation is thus inappropriate.  *See, e.g.*, *Glass v. Intel Corp.*, 2007 WL 2265663, at *5 (D. Ariz. Aug. 6, 2007) (denying consolidation because it "may likely lead to unreasonable delay in this action" given the different procedural postures of the cases); *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, 2011 WL 311014, at *13 (C.D. Cal. Jan. 7, 2011) (denying motion to consolidate where "consolidating the two cases would unduly delay the case at hand" and consolidation might "unnecessarily compromise[ ]" the schedule); *accord Spurgeon v. Olympic Panel Prods. LLC*, 2008 WL 1805726 (W.D. Wash. Apr. 21, 2008).

As a practical matter, consolidation would hinder expeditious and efficient resolution of Plaintiffs' claims by requiring *C.M.* and *A.P.F.* Plaintiffs to reach consensus with the *A.I.I.L.* plaintiffs as to litigation strategy and division of labor.  *C.M.* and *A.P.F.* Plaintiffs already must coordinate with each other to select which policy-level government officials to depose, what topics and documents to cover, and to split time questioning such officials.  Requiring Plaintiffs to further coordinate with additional counsel for other plaintiffs—particularly where, as discussed below, there may be differences in focus or strategy—would be unduly burdensome and result in further delay.  *See Allen*, 2012 WL 1656750, at *2.  Contrary to Defendant's contention, consolidation would not in any way "benefit" *C.M.* and *A.P.F.* Plaintiffs.  *See* Motion at 4.

1    The absence of any concrete proposal for consolidation in Defendant's Motion

2    only increases Plaintiffs' concerns that consolidation is a delay tactic. The contours of

3    Defendant's consolidation proposal are entirely unclear. Defendant's Motion does not

4    explain what consolidation would look like where *C.M.* and *A.P.F.* are *two years* ahead

5    of *A.I.I.L.* in discovery and many policy-level depositions have already taken place.

6    When Plaintiffs asked Defendant to explain how the proposed consolidation would

7    affect Plaintiffs in *C.M.* and *A.P.F.*, given the rapidly approaching deadline for fact

8    discovery in those cases, counsel for Defendant stated that it was "premature" to discuss

9    such details.

10    Finally, as Defendant acknowledges, there are factual differences among the

11    cases. *See* Motion at 2 (acknowledging that "the specific factual issues concerning the

12    Plaintiffs in [*A.I.I.L.*] differ in some respects from those in *C.M.* and *A.P.F.*"); *id.* at 3

13    (discussing "the noticeable, fact-based differences between the Plaintiffs in [*A.I.I.L.*]

14    and those in *C.M.* and *A.P.F.*"). For instance, according to Defendant, some of the

15    *A.I.I.L.* plaintiffs were held in criminal custody—in contrast to the *C.M.* and *A.P.F.*

16    Plaintiffs who were never held in criminal custody. *See A.I.I.L.*, No. 19-cv-00481-JCH,

17    ECF 53 at 14-15; Hr'g Tr. at 11:10-12:6 (June 2, 2022) (noting that the *C.M.* and *A.P.F.*

18    adult plaintiffs were never in criminal custody). Indeed, Defendant previously argued

19    that, "the factual circumstances of [*A.I.I.L.*] Plaintiffs' separations are materially

20    different from the separations in *C.M.* and *A.P.F.*," including because of "a criminal

21    history in the arriving [immigrant's] home country" for one adult plaintiff. *See A.I.I.L*,

22    No. 19-cv-00481-JCH, ECF 62 at 2 n.1. Defendant's assertion that "plaintiffs from

23    each case will necessarily need to depose the same policy-level federal officials and

24    obtain the same non-individualized documentary evidence," Motion at 4, is therefore

25    inaccurate.[3] Even for common depositions, the factual differences likely would result

26

27

28

---

[3] To the extent there is overlap in documents and testimony needed, there are less prejudicial ways to accomplish the efficiency Defendant seeks. For example,

in plaintiffs in the various cases pursuing differing strategies or lines of questioning during policy-level depositions.  *C.M.* and *A.P.F.* Plaintiffs should not be forced to carve out time for additional plaintiffs to question policy-level witnesses at this late stage in the discovery process.  And, as a practical matter, trying to schedule depositions based on the availability of additional counsel is likely to cause delay.

Accordingly, Plaintiffs respectfully request that the Court deny Defendant's Motion.

---

Defendant could offer the policy-related documents and deposition transcripts from the *C.M.* and *A.P.F.* cases to the *A.I.I.L.* plaintiffs.

RESPECTFULLY SUBMITTED this 28th day of June, 2022.

/s/ Diana E. Reiter
Diana E. Reiter*
Erik Walsh*
Lucy McMillan*
Katherine Melloy Goettel*          Harry K. Fidler*
Emma Winger*                       Mark Osmond*
Gianna Borroto*                    Kaitlyn Schaeffer*
American Immigration Council       Arnold & Porter Kaye Scholer LLP
1331 G Street NW, Suite 200        250 West 55th Street
Washington, DC 20005               New York, New York 10019-9710
202-507-7512                       212-836-8000
kgoettel@immcouncil.org            diana.reiter@arnoldporter.com
ewinger@immcouncil.org             erik.walsh@arnoldporter.com
gborroto@immcouncil.org            lucy.mcmillan@arnoldporter.com
                                   harry.fidler.arnoldporter.com
Jonathan H. Feinberg*              mark.osmond@arnoldporter.com
Kairys, Rudovsky, Messing, Feinberg  kaitlyn.schaeffer@arnoldporter.com
& Lin LLP
The Cast Iron Building             Emily Reeder-Ricchetti*
718 Arch Street, Suite 501 South   R. Stanton Jones*
Philadelphia, PA 19106             Arnold & Porter Kaye Scholer LLP
215-925-4400                       601 Massachusetts Avenue, NW
jfeinberg@krlawphila.com           Washington, DC 20001
                                   202-942-5000
Trina Realmuto*                    emily.reeder-ricchetti@arnoldporter.com
Mary Kenney*                       stanton.jones@arnoldporter.com
National Immigration Litigation Alliance
10 Griggs Terrace                  Mark Fleming*
Brookline, MA 02446                Mark Feldman*
617-819-4447                       National Immigrant Justice Center
trina@immigrationlitigation.org    224 S. Michigan Ave., Suite 600
mary@immigrationlitigation.org     Chicago, IL 60604
                                   312-660-1370
                                   mfleming@heartlandalliance.org
                                   mfeldman@heartlandalliance.org

*Attorneys for C.M. Plaintiffs*
*Admitted Pro Hac Vice*

7

1

2   */s/ Keith Beauchamp*
Keith Beauchamp (012434)                    Matthew J. Schlesinger*

3   D. Andrew Gaona (028414)                    Jason A. Carey*
COPPERSMITH BROCKELMAN PLC                   Jennifer Saulino*

4   2800 N. Central Avenue, Suite 1900          Terra White Fulham*
Telephone: (602) 381-5493                    Teresa S. Park*

5   Phoenix, AZ 85004                           Kristin M. Cobb*
kbeauchamp@cblawyers.com                     Shadman Zaman*

6   agaona@cblawyers.com                        COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW

7                                               Washington, DC 20001-4956
Norma Ventura*                               Telephone: (202) 662-5581

8   James Knoepp*                               mschlesinger@cov.com
Sharada Jambulpati*                          jcarey@cov.com

9   SOUTHERN POVERTY LAW CENTER                 jsaulino@cov.com
P.O. Box 1287

10  Decatur, GA 30031                           tfulham@cov.com
Telephone: (404) 521-6700                    tpark@cov.com

11  norma.ventura@splcenter.org                 kcobb@cov.com
jim.knoepp@splcenter.org                     szaman@cov.com

12  sharada.jambulpati@splcenter.org

13  Paul R. Chavez*

14  SOUTHERN POVERTY LAW CENTER
P.O. Box 370037

15  Miami, FL 33137
Telephone: (786) 347-2056

16  paul.chavez@splcenter.org

17

18  *Attorneys for A.P.F. Plaintiffs*

19  *\* Admitted pro hac vice*

20

21

22

23

24

25

26

27

28