BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
JAMES G. TOUHEY, JR.
Director, Torts Branch
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
IRINA M. MAJUMDAR
Trial Attorney
D.C. Bar No. 252757
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285
Attorneys for the United States of America

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| A.I.I.L., on behalf of herself and her minor children, J.A.H.I. and M.E.H.I.; L.L.H.O., on behalf of herself and her minor child, K.E.O.H.; J.L.V.A., on behalf of himself and his minor child, D.S.V.H.; J.I.S., on behalf of himself and his minor child, B.L.S.P.; and J.J.P.B., on behalf of himself and his minor child, A.E.P.F<br><br>Plaintiffs,<br><br>v.<br><br>Jefferson Beauregard Sessions III, et al.,<br><br>Defendant. | Case No. 4:19-cv-00481-JCH<br><br>**REPLY IN SUPPORT OF MOTION TO CONSOLIDATE CASES FOR COMMON POLICY-BASED DISCOVERY ONLY** |

Defendant, the United States of America, replies in support of its Motion to Consolidate Cases for Common Policy-Based Discovery Only (Doc. 92), in which it seeks to consolidate this action with *C.M., et al. v. United States*, No. 2:19-cv-05217-PHX-SRB, and *A.P.F., et al. v. United States*, No. 2:20-cv-00065-PHX-SRB before a single judicial

officer for the limited purpose of coordinating policy-based discovery common to each case, to include the national-level policy-related discovery directed at high level government officials, as well as the implementation of such policies by officials and employees of Border Patrol Sectors, Immigration and Customs Enforcement (ICE) Field Offices, and U.S. Attorney's Offices.

Consolidating discovery in this manner will not delay the proceedings in *C.M.* and *A.P.F.* Indeed, the Government is not seeking to extend the discovery deadlines in those actions as a result of this motion. Rather, the Government believes that consolidating the policy-based discovery common to all Family Separation Cases will streamline discovery proceedings in *A.I.I.L.* and in the other Family Separation Cases currently pending in this District. Consolidation will streamline discovery in the other cases by allowing the parties to take advantage of the robust ESI protocols developed, litigated, and used in the *C.M.* and *A.P.F.* cases, and the resulting document productions.[1] Consolidation could also streamline discovery in the pending and impending cases by avoiding duplication in depositions. However, the most expeditious way to determine how best to utilize the existing policy-based discovery in subsequent Family Separation Cases, and the mechanisms by which future plaintiffs might seek additional such discovery, is to consolidate the common, policy-based discovery before a single judicial officer.

Consolidation of the common, policy-based discovery will also help avoid inconsistent discovery rulings. For example, in the *C.M.* and *A.P.F.* matters, the Government asserted deliberative process, executive privilege, work product, and attorney-client privilege over certain documents or portions of policy-level documents that are common to all current and future plaintiffs in the Family Separation Cases. The *C.M.* and *A.P.F.* plaintiffs challenged the Government's privilege assertions. *See, e.g.*, Doc. 120 in No. 2:19-cv-05217. Judge Bolton ordered the Government to produce unredacted versions of the

---

[1] Those cases were subject to the Mandatory Initial Discovery Pilot Project ("MIDP") initiated in this District on May 1, 2017 by General Order 17-08. The MIDP terminated on May 1, 2020. Voluminous discovery was produced in those cases, both as a result of the MIDP and through the discovery process.

documents over which the Government asserted attorney-client or work product privilege for *in camera* review. Doc. 130 in No. 2:19-cv-05217. Upon review of the 143 documents submitted by the Government, the Court found that "for the most part," the redactions were "carefully and correctly done." Doc. 137 at 6 in No. 2:19-cv-05217. The Court determined that a few of the redacted documents were not privileged and ordered them to be produced without redactions. *Id.* Subsequently, Judge Bolton reviewed *in camera* 35 documents redacted by the Government due to claims of Presidential Communications Privilege[2] or the Deliberative Process Privilege, thoroughly analyzed the various privileges asserted, and ordered either that the document be produced without the redaction or sustained the privilege claim. Doc. 142 in 2:19-cv-05217. Judge Bolton has also ruled on additional challenges to privilege assertions made over documents and deposition testimony. *See, e.g.*, Docs. 146, 173, 204 in No. 2:19-cv-05217. Judicial economy is best served by relying on Judge Bolton's findings on these issues rather than having another judge duplicate her efforts and risk inconsistent privilege decisions in the event plaintiffs' counsel in other Family Separation Cases challenge the Government's privilege claims.

Additionally, the common, policy-level discovery in the Family Separation Cases will likely involve disclosing the same documents, efforts to depose the same or similar witnesses, and exploring the same defenses. Requiring different judges in each case to be familiar with this body of discovery, and to be able to make determinations as to the most fair and efficient use of this discovery, would be unnecessarily burdensome and inefficient. Consolidating the common, policy-level discovery will conserve judicial resources, lessen the burden on the parties and witnesses, and will help eliminate unnecessary repetition.

To be clear, the Government is only seeking to consolidate the policy-level discovery that is common to all the Family Separation Cases. Discovery specific to the plaintiffs in any given case would remain with the judge assigned to that case. However common, policy-based discovery should be consolidated before a single judicial officer who can determine,

---

[2] Plaintiffs in *C.M.* and *A.P.F.* subsequently withdrew their challenge to the Government's invocation of the Presidential Communications Privilege.

with input from the parties, how best (and on what timetable) to utilize the existing discovery to limit duplicative discovery efforts and discovery disputes.

RESPECTFULLY SUBMITTED this 12th day of July, 2022.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

*s/Phil MacWilliams*
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285

Attorneys for United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Phil MacWilliams*

PHILIP D. MACWILLIAMS

Attorney for United States of America