| | |
|---|---|
| Daniel B. Pasternak (SBN 023751)<br>SQUIRE PATTON BOGGS (US) LLP<br>2325 East Camelback Road, Suite 700<br>Phoenix, AZ 85016<br>Telephone: 602.528.4187<br>Facsimile: 602.253.8129<br>daniel.pasternak@squirepb.com | Hena M. Vora*<br>PROSKAUER ROSE LLP<br>Eleven Times Square<br>New York, NY 10036<br>Telephone: 212.969.3000<br>Facsimile: 212.969.2900<br>hvora@proskauer.com |
| Manuel F. Cachán*<br>PROSKAUER ROSE LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA 90067-3010<br>Telephone: 310.557.2900<br>Facsimile: 310.557.2193<br>mcachan@proskauer.com | Sara Van Hofwegen*<br>Joel Frost-Tift*<br>PUBLIC COUNSEL<br>610 South Ardmore Avenue<br>Los Angeles, CA 90005<br>Telephone: 213.385.2977<br>Facsimile: 212.385.9089<br>svanhofwegen@publiccounsel.org<br>jfrost-tift@publiccounsel.org |

Attorneys for Plaintiffs
* *Admitted Pro hac vice*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| J.P. and L.C.,<br>　　　　　　Plaintiffs,<br>　vs.<br>United States of America,<br>　　　　　　Defendant. | No. 2:22-cv-00683<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO TRANSFER TO JUDGE SUSAN R. BOLTON PURSUANT TO LOCAL RULES OF CIVIL PROCEDURE 42.1**<br><br>(Oral Argument Requested) |

Defendant "takes no position" on Plaintiffs' motion to transfer. Response to Motion to Transfer ("Resp.") at 1. Nonetheless, the Government offers "a few key points" that it believes should inform the Court's decision. *Id.* at 1. Defendant emphasizes supposed differences between this case and another case where the court has granted a motion to transfer. *Id*. at 5-8. In doing so, Defendant obfuscates the standard set in Local Rule of Civil Procedure 42.1(a), which allows courts to transfer cases that are merely "substantially" similar. Notably, Local Rule 42.1(a) does not require that cases be factually identical or raise indistinguishable legal questions for transfer. Reading Local Rule 42.1(a) narrowly would preclude the transfer of any case, as no two cases are identical.

Defendant's reading of Local Rule 42.1(a) distracts from the reality that this case has substantially similar issues of fact and questions of law to two substantially similar cases pending before Judge Bolton: *C.M. v. United States of America*, No. 2:19-cv-05217 (D. Ariz. filed Sept. 19, 2019); and *A.P.F. v. United States of America*, No. 2:20-cv-00065 (D. Ariz. filed Jan. 10, 2020). This case, along with *A.P.F.* and *C.M.* (collectively, the "Related Cases"), involve plaintiffs suing the United States government for their shared, substantially similar experiences as victims of the then-existing policy of family separation and the severe emotional trauma they continue to experience. In response to this shared experience, the plaintiffs each have filed claims under the Federal Torts Claim Act. In order to promote judicial efficiency in evaluating these shared facts and substantially similar legal questions, this case should be transferred to Judge Bolton under Local Rule 42.1(a).[1]

## ARGUMENT

**I.     Transfer is Warranted as this Case Satisfies the Factors under Local Rule 42.1**

Defendant's identification of "key points" for the Court to consider wrongly attempts to shift the Court's focus from Local Rule 42.1(a)—the substantially similar standard—and

---

[1] As stated in Plaintiffs' Motion to Transfer (ECF No. 9), Plaintiffs are aware of the Court's recent decision to deny transfer in *B.A.D.J. v. United States of America*, No. CV-21-00215-PHX-SMB (D. Ariz. Apr. 21, 2022), ECF No. 48. For the reasons stated therein and in this Reply, the concerns that led to the denial of the motion in that case do not apply here.

1

instead focus on minor factual differences between the Related Cases. Resp. at 1. Defendant downplays the judicial efficiencies that would be gained from transferring this case by raising vague concerns regarding the potential transfer of *other* FTCA cases and arguing for the supposed "benefits" of having judges in the same district review similar decisions made by other district court judges in that district. Resp. at 9. None of Defendant's points are factors under Local Rule 42.1(a).

### A. The Related Cases Arise From Substantially the Same Transaction or Event

As the Government correctly identifies, this case, like *C.M.* and *A.P.F.*, involves claims regarding the Government's family separation policy. Resp. at 5. But there are other similarities that Defendant overlooks. For example, the plaintiffs in each case assert claims that arise from the same common transaction or event: Defendant's promulgation of the family separation policy with an intent to inflict severe emotional harm upon asylum-seeking families and thereby deter future asylum-seekers. First Amended Complaint at ¶ 20, *A.P.F., et al. v. United States of America*, No. 2:20-cv-00065-SRB (D. Ariz. Filed July 16, 2020), ECF No. 34 ("A.P.F. FAC"); Complaint at ¶ 69, *C.M., et al. v. United States of America*, No. 2:19-cv-05217-SRB (D. Ariz. Filed Sept. 9, 2019), ECF No. 1 ("C.M. Compl."); Complaint at ¶ 5, *J.P. and L.C. v. United States of America*, No. 2:22-cv-00683 (D. Ariz. Apr. 25, 2022), ECF No. 1 ("J.P. and L.C. Compl."). The Related Cases each also involve Central American parents and children fleeing their home countries to seek asylum in the United States. A.P.F. FAC ¶¶ 31-43; C.M. Compl. ¶¶ 11-15; J.P. and L.C. Compl. ¶¶ 2-3. Of the twelve plaintiff-families involved in the Related Cases, ten, including J.P. and L.C., arrived at the U.S.-Mexico Border in May 2018. A.P.F. FAC ¶¶ 86, 182, 265, 308; C.M. Compl. ¶ 5; J.P. and L.C. Compl. ¶ 3. All of the plaintiff-families in the Related Cases crossed the U.S.-Mexico Border into Arizona and were detained and separated in Arizona. A.P.F. FAC ¶ 15; C.M. Compl. ¶ 5; J.P. and L.C. Compl. ¶ 4. Furthermore, all plaintiffs complained of similar conditions and treatment during their confinement. *See, e.g.,* A.P.F. FAC ¶¶ 88, 96, 100-03; C.M. Compl. ¶¶ 71-75; J.P. and L.C. Compl. ¶¶ 54, 55, 57.

1 Additionally, the separations in the Related Cases were carried out in a similar manner and without explanation from the U.S. Government as to where the children were being taken. *See, e.g.*, A.P.F. FAC ¶¶ 112, 119; C.M. Compl. ¶¶ 83, 84; J.P. and L.C. Compl. ¶¶ 59-63, 68, 70.

Thus, the government's assertion that there "substantial factual differences" between these cases is an attempt at distraction. The fact that plaintiffs in the Related Cases were detained in different facilities does not preclude transferring the case under Local Rule 42.1(a). The plaintiffs in *C.M.* and *A.P.F.* were sent to different facilities, but the court nevertheless granted a motion to transfer. *See* A.P.F. FAC at ¶¶ 32-43, 122, 144, 163, 212-15, 230, 237, 277-81, 293, 298-99 (noting that the plaintiffs were sent to facilities in Arizona, Georgia, and Texas); C.M. Compl. at ¶¶ 86, 89, 137-38, 140-41, 194, 256, 258, 273, 331, 339 (noting that the plaintiffs were sent to facilities in Arizona, Nevada, and California). In those cases, which also include FTCA claims, the court found that any factual differences did not preclude transfer. *See* Order Granting Plaintiffs' Motion to Transfer, *A.P.F.*, 2:20-cv-00065 (D. Ariz. Apr. 14, 2020), ECF No. 26.

Further, Defendant's reliance on the out-of-circuit case, *K.O. v. United States Immigration & Customs Enforcement* 468 F. Supp. 3d 350 (D.D.C. 2020) as an authority to preclude transfer where there are "key factual distinctions between the cases" is misguided. Resp. at 6. While *K.O.* involves the family separation policy, the posture of that case was entirely different. Indeed, the court in *K.O.* noted that the key issue precluding transfer was that the purportedly related case was brought by an individual plaintiff and was stayed, whereas *K.O.* was an ongoing class action. 468 F. Supp. 3d at 361 n.1. Therefore, the joining of the class action to the individual action would not "benefit . . . judicial economy." *Id.* So not only did the court not rely on "key factual distinctions between the cases" in denying transfer, but it relied on a vastly different procedural posture than we have here. And here, not only are none of the actions at issue stayed, they also involve individual plaintiffs, not a class action. The same procedural difficulties that were at play in *K.O.* do not exist in this case. And, in any event, the standard used to determine whether to transfer

3

cases in the D.C. District Court is different from Local Rule 42.1(a). *Compare* Local Rule 42.1(a) (setting factors for the court to consider when determining whether to transfer a substantially similar case) *with* U.S. Dist. Ct. Rules D.C. LCvR 40.5(c) (establishing a "good cause" standard for judges determining whether to transfer related cases).

### B.   The Related Cases Involve Substantially the Same Parties

As Defendant acknowledges, the United States is a common defendant among the Related Cases. Resp. at 6. And, the plaintiffs across the three cases each share a common cause of action—FTCA claims against the United States, related to injuries resulting from the family separation policy after crossing the Southwest border. A.P.F. FAC ¶¶ 527-48; C.M. Compl. ¶¶ 387-93; J.P. and L.C. Compl. ¶¶ 90-96. The second prong of Local Rule 42.1(a) requires the motion be brought by "substantially the same parties." The defendant in these cases is the same. Though the plaintiffs are different individuals, they are affected by the same cause of injury. However, the fact that cases involve different plaintiffs but arise out of a common source of facts has not precluded this Court from transferring cases before. *See Smith v. Sperling*, No. 11-0722-PHX-PGR, 2011 WL 4101508 at *3 (D. Ariz. Sept. 14, 2011) ("LRCiv 42.1(a) does not require the parties to be identical in identity, number and position." (citing *Parra v. Bashas' Inc.*, No. CV02-0591PHX-RCB, 2009 WL 1024615, at *5 (D. Ariz. Apr. 15, 2009))).

Defendant's reliance on *Pangerl v. Ehrlich*, No. CV06-1464 PHX-MHM, 2007 WL 686703 (D. Ariz. Mar. 2, 2007), to argue that the second prong of Local Rule 42.1(a) "may" not be met is inapposite. Resp. at 6. In *Pangerl*, the plaintiffs in both cases against the Government were both law clerks alleging employment discrimination. Importantly, however, in denying the motion to transfer the Court relied not on the similarity of the parties, but rather on the fact that the two actions did not arise from substantially the same transaction or event, did not call for resolution of substantially the same questions of law, and would not involve a duplication of judicial resources. *See Pangerl v. Ehrlich*, No. CV06-1464 PHXMHM, 2007 WL 686703, at *4 (D. Ariz. Mar. 2, 2007). None of these concerns apply here. Simply put, factors apart from the identities of the parties at issue

4

played a larger issue for the Court in *Pangerl* in deciding whether to transfer the cases, and Defendant's attempt to confuse the Court with its reliance on this case falls flat.

### C. The Related Cases Raise Substantially the Same Questions of Law

The Government correctly notes that the Related Cases "present similar state law causes of action and similar legal defenses under the FTCA." Resp. at 7. The fact that Defendant raised unique defenses in its motion to dismiss does not change the fact that the claims underlying each of the Related Cases are similar. Resp. at 8. These new defenses are a factor *favoring* transfer; they complicate the nature of the legal questions in the case and increase the benefit of review from a single judge familiar with the facts, thereby conserving "significant judicial resources." *Smilovits v. First Solar, Inc.*, No. CV12-0555 PHX DGC, 2012 WL 13019144, at *1 (D. Ariz. July 18, 2012).

### D. Transfer Would Conserve Resources and Promote Judicial Economy

Plaintiffs' case will require determination of substantially the same questions of law relating to the applicability of the FTCA in the particular circumstance of family separation found in *A.P.F.* and *C.M.* Because "[a] principal factor [under Local Rule 42.1(a)] is whether party economy or judicial economy is substantially served by transfer to another judge," transfer is warranted here. *See City of Phoenix v. First State Ins. Co.*, No. CV-15-00511-PHX-NVW, 2016 WL 4591906, at *20 (D. Ariz. Sept. 2, 2016).

The fact that this case is not yet in discovery, while the other Related Cases are nearing the end of discovery, does not preclude transfer. This Court has previously granted a motion to transfer a case that had been newly filed to a judge overseeing a substantially similar case in which a motion for summary judgment had been fully briefed. *See Melchizedek v. Holt*, No. CV 09-1815-PHX-JAT, 2011 WL 13228459, at *1-2 (D. Ariz. Apr. 25, 2011). The Court held that transfer was warranted because it had already considered "substantive matters" and had experience resolving many of the issues likely to come up in the new case. *Id.* at *2. It cited the different procedural postures of the two cases as a reason to deny the plaintiff's motion to *consolidate* the cases, but did not see the differences in posture as a reason not to *transfer* the case. *Id.* at *3.

5

Yet again, Defendant relies on irrelevant case law to string together an argument to oppose transfer. Tellingly, Defendant relies on *S.E.C. v. Fraser*, No. CR-09-00365-PHX-FJM, 2009 WL 1327756 (D. Ariz. May 13, 2009) and *United States v. Mendoza*, 464 U.S. 154 (1984) to make the argument that a division of labor between judges is better for judicial economy. But Defendant fails to see that such a division of labor was preferred in *S.E.C. v. Fraser* because it involved a motion to transfer two criminal cases and one civil case. *Fraser*, 2009 WL 1327756, at *2. While it is important to note that the Court *did* transfer the two criminal cases, and only denied transfer of the civil case because it did not involve the same legal question, such a legally conflicting situation is simply not at issue here. *Id.* Similarly, in *Mendoza*, the Court denied transfer because the case implicated the collateral estoppel doctrine, which by definition prohibits a "second" review of an issue of ultimate fact. *See Mendoza*, 464 U.S. at 158. Needless to say, that is not at issue in the present case. Plaintiffs simply believe, and the case law supports, that it would be in the interest of judicial economy for a judge who is familiar with the issues to review similar cases and controversies.

## CONCLUSION

For the reasons started herein and in Plaintiffs' Motion to Transfer (ECF No. 9), the Court should grant Plaintiffs' motion to transfer the present case to Judge Bolton.

Dated: July 14, 2022

/s/ *Daniel B. Pasternak*
Daniel B. Pasternak
SQUIRE PATTON BOGGS (US) LLP
2325 East Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone:    602.528.4187
Facsimile:    602.253.8129
daniel.pasternak@squirepb.com

Manuel F. Cachán*
PROSKAUER ROSE LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067-3010
Telephone:    310.557.2900
Facsimile:    310.557.2193
mcachan@proskauer.com

Hena M. Vora*
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
Telephone:    212.969.3000
Facsimile:    212.969.2900
hvora@proskauer.com

Sara Van Hofwegen*
Joel Frost-Tift*
PUBLIC COUNSEL
610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone:    213.385.2977
Facsimile:    212.385.9089
svanhofwegen@publiccounsel.org
jfrost-tift@publiccounsel.org

*Attorneys for Plaintiffs*

* *Admitted Pro hac vice*

**Certificate of Service**

I certify that on this 14th day of July, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all parties and counsel of record by operation of the Court's electronic filing system. The Parties may access this filing through the Court system.

*Wendy Anderson*