BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
JAMES G. TOUHEY, JR.
Director, Torts Branch
PHILIP D. MACWILLIAMS
Trial Attorney
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
175 N Street, NE
Room 11-1330
Washington, DC 20530
Telephone: (202) 616-4285
Facsimile: (202) 616-5200
Attorneys for the United States of America

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A. on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>United States of America,<br><br>　　　　Defendant. | Case no. 2:19-CV-05217-SRB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND MOTION TO EXTEND THE DEADLINE FOR COMPLETION OF FACT DISCOVERY (ECF 270)** |

On August 15, 2022, the parties moved for an extension of the fact discovery deadline for the specific and limited purposes of completing the depositions described therein, and for an extension of the deadline for the parties to engage in good faith settlement talks. (*C.M.* ECF 269; *A.P.F.* ECF 272).

Plaintiffs also separately filed a motion for an extension of thirty-two (32) days – from August 15, 2022 to September 16, 2022 – to allow the parties time to meet and confer and, if necessary, for Plaintiffs to raise objections with the Court, relating to Defendant's recently-served responses to the amended discovery requests served by Plaintiffs on July 18, 2022.  (*C.M.* ECF 270; *A.P.F.* ECF 273).  The United States respectfully submits this response to Plaintiffs' motion, to provide the Court additional background and information in deciding whether Plaintiffs have established good cause for the relief sought.

Pursuant to the Amended Case Management Order, all written discovery – interrogatories, requests for production, and requests for admission – were to be served at least 45 days before the fact discovery deadline, or no later than May 31, 2022.  (*C.M.* ECF 144; *A.P.F.* ECF 144).  Plaintiffs sought an extension of that deadline to June 7, 2022, which the United States did not oppose.  (*C.M.* ECF 200; *A.P.F.* ECF 185).  The Court granted Plaintiffs' motion for an extension. (*C.M.* ECF 201; *A.P.F.* ECF 186).

On June 7, 2022, Plaintiffs served their final written discovery requests, consisting of requests for production, interrogatories, and requests for admission.   The government promptly sent Plaintiffs a letter, on June 9, 2022, noting its position that Plaintiffs' written discovery requests, in a departure from prior discovery requests, were not coordinated to ensure those requests relating to policy-related issues common to both actions were uniform and jointly served.  Although at that point the deadline for serving written discovery had passed, the government offered Plaintiffs an opportunity to amend the written discovery requests served on June 7, 2022.

On June 16, 2022, Plaintiffs responded that they did not agree with the government's position and would not serve amended discovery requests. However, two weeks later, on July 1, 2022, Plaintiffs offered their proposal for revising the written discovery requests. After further discussions, an agreement was reached on July 11, 2022. A week later, on July 18, 2022, Plaintiffs served their amended written discovery requests. On August 12, 2022, the United States served its responses to these amended written discovery requests, before the August 15, 2022 deadline for completion of fact discovery and less than thirty (30) days following service of Plaintiffs' amended requests.

As Plaintiffs' written discovery requests were being discussed, the parties also engaged in discussions regarding extending the July 15, 2022 fact discovery deadline to complete certain limited and specific discovery items. The parties jointly moved the Court for an extension on July 14, 2022. (*C.M.* ECF 260; *A.P.F.* ECF 256). On July 15, 2022, the fact discovery deadline was extended from July 15, 2022 to August 15, 2022 to allow the parties to complete certain specific and limited discovery. (*C.M.* ECF 262; *A.P.F.* ECF 258). Among the reasons stated for the extension of the fact discovery deadline from July 15 to August 15 was to "provide Defendant time to respond to a revised set of requests, which will be served shortly." (*C.M.* ECF 260; *A.P.F.* ECF 256). The joint motion by the parties on July 14 makes clear that "t]he Parties will seek to resolve any disputes related to the above fact discovery, or seek court intervention if necessary, by the [August 15, 2022] amended fact discovery deadline." *Id*.

Plaintiffs now seek to extend the August 15, 2022 fact discovery deadline by 32 days (until September 16, 2022), apparently to allow more time *in case* there may be any

3

disputes relating to the final amended written discovery requests served by Plaintiffs on July 18, 2022.[1]  However, the August 15 deadline to, among thing other things, seek court intervention (if necessary) to resolve any disputes regarding Plaintiffs' final amended written discovery requests was a deadline that Plaintiffs agreed to knowing that their amended discovery requests still needed to be served on the government.  While the parties were able to amicably resolve their disagreement as to Plaintiffs' written discovery requests served on June 7, 2022, Plaintiffs would not be in this position of seeking additional time had their final written discovery requests been amended and served on the government earlier.

The United States respectfully submits that Plaintiffs have not established good cause for the relief sought in their motion, especially insofar as they seek an additional 32 days to raise any disputes with the court.  Such time period is far longer than that which was provided in the prior case management orders.  *See* Amended CMO ¶4a (*C.M.* ECF 144; *A.P.F.* ECF 144).   Accordingly, as communicated to Plaintiffs, if in fact an actual dispute arises relating to the government's responses to Plaintiffs' amended final discovery requests, it would be more productive that the parties then address the dispute

---

[1] Prior to their motion, Plaintiffs did not articulate to the government any actual or potential dispute, including in their supposed request for a "meet and confer."  In their motion, Plaintiffs state that they "requested to meet and confer with Defendant regarding the sufficiency of these responses and objections during the week of August 15, 2022, but have not received a response to this request."  However, Plaintiffs' request came via email on the evening of Friday, August 12, 2022, at 10:39 p.m.  The government did in fact respond on Monday, August 15, 2022, prior to Plaintiffs' filing of the motion, stating that if there is in fact a dispute the parties can address it at that time.  In the government's view, an offer to meet and confer without an identified dispute does not make sense.

at that time, and, if necessary, consider whether there are sufficient grounds to raise the dispute with the court after the August 15, 2022 deadline.

Dated: August 16, 2022   Respectfully Submitted,

JAMES G. TOUHEY, JR.
Director, Torts Branch

*s/Phil MacWilliams*
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
E-mail: phil.macwilliams@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 616-4285

Attorneys for the United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/Phil MacWilliams*
PHILIP D. MACWILLIAMS
Attorney for United States of America