IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No. CV-19-05217-PHX-SRB<br><br>**ORDER** |
| A.P.F., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>    Defendant. | No. CV-20-00065-PHX-SRB<br><br>**ORDER** |

    Pending before the Court are the Government's Motions to Compel the Adult Plaintiffs to Submit to Rule 35 Psychological Examinations and Second Motion to Extend Expert Discovery Deadlines. Plaintiffs have responded in opposition and the Government has replied. The Government's Motions will be granted.

    The Government seeks Rule 35 psychological examinations of the adult Plaintiffs because the adult Plaintiffs claim severe, ongoing and permanent mental and emotional injuries resulting from their separation from their children at the United States-Mexico border in 2017 and 2018. The Plaintiffs have been examined by their own expert who has submitted reports of the psychological examinations to support Plaintiffs' claims of mental and emotional injury but oppose allowing the Government to obtain its own examinations.

In their separately filed oppositions to the Motion, Plaintiffs argue that the Government has acknowledged publicly that the family separations that occurred in 2017 and 2018 caused the separated families extreme emotional harm and significant trauma. But these public statements of acknowledgement of harm to separated families says little about the particular injuries suffered by the individual adult Plaintiffs in these cases and whether such injuries are ongoing and permanent.

Plaintiffs also argue that the evidence provided by the individual Plaintiffs about their emotional trauma at their depositions, the results of some 2018 mental health examinations conducted while they were still detained but reunited with their children, and the reports of their expert and the data upon which their expert relied should be sufficient and negate any need for a Rule 35 examination. But the Government should not have to take the testimony of a plaintiff or the report or data of a plaintiff's expert at face value. Fairness dictates that the Government should also be able to have an expert make a mental health evaluation of a plaintiff seeking money damages for severe, ongoing and permanent injury.

Plaintiffs also complain about the timing of the requested Rule 35 examinations and the delay they might cause. Plaintiffs produced their expert reports on August 25, 2022. The Government made its requests for Rule 35 examinations on September 9, 2022, met and conferred with Plaintiffs' counsel on September 15 and filed the present Motions on September 22, 2022. The Government acted promptly upon receipt of the Plaintiffs' expert reports to seek the Rule 35 examinations. The Government cannot be faulted for awaiting review of Plaintiffs' expert's reports before seeking a Court order to compel Rule 35 examinations.[1]

Plaintiffs acknowledge that Rule 35 mental examinations in cases where the claimed injuries are severe, ongoing and permanent emotional distress are the norm. Despite their attempts to suggest a different norm for this case, the Court finds that Rule 35 examinations

---

[1] The Court acknowledges that the Government first discussed Rule 35 examinations of both the adult and child Plaintiffs in June 2022 and its intent to move to compel them if no agreement were reached. But it was not unreasonable for the Government to await review of Plaintiffs' expert reports before moving the Court to order Rule 35 examinations.

of the adult Plaintiffs is the norm for these cases too. The jury will be asked to award money damages to the adult Plaintiffs for injuries that are emotional in nature. The Government has cited some evidence from some Plaintiffs that may suggest the long-term injuries are less severe than Plaintiffs argue. The Government's expert should be able to render an opinion on the extent and permanence of each adult Plaintiffs' emotional injury claim and should not have to rely on Plaintiffs' evidence and expert.

The Court finds that the Government has shown good cause as required by Rule 35. That Plaintiffs' mental conditions are in controversy is not disputed.

The parties are also in disagreement about the parameters of the Rule 35 examinations. The Government's expert is a native Spanish speaker but a translator will also be provided if needed. The Government agrees to conduct the examination in each Plaintiff's preferred location if possible and proposes to not audio or video record the examination. The Government's expert's examination will not exceed eight hours. The Government asks for 60 days to complete the examinations.

Plaintiffs request a limitation of not more than four hours for the examination and highlights the existence of language and literacy limitations of some adult Plaintiffs. Plaintiffs also want the Court to order video recording of the examinations. Plaintiffs ask that the examinations be done in no more than 30 days.

The Court defers to the expert concerning the length of the examination which is to include testing and an interview. Moreover, the potential need for an interpreter further justifies the eight-hour request. The Court agrees with Plaintiffs that the examination should be video recorded (with audio) so that there will be no issues concerning a language or translation problem or inappropriate questioning. The Court also will order that the examinations take place in the state where each Plaintiff currently resides unless counsel can agree on a different location. If the Government's chosen expert cannot perform the examination in a Plaintiff's home state due to licensing requirements, the Government will have to find a licensed psychologist in that state to conduct the examination.

Finally, the examinations and reports shall be concluded and disclosed within 60 days of the date of this Order. Because this is the beginning of the holiday season, the 30

days requested by Plaintiffs is unrealistic.

**IT IS ORDERED** granting the Government's Motion to Compel the Adult Plaintiffs to Submit to Rule 35 Psychological Examinations and Second Motion to Extend Expert Discovery Deadlines. (CV19-05217-PHX-SRB Doc. 288 and CV20-00065-PHX-SRB Doc. 290)

**IT IS FURTHER ORDERED** that the examinations shall be conducted in accordance with the parameters stated above.

**IT IS FURTHER ORDERED** extending the expert disclosure deadline for 60 days from the date of this Order.

Dated this 16th day of November, 2022.

_____
Susan R. Bolton
United States District Judge