IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A. on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br><br> Plaintiffs, <br><br> v. <br><br> United States of America, <br><br> Defendant. | No. 2:19-CV-05217-PHX-SRB <br><br> **ORDER DIRECTING DISCLOSURE AND PROTECTIVE ORDER** |

The Court having determined that there is good cause for issuance of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to govern the disclosure, use, and handling by the parties and their respective agents, successors, personal representatives, and assignees of certain information and items described herein (Doc. 358), **IT IS HEREBY ORDERED** as follows:

Dr. Ricardo Winkel is hereby ordered to disclose to counsel for the parties (1) the video recordings (with audio) of the standardized testing portions of the Rule 35 examinations where all or part of the tests were administered orally, and (2) any written

standardized testing materials required to be disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(b)(ii) (collectively, the "test material").  Dr. Winkel shall disclose the test material to counsel for the parties on an "Attorneys-Eyes-Only" basis.  Plaintiffs' counsel shall not share the test material with their clients, but counsel may share the material with their mental health experts.[1]

The test material shall be deemed Confidential Information pursuant to the Stipulated Protective Order Regarding Confidential Information (ECF No. 58), and shall further be subject to the following additional protections:

1. Authorized Recipients shall not make copies of the test material;

2. Authorized Recipients shall return the test materials to Dr. Ricardo Winkel at the conclusion of the litigation;

3. The test material shall not be publicly available as part of the record of the case, whether this is done by filing a motion to seal part of the record or by not including the materials in the record at all.  In addition, testimony which makes clear the content of the test material shall be sealed and not included in the public record.

. . .

. . .

. . .

. . .

---

[1] Hereafter, counsel for the parties and their mental health experts are collectively referred to as "Authorized Recipients."

To the extent the procedures set out in this Order conflict with any procedures set out in the Stipulated Protective Order Regarding Confidential Information (ECF No. 58), the stricter shall apply.

Dated this 24th day of January, 2023.

_____
Susan R. Bolton
United States District Judge