BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
JAMES G. TOUHEY, JR.
Director, Torts Branch
PHILIP D. MACWILLIAMS
Trial Attorney
D.C. Bar No. 482883
IRINA MAJUMDAR
Trial Attorney
D.C. Bar No. 252757
E-mail: Irina.M.Majumdar@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
175 N Street, NE
Washington, DC 20530
Telephone: (202) 305-2609
Facsimile: (202) 616-5200

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A., <br>                     Plaintiffs, <br> v. <br><br> United States of America, <br>                     Defendant. | No. CV-19-05217-PHX-SRB <br><br> **OPPOSITION TO PLAINTIFFS' SUPPLEMENT TO MOTION FOR SANCTIONS** |
| A.P.F. on his own behalf and on behalf of his minor child, O.B.; J.V.S., on his own behalf and on behalf of his minor child H.Y.; J.D.G. on his own behalf and on behalf of his minor child, M.G.; H.P.M. on his own behalf and on behalf of his minor child, A.D.; M.C.L. on his own behalf and on behalf of his minor child, A.J.; and R.Z.G. on his own behalf and on behalf of his minor child, B.P., <br>                     Plaintiffs, <br> v. <br><br> United States of America, <br>                     Defendant. | No. CV-20-00065-PHX-SRB |

The United States reiterates that it has approached its discovery obligations in this litigation with seriousness and diligence. On February 21, 2023, the United States produced nine pages of notes and hardcopy documents collected from Scott Lloyd, the former Director of the Office of Refugee Resettlement ("ORR") in the Department of Health and Human Services ("HHS"). Of those nine pages, four pages contained redactions of deliberative material unrelated to this litigation and material protected by the presidential communications privilege. Following this limited production, Plaintiffs filed a Supplement to Their Motion for Sanctions ("Supplement"). *See C.M.* ECF 367; *A.P.F.* ECF 359. In the Supplement, Plaintiffs ask this Court to include the documents produced on February 21 in their pending Motion for Sanctions ("Motion for Sanctions"), *see C.M.* ECF 333; *A.P.F.* ECF 328. Specifically, Plaintiffs request: "(1) that the notes be deemed admitted at trial if offered by Plaintiffs; and (2) that Defendant be precluded from contesting or otherwise using the late produced notes at trial." *C.M.* ECF 367 at 2; *A.P.F.* ECF 359 at 2. Additionally, Plaintiffs request "leave of the Court to depose Lloyd regarding his late-produced notes." *See C.M.* ECF 367 at 2; *A.P.F.* ECF 359 at 2. For the reasons set forth below, this Court should deny the relief Plaintiffs seek in their Supplement.

**I. BACKGROUND**

On July 18, 2022, Plaintiffs served amended Requests for Production ("RFP"), seeking, among other things, "all handwritten notes relating to any policy or practice to separate or separately detain immigrant parents and children after apprehension at the Southwest Border, or the Zero Tolerance Policy, for the HHS/ORR custodians whose ESI documents were produced in this matter, including . . . Scott Lloyd." *See* Supplement, Ex. C at 11-12.[1] The United States collected and timely produced documents responsive to this RFP, including notes taken by Scott Lloyd. In February 2023, agency counsel came across the additional nine pages from Mr. Lloyd that are the subject of Plaintiffs' Supplement. These documents were located in a folder marked for a non-relevant subject matter, and

---

[1] Exhibit C to Plaintiffs' Supplement only includes the RFP submitted by *A.P.F.* The *C.M.* Plaintiffs also submitted an identical RFP to the United States on the same date.

2

which did not otherwise contain anything relevant to this litigation.[2]  As promptly as possible following the discovery of these documents, the United States reviewed and produced them to Plaintiffs.

**II. SANCTIONS ARE NOT WARRANTED**

As this Court is well-aware, and as explained in the United States' Opposition to Plaintiffs' Motion for Sanctions ("Opposition"), *see C.M.* ECF 344; *A.P.F.* ECF 338, the United States timely produced tens of thousands of documents in this litigation.  That a small number of documents was produced late "is not, by itself, evidence of discovery misconduct." *McGhee v. N. Am. Bancard*, LLC, 2021 WL 5764708, at *2 (S.D. Cal. June 28, 2021) (declining to issue sanctions where a relatively "small number of documents" in a large litigation were located and produced late).  Courts within this circuit have recognized the Federal Rules of Civil Procedure "do not demand perfection." *Reinsdorf v. Skechers U.S.A., Inc*. 296 F.R.D. 604, 615 (C.D. Cal. 2013).  "A party may comply in good faith with its discovery obligations and yet there may be supplemental productions or even additional responsive documents that were inadvertently omitted. Such supplemental productions or responses do not necessarily equate to discovery misconduct." *Id*.

Plaintiffs incorrectly claim that these documents should have been produced pursuant to the Mandatory Initial Discovery Pilot program ("MIDP"). *See* Supplement at 1.  In negotiating the scope of MIDP discovery, the parties ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See* Motion for Sanctions, Ex. D at 3.  To the United States' understanding, Mr. Lloyd's documents at issue were not part of HHS's productions to Congress, and therefore were not ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.  Additionally, that Plaintiffs served an RFP seeking handwritten notes from former and current HHS employees "whose ESI documents were produced in this

---

[2] Plaintiffs suggest that the United States inaccurately represented that these documents were only recently discovered by HHS because the metadata for the documents is from February 2019. *See* Supplement at 2, n.2. It is the United States understanding that these documents were scanned in February 2019 as part of HHS's record-keeping process. Neither agency counsel nor counsel for the United States was aware of the existence of these documents until shortly before they were produced to Plaintiffs.

matter" (which included Mr. Lloyd) underscores that the pages at issue need not have been produced pursuant to MIDP. *See* Supplement, Ex. C at 11.

Further, delayed production of the nine pages collected from Mr. Lloyd was harmless. *Greenawalt v. Sun City West Fire Dist.*, 2006 WL 1688088, at *3 (D. Ariz. June 10, 2006) (holding that sanctions should not be imposed where the disobeying party can "substantially justify the late disclosure, or prove its harmlessness"). The topics addressed in the documents at issue are not novel, but rather were covered in other documents and in deposition testimony. For instance, one of the documents Plaintiffs specifically describe in the Supplement is a ███████████████████████████████████████ ███████████████████████████████. *See* Supplement, Ex. A at 4-7. ███████████ ███████████████████ were addressed in detail during the *C.M.* and *A.P.F.* Plaintiffs' joint depositions of U.S. Border Patrol agents and the *A.P.F.* Plaintiffs' Rule 30(b)(6) deposition of the U.S. Customs and Border Protection ("CBP") Office of Field Operations ("OFO"). Accordingly, Plaintiffs were not harmed by the belated production of these documents.

Additionally, Plaintiffs' assertion that they were harmed because they were unable to take these documents into consideration when deciding which witnesses to depose or show these documents to witnesses is incorrect. By the time Plaintiffs served their RFP on July 18, 2022, they *already* had deposed all of their allotted policy-level depositions, with the exception of the Department of Homeland Security ("DHS") Rule 30(b)(6) deposition, which the parties were in the process of negotiating. Accordingly, Plaintiffs could not possibly have shown these documents to witnesses or used these documents to determine which policy-level fact witnesses to depose because they did not request these documents until after that time.

### III. CONCLUSION

For the foregoing reasons and the reasons set forth in its Opposition to Plaintiffs' Motion for Sanctions, *see C.M.* ECF 344; *A.P.F.* ECF 338, the United States respectfully requests that this Court deny the relief requested in Plaintiffs' Supplement.

4

Submitted this 17th day of March, 2023.

> BRIAN M. BOYNTON
> Principal Deputy Assistant Attorney General
>
> JAMES G. TOUHEY, JR.
> Director, Torts Branch
>
> *s/ Irina M. Majumdar*
> IRINA M. MAJUMDAR
> Trial Attorney
> D.C Bar No. 252757
> PHILIP D. MACWILLIAMS
> Trial Attorney
> D.C. Bar No. 482883
> E-mail: Irina.m.majumdar@usdoj.gov
> U.S. Department of Justice
> Civil Division, Torts Branch
> Benjamin Franklin Station, P.O. Box 888
> Washington, DC 20044
> Telephone: (202) 598-5403
>
> Attorneys for the United States of America

## CERTIFICATE OF SERVICE

    I hereby certify that on March 17, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

*s/ Irina M. Majumdar*
IRINA M. MAJUMDAR
Attorney for United States of America