David B. Rosenbaum (009819)
Travis C. Hunt (035491)
BriAnne N. Illich Meeds (036094)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
drosenbaum@omlaw.com
thunt@omlaw.com
billichmeeds@omlaw.com
***Counsel for C.M. Plaintiffs***

*(Additional Counsel for Plaintiffs Listed on the Signature Page)*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; et al.<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:19-cv-05217-SRB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO SEAL (Dkt. 400)** |

Plaintiffs oppose Defendant's request to seal Exhibit D and the corresponding portions of Defendant's Controverting and Supplemental Statement of Facts. *See* Def.'s Mot. to Seal (Dkt. 400). The excerpted testimony of former CBP Commissioner Kevin McAleenan is not confidential, and Defendant has not met the "compelling reasons" standard to seal this material.[1]

There is a "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). As noted by the Court, a party seeking to overcome this presumption and file materials under seal in connection with dispositive motions—such as Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment here—must provide a compelling reason for doing so. *See* Order Granting Mots. to Seal at 2 (Dkt. 322) (citing *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016)). Under the "compelling reasons" standard, Defendant must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quotations omitted). "[C]onclusory statements about the content of the documents," such as "that they are confidential" or "that, in general, their production would, amongst other things, hinder" law enforcement operations, "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents." *Id.* at 1182; *see also Unknown Parties v. Johnson*, 2016 WL 8199309, at *4 (D. Ariz. June 27, 2016) (explaining that "blanket claims of privacy or law enforcement," such as assertions that disclosure "could impede" a law enforcement mission, are insufficient).

Portions of the testimony Defendant seeks to seal have already been released to the public: Defendant itself filed pages 335 and 344 of McAleenan's deposition transcript (which are included in the excerpt Defendant seeks to seal here) on the public record in

---

[1] Defendant also asks to seal a direct quote from Plaintiffs' Exhibit 9 contained in the Controverting Statement of Facts. Plaintiffs' opposition to sealing Exhibit 9 is set forth in Dkt. 373 and 373-6 at 3.

this case.  *See* United States Exhibit A, Attachment 1, McAleenan Dep. at 335, 344, Dkt. 372-1.  Defendant's current view that the exhibit "contains sensitive, pre-decisional deliberations, addressing the development of immigration policy" is further undermined by the fact that Defendant did not designate lines 340:5–343:25 as confidential under the terms of the protective order.  Defendant cannot reverse course now.

Defendant's "concern" that release of this testimony would "chill[] candid discussion and deliberation among employees of federal agencies" is also unfounded given that the facts the government now seeks to hide—those surrounding a February 14, 2017 meeting, including its attendees and topics discussed—have been widely disseminated through extensive public reporting and public congressional testimony.  For instance, *The Atlantic* reported that "[o]n Valentine's Day 2017, Kevin McAleenan, now the acting head of Customs and Border Protection, hosted a large meeting with representatives of CBP, ICE, HHS, and a smattering of White House Hawks."  Caitlin Dickerson, *We Need to Take Away Children: The Secret History of the U.S. Government's Family-Separation Policy*, THE ATLANTIC (Aug. 7, 2022), Dkt. 302-6 at 29.  Attendees described the meeting as "like a pep really, with two deputies of [ICE Director] Tom Homan's—Matt Albence and Tim Robbins—announcing their plans for securing the border, which included separating migrant families."  *Id.* at 30.  *The Atlantic* later reported that at the February 14, 2017 meeting, "immigration-enforcement officials presented a nationwide plan to separate families as an immigration deterrent. . . .  The plan was also leaked to the media, after which Homeland Security officials began to assert publicly that the idea had been abandoned.  In reality, during and after regional separation programs were implemented in Texas, Arizona, and New Mexico, the nationwide plan was still being pushed aggressively by leaders of the immigrant-enforcement agencies, as well as by Stephen Miller, President Donald Trump's chief immigration adviser, and Gene Hamilton, a confidant of Miller's who worked at DHS and the Department of Justice."  Ex. A, Caitlin Dickerson, *The Family-Separation Files*, THE ATLANTIC (Dec. 31, 2022), at 2.

*American Oversight* further reported that "officials discuss[ed] family separation as a potential policy option for ending 'catch and release'" during the February 14, 2017 meeting, that a "focus of the meeting" was "joint DHS, DoJ, and HHS plans for addressing unaccompanied minors and their parents/sponsors in the U.S.," that ORR Commander Jonathan White "recalled the meeting in later congressional testimony," and that "the tone of the discussion was 'If we go this route, we need to be ready.'" Ex. B, *A Timeline of the Trump Administration's Family Separation Policy*, AMERICAN OVERSIGHT (Jan. 4, 2023), at 3.  Defendant does not explain how granting public access to the material it cites will have a chilling effect when the circumstances surrounding the February 14, 2017 meeting are already publicly known.

Last, Defendant only vaguely states that there are "law enforcement concerns" raised by McAleenan's testimony.  Def.'s Mot. to Seal at 3.  But Defendant does not offer any reason, much less a sufficiently compelling or specific one, to justify sealing on this ground.  Defendant does not identify any specific law enforcement concerns, nor does it explain how the release of this testimony—about a meeting regarding "the development of immigration policy" that occurred over six years ago and again is very much in the public domain—could raise law enforcement concerns.  *Id.*

In short, Defendant fails to meet the "compelling reasons" test to seal the excerpt of McAleenan's testimony that Defendant submitted to support its opposition to Plaintiffs' Motion for Partial Summary Judgment.  Accordingly, Plaintiffs respectfully request that the Court deny Defendant's Motion to Seal with respect to Exhibit D.

1
           RESPECTFULLY SUBMITTED this 27th day of April, 2023.

2
By:Travis C. Hunt _____

3
OSBORN MALEDON, P.A.
David B. Rosenbaum (009819)

4
Travis C. Hunt (035491)
BriAnne N. Illich Meeds (036094)

5

6
ARNOLD & PORTER KAYE SCHOLER LLP
Diana E. Reiter*

7
Erik Walsh*
Lucy McMillan*

8
Harry K. Fidler*
Kaitlyn Schaeffer*

9
Brian Auricchio*
Julia Kindlon*

10
250 West 55th Street
New York, NY 10019-9710

11
Telephone: (212) 836-8000
diana.reiter@arnoldporter.com

12
erik.walsh@arnoldporter.com
lucy.mcmillan@arnoldporter.com

13
harry.fidler@arnoldporter.com
kaitlyn.schaeffer@arnoldporter.com

14
brian.auricchio@arnoldporter.com
julia.kindlon@arnoldporter.com

15

16
ARNOLD & PORTER KAYE SCHOLER LLP
R. Stanton Jones*

17
David Hibey*
Emily Reeder-Ricchetti*

18
601 Massachusetts Avenue, NW
Washington, DC 20001

19
Telephone: (202) 942-5000
stanton.jones@arnoldporter.com

20
david.hibey@arnoldporter.com
emily.reeder-ricchetti@arnoldporter.com

21
ARNOLD & PORTER KAYE SCHOLER LLP
Sean Morris*

22
777 South Figueroa Street
Los Angeles, CA 90017-5844

23
sean.morris@arnoldporter.com

24
KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN LLP
Jonathan H. Feinberg*

25
The Cast Iron Building
718 Arch Street, Suite 501 South

26
Philadelphia, PA 19106
Telephone: (215) 925-4400

27
jfeinberg@krlawphila.com

28

- 4 -

NATIONAL IMMIGRANT JUSTICE CENTER
Mark Fleming*
Mark Feldman*
224 S. Michigan Ave., Suite 600
Chicago, IL 60604
Telephone: (312) 660-1370
mfleming@heartlandalliance.org
mfeldman@heartlandalliance.org

NATIONAL IMMIGRATION LITIGATION ALLIANCE
Trina Realmuto*
Mary Kenney*
10 Griggs Terrace
Brookline, MA 02446
Telephone: (617) 819-4447
trina@immigrationlitigation.org
mary@immigrationlitigation.org

AMERICAN IMMIGRATION COUNCIL
Katherine Melloy Goettel*
Emma Winger*
Gianna Borroto*
1331 G Street NW, Suite 200
Washington, DC 20005
Telephone: (202) 507-7512
Telephone: (202) 742-5619
kgoettel@immcouncil.org
ewinger@immcouncil.org
gborroto@immcouncil.org

*Attorneys for Plaintiffs C.M. et al.*
*\* Admitted pro hac vice*

- 5 -

1

2

### **CERTIFICATE OF SERVICE**

3

        I hereby certify that on April 27, 2023, I electronically file the foregoing with the Clerk

4

of the Court via the Court's Electronic Filing System, which will provide electronic

5

notification to all filing users.

6

7

/s/Lauren Dwyer

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28