**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A.,<br><br>                              Plaintiffs,<br><br>           v.<br><br>United States of America,<br><br>                              Defendant. | No. CV-19-05217-PHX-SRB<br><br>**ORDER** |
| A.P.F., on his own behalf and on behalf of his minor child, O.B.; and J.V.S., on his own behalf and on behalf of his minor child, H.Y.,<br><br>                              Plaintiffs,<br><br>           v.<br><br>United States of America,<br><br>                              Defendant. | No. CV-20-0065-PHX-SRB |

Plaintiffs filed the pending Motion for Sanctions (CV19-05217 Doc. 342 and CV20-00065 Doc. 337) after the United States produced handwritten notes and other documents after the close of discovery.  The handwritten notes were taken by key government witnesses which Plaintiffs argue show that family separation was designed for the purpose of deterring other immigrants from seeking to enter the United States and that the involved agencies were not prepared for implementation of family separation. The other documents are versions of previously produced documents that were missing track changes and comments in the margins. Plaintiffs ask that the Court impose evidentiary sanctions on the United States for the late disclosure of these notes and documents.  The United States opposes the imposition of any sanctions arguing that it has diligently approached its discovery obligations in this case.

## HANDWRITTEN NOTES

The notes at issue include handwritten notes penned by ICE Executive Associate Director for Enforcement and Removal Operations Matthew Albence, DHS Secretary John Kelly, CBP Commissioner Kevin McAleenan and others.  The notes concern family separation.  The Court's review of the notes demonstrates clear relevance to the issues in this case. They should have been produced much earlier in the litigation and before Plaintiffs took the depositions of some of the note takers or decided which of the potential witnesses would be deposed.

While the United States emphasizes in its opposition the magnitude of the production of government documents made in this case, it offers no reasonable excuse for its failure to obtain the handwritten notes until after the close of discovery and after deponents testified about contemporaneous notes that they knew had been taken during meetings about family separation.  The United States says it learned about Mr. McAleenan's 65 pages of handwritten notes just days before his deposition in September 2022. It does not explain why it had not inquired of Mr. McAleenan sooner.  After the deposition, the United States says it engaged in a further search to ensure all handwritten notes had been collected and produced the balance of the handwritten notes. The United States agrees that the notes were part of its disclosure obligations.

## ANNOTATED DOCUMENTS

The late produced documents are versions of documents earlier produced but with annotations not on the earlier produced documents. The failure to produce these versions of the documents was discovered to be a technical error concerning some Word documents collected from ICE custodians. The Plaintiffs accept that this was an inadvertent error.

## SANCTIONS REQUESTED

The evidentiary sanctions sought by Plaintiffs are the admission of the documents and handwritten notes if offered by Plaintiffs at trial and the preclusion of the United States' use of the documents and notes. The Court does not accept the United States' suggestion that because these late produced notes and documents were just a small percentage of the total documents produced that sanctions are not warranted. As it relates to the handwritten notes of key witnesses, the United States knew of the importance of inquiring about the existence of any handwritten notes and did not adequately explain why they were not discovered and disclosed to Plaintiffs much earlier or the efforts it made to discover from these important witnesses whether they had taken contemporaneous notes. It seems that once witnesses disclosed that notes were taken at meetings, the United States was able to quickly inquire and disclose them. The Court can only conclude that diligent inquiry was not made for this type of hard-copy document and the United States focused instead on computer searches.

The Court finds that sanctions are appropriate and rejects the United States' suggestion that discovery be re-opened so that Plaintiffs can question the witnesses again. The Court has previously rejected this suggestion. (Doc. 308 at 11.)

The Court will grant Plaintiffs' requested sanctions in part regarding the handwritten notes. Trial will be to the Bench. The handwritten notes, if offered by Plaintiffs, will be admitted if relevant. No witness will be required to authenticate the documents. The notes will be admitted as the contemporaneous notes of the person identified by the United States in its production as the author. The United States will not

be able to offer the notes but the Court will not preclude the United States from questioning the author of any of those notes at trial about the notes.

With respect to the Annotated Documents, they will only be admitted if their relevance is shown. No authentication of the Annotated Documents will be required.

### SUPPLEMENT TO PLAINTIFFS' MOTION FOR SANCTIONS

After Plaintiffs' Motion for Sanctions was briefed, Plaintiffs filed a Supplement because additional handwritten notes were produced by the United States. Plaintiffs request that the same sanction be applied to these notes. The notes were taken by Director of the Office of Refugee Resettlement Scott Lloyd. The United States opposes any evidentiary sanctions. It argues that this was not a lack of disclosure but a misfiling of documents resulting in the late production. The Court need not address whether this production was a disclosure obligation or a production obligation pursuant to a Request to Produce because under either scenario this late production was not a result of a failure to inquire about the existence of notes. The United States collected and produced notes taken by Mr. Lloyd previously and had no reason to believe its production was incomplete. The United States avows, and the Court accepts, that these notes were found in a folder "marked for a non-relevant subject matter which did not otherwise contain anything relevant to this litigation." No evidentiary sanction will be ordered for these notes.

Plaintiffs request to re-open discovery to depose Mr. Lloyd is also denied. Plaintiffs opposed re-opening discovery to inquire about the other handwritten notes that were disclosed after the close of discovery and the Court agreed that discovery would not be re-opened. The Court sees no basis to re-open discovery to allow the deposition of Scott Lloyd based on these few notes.

. . .
. . .
. . .
. . .
. . .

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IT IS ORDERED** granting in part and denying in part Plaintiffs' Motion for Sanctions.  (CV19-05217-342 and CV20-00065-337).

Dated this 15th day of August, 2023.

_____
Susan R. Bolton
United States District Judge