David B. Rosenbaum (009819)
Travis C. Hunt (035491)
BriAnne N. Illich Meeds (036094)
OSBORN MALEDON, P.A.
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Telephone: (602) 640-9000
drosenbaum@omlaw.com
thunt@omlaw.com
billichmeeds@omlaw.com
*Counsel for C.M. Plaintiffs*

*(Additional Counsel for Plaintiffs Listed on the Signature Page)*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:19-cv-05217-SRB<br><br>**PLAINTIFFS' MOTION TO REOPEN DISCOVERY FOR THE LIMITED PURPOSE OF COMPELLING THE PRODUCTION OF DEPOSITION TRANSCRIPTS AND EXHIBITS** |
| A.P.F., on his own behalf and on behalf of his minor child, O.B.; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:20-cv-00065-SRB |

**INTRODUCTION**

Plaintiffs seek unredacted copies of the transcripts of and exhibits from five depositions taken in *Wilbur P.G., et al. v. United States*, Case No. 4:21-cv-04457-KAW (N.D. Cal.) (the "*PG* Action"), a lawsuit, like the instant actions, brought by families separated under the government's "DHS Referral Policy." Three of the five depositions in question are of potential trial witnesses in the *CM* and *APF* cases. The remaining two are of Rule 30(b)(6) representatives of the Department of Homeland Security and Customs and Border Protection.

Shortly after these witnesses were deposed in late 2023 in the *PG* Action, Plaintiffs became aware of the depositions, and promptly requested that the government produce the unredacted transcripts. Plaintiffs have reiterated that request multiple times, but the government refuses to produce the transcripts and exhibits on the ground that fact discovery has closed, pursuant to the Amended Case Management Order, ECF No. 144. Declaration of Lucy S. McMillan ("McMillan Decl."), dated February 12, 2024, ¶¶ 6-10. Plaintiffs also asked plaintiffs' counsel in the *PG* Action ("*PG* Counsel") to produce the unredacted transcripts and exhibits. *Id.* ¶ 11. *PG* Counsel advised that it is willing to do so, but government counsel in that case objected, citing the protective order in the *PG* Action (No. 21-cv-04457, ECF No. 58), which is substantively identical to the Protective Order in the *CM* case (ECF No. 58), and in the *APF* case (ECF No. 45) (the "Protective Orders"). In a motion to preserve the government's confidentiality designations of the transcripts and exhibits at issue, government counsel in the *PG* Action argued that this Court, "presiding over the *CM/APF* actions in the District of Arizona, should be permitted to adjudicate the dispute between the parties [concerning the transcripts and exhibits]…in the first instance" (No. 21-cv-04457, ECF. No. 160 at 3). Accordingly, Plaintiffs have been unable to obtain highly relevant transcripts and exhibits, even though *PG* Counsel is willing to produce them at no expense to the government, and

even though the transcripts and exhibits would be available to Plaintiffs (and admissible at trial) but for the protective order in place in the *PG* Action.

Plaintiffs respectfully request that the Court modify the Amended Case Management Order to allow for this additional production, and order the government to produce the unredacted deposition transcripts and exhibits to Plaintiffs.

## **BACKGROUND**

The Court so-ordered the parties' stipulated Protective Order in the *CM* case on July 22, 2020 (ECF No. 58), and in the *APF* case on September 4, 2020 (ECF No. 45). Under the Protective Orders, the government is permitted to designate documents, or portions of documents, that meet the Protective Orders' standards as confidential information. The government has relied on the Protective Orders, as well as the protective orders in place in other family separation cases, to share deposition transcripts and documents from the *CM* and *APF* cases with plaintiffs' counsel in other federal court litigations pertaining to family separations. Email from I. Majumdar to M. Schlesinger, J. Carey, and T. Park, et al., dated Feb. 6, 2023, attached as Ex. 1 to the McMillan Decl. ("We plan to request that the sealed orders [from *CM* and *APF*] can be shared [with counsel for plaintiffs in similar cases] under the condition that they be deemed confidential information, subject to the protective orders entered by the courts in those cases. As you are likely aware, 'common discovery' documents and deposition transcripts have been produced in other FTCA family separation cases."). The government shared those documents and deposition transcripts so that the parties in other family separation cases could "benefit from the considerable work already done by the parties" in *CM* and *APF*. *Id*.

Fact discovery closed in the instant actions in July 2022. More than a year later, in late 2023, three witnesses who were deposed in the *CM* and *APF* cases, and

whom the parties have identified as potential trial witnesses in in *CM* and *APF*, were deposed in the *PG* Action:

- Sean Lokey (Assistant U.S. Attorney, United States Attorney's Office for the District of Arizona),
- Shawn Jordan (Executive Officer in the Yuma Border Patrol Sector, Customs and Border Protection), and
- Matthew Albence (former Executive Associate Director, Immigration and Customs Enforcement).

In addition, *PG* Plaintiffs deposed one witness from the Department of Homeland Security (James McCament) and another from Customs and Border Protection (Benjamine "Carry" Huffman), pursuant to Federal Rule of Civil Procedure 30(b)(6). On information and belief, these witnesses made statements on behalf of the government about the DHS Referral Policy and its implementation.

Plaintiffs asked the government to produce the unredacted deposition transcripts and exhibits of these potential trial witnesses and 30(b)(6) witnesses during a meet and confer on November 27, 2023, and again in writing on December 5, 11, and 13, 2023. McMillan Decl. ¶¶ 7-8, 10. On December 14, 2023, Plaintiffs raised the dispute concerning the unredacted transcripts with the Court during a status conference. *Id.* ¶12. The Court stated that Plaintiffs could file a motion to address Plaintiffs' request for the unredacted transcripts. The Court also stated: "the confidentiality order that already exists in this case would be sufficient to protect any issues of confidentiality that arose in a different case. So I don't want to have any briefing on that. That would be my ruling. If there's other reasons why the government believes that those deposition transcripts can't be provided, we can address – you can address that in writing." Transcript of Status Conference at 19, attached as Ex. 2 to the McMillan Decl. Since that time, Plaintiffs have sought the unredacted transcripts and exhibits from *PG* Counsel, and again requested them

1  from the government in the *CM* and *APF* actions. McMillan Decl. ¶ 13. The
2  government's position is that it is not obligated to produce the deposition transcripts
3  and exhibits, and that Plaintiffs are not permitted to obtain the unredacted transcripts
4  from *PG* Counsel.

## STANDARD OF REVIEW

6  The purpose of discovery is to "provide the parties with full knowledge of
7  the facts, thereby reducing the risk of surprise at trial." *MJG Enterprises, Inc. v.*
8  *Cloyd*, No. 2:10-CV-86-TMB, 2012 WL 12964345, at *1 (D. Ariz. Oct. 30, 2012)
9  (citing *Hickman v. Taylor*, 329 U.S. 495, 501, 507 (1947)). "[W]ide access to
10 relevant facts serves the integrity and fairness of the judicial process by promoting
11 the search for the truth." *Id.* (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.
12 1993)). A party that has in good faith conferred or attempted to confer regarding a
13 particular disclosure may move to compel disclosure. Fed. R. Civ. P. 37. "While it
14 is true that, generally, motions to compel must be filed within the scheduled time
15 for discovery, [Rule] 37 provides no deadline for the filing of a motion to compel."
16 *Sandoz Inc. v. United Therapeutics Corp.*, No. 19-CV-10170, 2021 WL 2453142,
17 at *1–2 (D.N.J. June 16, 2021) (allowing limited discovery after the close of fact
18 discovery "in fairness to the parties" and in light of particular circumstances of
19 case); *Starr Int'l Co. v. Am. Int'l Grp., Inc.*, No. 05 CIV. 6283 BSJ MHD, 2007 WL
20 646211, at *1 (S.D.N.Y. Feb. 26, 2007) (allowing limited discovery and noting that
21 the party's request was "not unreasonable in view of the fact that the new entities
22 were not disclosed until late December," "long after the official end of fact
23 discovery").
24 Under Rule 16 of the Federal Rules of Civil Procedure, a party may move to
25 modify a scheduling order and reopen discovery "for good cause and with the
26 judge's consent." Fed. R. Civ. P. 16(b)(4). In determining whether to reopen
27 discovery, courts consider six factors: 1) whether the moving party was diligent in

1  obtaining discovery within the guidelines established by the court; 2) the
2  foreseeability of the need for additional discovery in light of the time allowed for
3  discovery by the district court; 3) the likelihood that the discovery will lead to
4  relevant evidence; 4) whether the non-moving party would be prejudiced; 5)
5  whether trial is imminent; and 6) whether the request is opposed. *SiteLock LLC v.*
6  *GoDaddy.com LLC*, No. CV-19-02746-PHX-DWL, 2023 WL 4661842, at *3, 5 (D.
7  Ariz. July 20, 2023) (granting a motion to reopen fact discovery for the limited
8  purpose of issuing third party subpoenas for a narrow set of documents); *see also*
9  *Hooks v. Target Corp.*, No. 5:22-CV-00052, 2023 WL 4680352 (C.D. Cal. June 1,
10 2023) (granting plaintiff's motion to reopen discovery to allow plaintiff to complete
11 certain depositions and to move to compel an interrogatory response). The primary
12 consideration is "the diligence of the party seeking the amendment." *Johnson v.*
13 *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

## ARGUMENT

15     There is good cause to reopen discovery for the limited purpose of ordering
16 the government to produce the unredacted transcripts and exhibits of five
17 government witnesses deposed in the *PG* Action. While the government opposes
18 Plaintiffs' request, the remaining factors weigh in Plaintiffs' favor.

19     *Diligence and foreseeability*. Plaintiffs have diligently sought production of
20 the unredacted deposition transcripts and related exhibits. Plaintiffs first requested
21 these documents during a meet and confer with the government on November 27,
22 2023, and then requested them in writing on December 5, 11, and 13, 2023.
23 McMillan Decl. ¶¶ 7-8, 10. On December 14, 2023, Plaintiffs raised the dispute with
24 the Court at a conference. *Id.* ¶ 12. Plaintiffs then followed up with the government
25 on December 15 and 21, 2023, and January 11 and 22, 2024. *Id.* ¶ 13. Finally, on
26 February 2, 2024, Plaintiffs informed the government that it would file this motion.
27 *Id.* ¶ 14. In addition, Plaintiffs requested the transcripts and exhibits from *PG*

6

Plaintiffs. Plaintiffs could not have requested the materials prior to the close of fact discovery given that the transcripts did not exist until more than a year later. Nor could Plaintiffs reasonably have foreseen that the government would refuse to produce plainly relevant discovery in its possession. *See, e.g.*, *Galvan v. Duffie*, No. EDCV 13-1492-MWF, 2019 WL 6448958, at *4 (C.D. Cal. June 25, 2019) (granting motion to reopen discovery for the limited purpose of completing certain depositions where there was "no indication that Plaintiff has been dilatory in pursuing the [depositions at issue], and reopening discovery appears likely to lead to relevant evidence"); *Hooks*, 2023 WL 4680352, at *2 (granting motion to reopen discovery to allow plaintiff to complete certain depositions where plaintiff "diligently attempted to contact [defendant] and coordinate the scheduling of the Noticed Depositions").

<u>*Relevance*</u>. There can be no reasonable dispute that the transcripts and exhibits are highly relevant. The claims and defenses in the *PG* Action are substantially similar to those at issue in the instant actions and the deposition transcripts contain statements made under oath by potential trial witnesses, or by 30(b)(6) witnesses, about the development and implementation of the same policies that are central to this litigation. *See, e.g.*, *Tasty One, LLC v. Earth Smarte Water, LLC*, No. 2:20-CV-1625, 2023 WL 362666, at *2 (D. Nev. Jan. 20, 2023) (granting defendant's motion to reopen discovery where depositions sought "may produce evidence that is relevant to either party's claims or defenses").

Indeed, the transcripts may be used at trial in this action, whether for purposes of impeachment, as statements of a party opponent or in the event that the witness is unavailable at trial. Fed. R. Civ. Proc. 32(a); *see also* Fed R. Civ. Proc. 30(b)(6); *Illani v. Abraham*, No. 2:17-CIV-00692-APG-GAL, 2018 WL 10467640, at *2 (D. Nev. Aug. 21, 2018) ("[T]estimony of a Rule 30(b)(6) designee 'represents the knowledge of the [government agency.]'") (citation omitted). Moreover, the

government has the benefit of knowing what these potential trial witnesses said under oath during their depositions in the *PG* Action—and whether that testimony was consistent with or contradicted the witnesses' testimony in the instant actions—and Plaintiffs should have the same access to the transcripts.

*Lack of prejudice*. The government has identified no prejudice it would suffer if compelled to produce the transcripts to Plaintiffs, and there is none. The government has not disputed that it has ready access to the transcripts and exhibits—it need only produce them. Even if the act of producing readily available materials imposed some limited burden on the government (and it does not), counsel for *PG* Plaintiffs are willing to provide the transcripts and exhibits to Plaintiffs at no cost or burden to the government, so long as government counsel consents. Although the deposition transcripts and exhibits contain information that government counsel in the *PG* Action has designated as "Confidential," production of the transcripts here would be governed by the Protective Orders, which provide the same protections as the protective order in the *PG* Action and pursuant to which the government has produced thousands of other purportedly confidential documents in these cases.

Notably, throughout the course of these litigations, the government has repeatedly sought, and received, permission to share documents *and* deposition transcripts for depositions taken in the *CM* and *APF* actions (which were also designated confidential under the Protective Orders) with plaintiffs in other similar litigations, including *PG* Plaintiffs. It is illogical and fundamentally unfair for the government to allow plaintiffs in other family separation cases to have the benefit of the deposition transcripts from the *CM* and *APF* cases, while barring *CM* and *APF* Plaintiffs' access to highly relevant deposition transcripts from the *PG* Action.

*Imminence of trial*. The trial, scheduled for late April 2024, is not so imminent as to weigh against ordering the government to provide the requested transcripts and exhibits, particularly given the limited scope of discovery sought. If

8

so ordered by this Court, Plaintiffs could receive access to the unredacted transcripts and exhibits, which are readily available to the government, within days, resulting in no foreseeable impact on scheduling in this matter. *See, e.g.*, *Tasty One, LLC*, 2023 WL 362666, at *2 (reopening discovery where doing so would not "delay any judicial proceedings").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reopen discovery and compel Defendant to produce to Plaintiffs the unredacted deposition transcripts and related exhibits from the *PG* Action, subject to the terms of the Protective Order.

RESPECTFULLY SUBMITTED this 13th day of February, 2024.

/s/ BriAnne Illich Meeds
David B. Rosenbaum
Travis C. Hunt
BriAnne N. Illich Meeds
OSBORN MALEDON, P.A.
2929 North Central Avenue,
21st Floor
Phoenix, Arizona 85012-2793

*(Additional Counsel for Plaintiffs Listed on the Following Page)*

Diana Reiter*
Erik Walsh*
Lucy McMillan*
Harry Fidler*
Kaitlyn Schaeffer*
Brian Auricchio*
Julia Kindlon*
Arnold & Porter Kaye Scholer LLP
250 West 55th Street | New York, New York 10019-9710
212-836-8000
diana.reiter@arnoldporter.com
erik.walsh@arnoldporter.com
lucy.mcmillan@arnoldporter.com

Jonathan H. Feinberg*
Kairys, Rudovsky, Messing, Feinberg
  & Lin LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
215-925-4400
jfeinberg@krlawphila.com

Mark Fleming*
Mark Feldman*
National Immigrant Justice Center
224 S. Michigan Ave., Suite 600
Chicago, IL 60604

| | |
|---|---|
| harry.fidler@arnoldporter.com | 312-660-1370 |
| kaitlyn.schaeffer@arnoldporter.com | mfleming@heartlandalliance.org |
| brian.auricchio@arnoldporter.com | mfeldman@heardlandalliance.org |
| julia.kindlon@arnoldporter.com | |

Trina Realmuto*
R. Stanton Jones*
Mary Kenney*
David Hibey*
National Immigration Litigation Alliance
Emily Reeder-Ricchetti*
10 Griggs Terrace
Arnold & Porter Kaye Scholer LLP
Brookline, MA 02446
601 Massachusetts Avenue, NW
857-305-3600
Washington, DC 20001
trina@immigrationlitigation.org
202-942-5000
mary@immigrationlitigation.org
stanton.jones@arnoldporter.com
david.hibey@arnoldporter.com
Katherine Melloy Goettel*
emily.reeder-
Emma Winger*
ricchetti@arnoldporter.com
Gianna Borroto
American Immigration Council
Sean Morris*
1331 G Street NW, Suite 200
Arnold & Porter Kaye Scholer LLP
Washington, DC 20005
777 S. Figueroa St., 44th Fl.
202-507-7512
Los Angeles, CA  90017
202-742-5619
sean.morris@arnoldporter.com
kgoettel@immcouncil.org
ewinger@immcouncil.org
David B. Rosenbaum
gborroto@immcouncil.org
Travis C. Hunt
BriAnne N. Illich Meeds
OSBORN MALEDON, P.A.
2929 North Central Ave Ave., 21st Fl.
Phoenix, Arizona 85012-2793

* *Admitted pro hac vice*

*Attorneys for C.M. Plaintiffs*

| | |
|---|---|
| Keith Beauchamp (012434) | James Knoepp* |
| D. Andrew Gaona (028414) | Sharada Jambulapati* |
| COPPERSMITH BROCKELMAN PLC | Stephanie M. Alvarez-Jones* |
| 2800 N. Central Avenue, Suite 1900 | SOUTHERN POVERTY LAW CENTER |
| Phoenix, AZ 85004 | 150 E. Ponce de Leon, Suite 340 |
| Telephone: (602) 381-5493 | Decatur, GA 30030 |
| kbeauchamp@cblawyers.com | Telephone: (404) 521-6700 |
| agaona@cblawyers.com | jim.knoepp@splcenter.org |
| | sharada.jambulapati@splcenter.org |
| Kathleen E. Paley* | stephanie.alvarezjones@splcenter.org |

Shadman Zaman*
Stephen Rees*
Paulina Slagter*
Samuel Greeley*
Joshua Silver*
Patrick Lee*
Abigail Barnes*

COVINGTON & BURLING LLP
One City Center, 850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5581
mschlesinger@cov.com
jcarey@cov.com
tfulham@cov.com
tpark@cov.com
kpaley@cov.com
szaman@cov.com
srees@cov.com
pslagter@cov.com
sgreeley@cov.com
jsilver@cov.com
plee@cov.com
abarnes@cov.com

*Attorneys for APF Plaintiffs*