**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-19-05217-PHX-SRB<br><br>**ORDER** |
| A.P.F., on his own behalf and on behalf of his minor child, O.B.; *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-20-00065-PHX-SRB |

On February 13, 2024, Plaintiffs filed their Motion to Reopen Discovery for the Limited Purpose of Compelling the Production of Deposition Transcripts and Exhibits seeking unredacted copies of the transcripts and exhibits for depositions taken in a case pending in the Northern District of California, *Wilbur P.G. et al v. United States*, No. 4:21-cv-04457-KAW. The deposition transcripts are for witnesses Shawn Jordan, a liability expert for Defendant and the Executive Officer in the Yuma Border Patrol Sector, Matthew Albence, former ICE Executive Associate Director of Enforcement and Removal Operations, James McCament, designated by Defendant under Rule 30(b)(6) for the Department of Homeland Security, Benjamin Huffman, designated by Defendant for Customs and Border Protection, and Sean Lokey, designated by Defendant for the U.S. Attorney's Office in Arizona. Jordan, Albence

1

and Lokey have also been deposed in these cases and are listed as potential trial witnesses. Plaintiffs state that they believe McCament and Huffman made statements in their depositions on behalf of Defendant about the DHS Referral Policy and its implementation. Defendant opposes the motion because discovery in these cases closed in July 2022.[1]

While the parties characterize Plaintiffs' request for the five deposition transcripts as a reopening of discovery, the Court does not see it that way. Rather the Court finds that it is a matter of fundamental fairness that Defendant provide Plaintiffs with the unredacted transcripts and exhibits under the protection of the Protective Order in effect in this case. These are all government witnesses. Three of them have been designated to speak on behalf of the government pursuant to Rule 30(b)(6). Mr. Jordan is described by Defendant as its liability expert and Mr. Albence was a high-ranking employee of ICE. The Court agrees with the reasoning of the District Court in *Risto v. Screen Actors Guild-Am. Fed'n of Television & Radio Artists*, 2021 WL 3494642 (C.D. Cal. Apr. 2, 2021) that Plaintiffs should be provided with these transcripts because of their potential for impeachment at trial.[2]

IT IS ORDERED granting Plaintiffs' Motion to Reopen Discovery for the Limited Purpose of Compelling the Production of Deposition Transcripts and Exhibits. (Doc. 447 in CV19-05217 and Doc. 451 in CV20-00065)

. . .

. . .

. . .

. . .

---

[1] Defendant also argues that Plaintiffs' request has "no limiting principle" and posits that taken to its logical conclusion, Plaintiffs could seek production of deposition transcripts and their exhibits from any depositions taken in the approximately 35 similar cases pending in other district courts. In its Reply, Plaintiffs assure the Court that they only seek these five transcripts from the *Wilbur* case.

[2] The Court also finds that there is good cause under the six factors listed in *City of Pomona v SQM N Am. Corp.*, 866 F3d 1060, 1066 (9th Cir. 2017). While trial is imminent and the request for the transcripts is opposed, the Court finds no prejudice to Defendant, Plaintiffs were reasonably diligent, the transcripts could not have been requested before the depositions were taken and the sworn testimony of these five potential trial witnesses is relevant.

1	IT IS FURTHER ORDERED directing Defendant to provide to Plaintiffs' counsel the five unredacted deposition transcripts and the unredacted exhibits to those depositions forthwith.

Dated this 12th day of March, 2024.

_____
Susan R. Bolton
United States District Judge