David B. Rosenbaum, 009819
Travis C. Hunt, 035491
BriAnne N. Illich Meeds, 036094
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
thunt@omlaw.com
billichmeeds@omlaw.com
*Counsel for C.M. Plaintiffs*

*(Additional counsel for Plaintiffs listed on the signature page)*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; M.R., on her own behalf and on behalf of her minor child, J.R.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A.,<br><br>Plaintiffs,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 2:19-cv-05217-SRB<br><br>**UNOPPOSED MOTION FOR COURT APPROVAL OF SETTLEMENTS OF MINORS' CLAIMS** |

Plaintiffs C.M., on her own behalf and on behalf of her minor child, B.M.; L.G., on her own behalf and on behalf of her minor child, B.G.; O.A., on her own behalf and on behalf of her minor child, L.A.; and V.C., on her own behalf and on behalf of her minor child, G.A. (collectively, "Plaintiffs")[1] hereby request that the Court approve the settlements of the minor Plaintiffs' claims against the United States of America ("Defendant"). Defendant does not oppose the relief Plaintiffs seek herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs brought this Federal Tort Claims Act, 28 U.S.C. §§ 2671 *et. seq.* ("FTCA"), case against Defendant for its forced separation of parents and children in its custody. Plaintiffs C.M. and B.M. allege that they were forcibly and unlawfully separated by Defendant for over ten weeks; Plaintiffs L.G. and B.G. allege being forcibly and unlawfully separated for over nine weeks; Plaintiffs O.A. and L.A allege being forcibly and unlawfully separated for over seventeen weeks; Plaintiffs V.C. and G.A. allege being forcibly and unlawfully separated for approximately ten weeks. All Plaintiff families allege that these separations, and the alleged mistreatment in government custody, caused them serious injury.

Plaintiffs sought damages for these harms, bringing claims under the FTCA for intentional infliction of emotional distress and negligence. *See* ECF No. 1. Plaintiffs' allegations are described in detail in their Complaint. *Id.*

**I.  The Settlements, Attorneys' Fees, and Costs**

Plaintiffs filed their initial Complaint in this action in the U.S. District Court for the District of Arizona on September 19, 2019. ECF No. 1. Plaintiffs moved this Court to proceed under pseudonym, which the Court granted. ECF Nos. 6, 7. On March 30, 2020, the Court denied Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 31, and the parties proceeded to engage in discovery. Discovery in this matter was extensive, involving the production of thousands of documents,

---

[1] Plaintiff J.R. turned 18 since the filing of this case and is no longer a minor. As a result, Plaintiffs M.R. and J.R. do not require court approval to finalize J.R.'s settlement.

1

1   responses to several sets of interrogatories, over 30 depositions, and evaluations of
2   Plaintiff mothers.  On October 24, 2023, the Court denied Defendant's Motion for
3   Summary Judgment and granted in part and denied in part Plaintiffs' Motion for Partial
4   Summary Judgment.  ECF No. 434.  Trial was then scheduled to commence on April 23,
5   2024.  ECF No. 439.
6       On April 10, 2024, the parties filed with the Court a joint notice announcing they
7   had reached conditional settlement for all C.M. Plaintiffs.  ECF No. 465.  Pursuant to the
8   proposed Settlement Agreements, Defendant will pay Plaintiffs C.M. and B.M. a total of
9   $379,000; Plaintiffs L.G. and B.G. a total of $216,000; Plaintiffs O.A. and L.A. a total of
10  $379,000; and Plaintiffs V.C. and G.A. a total of $379,000 (hereinafter "Settlement
11  Amounts") in settlement of all claims, pending Court approval and approval by the
12  Attorney General's designee.  *See* Exs. A—D (Stipulations for Compromise Settlement).[2]
13      Plaintiffs have agreed to the terms, conditions, and requirements of the
14  Stipulations.  The Settlements are now contingent upon: (1) Plaintiffs obtaining this
15  Court's approval for the minor Plaintiffs' portion of the Settlements; (2) Defendant's
16  approval of the Settlements by the Attorney General's designee after the Court approves
17  the minor Plaintiffs' Settlements; and (3) Plaintiffs obtaining an order from the this Court
18  dismissing this action in its entirety with prejudice, with each side bearing its own costs,
19  expenses, and fees, and with the Court not retaining jurisdiction over this action, these
20  Settlements, or the United States.  *See, e.g.*, Ex. A at ¶ 5
21      Plaintiffs request that the Court approve the settlements on behalf of the minor
22  Plaintiffs, and that the Court approve that the Settlement Amounts for each family be
23  apportioned equally between Plaintiff parent and child.  Accordingly, Plaintiffs request
24  the amounts be apportioned as follows:  (a) Plaintiff C.M. shall receive $189,500 in
25  settlement of her claims against Defendant, Plaintiff B.M., a minor, shall receive $189,500

---

[2] The redactions in Exhibits A–D are instances where the adult Plaintiffs' full names were used in the agreement rather than their initials or the pseudonyms they were authorized to proceed under in this case.

in settlement of his claims against Defendant; (b) Plaintiff L.G. shall receive $108,000 in settlement of her claims against Defendant, Plaintiff B.G., a minor, shall receive $108,000 in settlement of her claims against Defendant; (c) Plaintiff O.A. shall receive $189,500 in settlement of her claims against Defendant, Plaintiff L.A.., a minor, shall receive $189,500 in settlement of her claims against Defendant; and (d) Plaintiff V.C. shall receive $189,500 in settlement of her claims against Defendant, Plaintiff G.A., a minor, shall receive $189,500 in settlement of his claims against Defendant.

Under the FTCA, attorneys can collect up to twenty-five percent (25%) of the Settlement Amounts. 28 U.S.C. § 2678. Here, Plaintiffs' counsel from Osborn Maledon, P.A.; Arnold & Porter Kate Scholer LLP; Kairys, Rudovsky, Messing, Feinberg & Lin LLP; National Immigrant Justice Center, and American Immigration Council represent Plaintiffs *pro bono* and will not take payment from the Settlement Amounts. Plaintiffs' counsel from National Immigration Litigation Alliance will be taking as payment two percent (2%) of the Settlement Amounts of Plaintiffs C.M. and B.M., M.R. and J.R., O.A. and L.A., and V.C. and G.A. ($3,790 per Plaintiff). Plaintiffs' counsel will not be collecting any payment from Plaintiffs L.G. and B.G.

The minor Plaintiffs' portions of the Settlements shall be placed in pooled minors' trusts administered by Legacy Enhancement Trust. Distribution of funds to the minor Plaintiffs from their respective pooled minor's trust will be overseen by a fiduciary trustee at Legacy Enhancement Trust. At the time the trust is established, each participant makes an election with respect to whether the trust terminates when the minor Plaintiff turns 18, 21, or 25 years old. Permissible distributions until the minor Plaintiffs turn 18 years old include, but are not limited to, expenses related to education, health care, and technology. After a minor Plaintiff turns 18 years old, they will be able to obtain distributions of remaining funds for a wider range of expenses, as approved by the trustee, unless the election to terminate the trust at age 18 was selected. Any funds remaining when a minor Plaintiff turns 21 or 25 years old (or 18 years old if the election to terminate at age 18 was selected) will be released to the minor Plaintiff *in toto*. Information about the pooled

minors' trusts and the agreements for funding the minors' trusts are contained in Exhibit E, which is a form agreement for the trust.

## II.     Reasonableness of the Settlements

The district court in "which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacaney v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *accord. Martinez v. City of Avondale*, No. CV-12-1837-PHX-LOA, 2014 WL 880492, at *2 (D. Ariz. Mar. 6, 2014) (approving compromise settlement of minor's claim). To make that determination, a district court should consider "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. If those factors are established, then the settlement should be approved. *Id*. at 1182.

The proposed Settlements provide for a fair and reasonable allocation of the settlement proceeds to the minor Plaintiffs based on their circumstances and the status of the case.[3] Here, minor Plaintiffs B.M., B.G., L.A., and G.A. would receive an equal share

---

[3] This Court and several other courts in this district have recently approved minor settlements in similar FTCA lawsuits stemming from forced family separations. *See* Order Approving Settlement of Minor's Claims, *A.P.F. v. United States*, CV-20-00065-PHX-SRB (D. Ariz. May 23, 2024), ECF 482 (approving settlements of $189,500 and $90,000 for the minor plaintiffs); Order Approving Settlement of Minor's Claim, *E.S.M. v. United States*, Case No. CV-21-00029-TUC-JAS (D. Ariz. Mar. 28, 2024), ECF No. 100 (approving settlement of $157,000 for the minor plaintiff); Order Approving Settlement of Minors' Claims, *A.I.I.L. v. United States*, Case No. CV-19-0481- TUC-JCH (D. Ariz. Mar. 12, 2024), ECF No. 134 (approving settlements of $97,500, $137,500, and $131,666 for the minor plaintiffs); Order Approving Settlement of Minors' Claims, *N.R. v. United States*, Case No. 4:23-CV-00201-JR (D. Ariz. Feb. 26, 2024), ECF No. 36 (approving settlements of $80,000, $140,000, and $90,000 for the minor plaintiffs); Order Approving Settlement of Minor's Claims, *Fuentes-Ortega v. United States*, Case No. CV-22-00449-PHX-DGC (D. Ariz. Feb. 2, 2024), ECF No. 84 (approving settlement of $50,000 for the minor plaintiff); Order Approving Settlement of Minor's Claims, *F.R. v.*

of the settlements for each respective Plaintiff family, which provides the recovery of a sum certain and avoids the delay and risks of further litigation.

Since their interests are aligned, C.M., as B.M.'s mother; L.G. as B.G.'s mother; O.A., as L.A.'s mother; and V.C., as G.A.'s mother, may approve their respective settlements and sign on their children's behalf. "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (citing *Croce v. Bromley Corp.*, 623 F.2d 1084, 1093 (5th Cir. 1980)); *Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under [Federal Rule of Civil Procedure] 17(c)."), *aff'd* 212 F.3d 1338 (11th Cir. 2000); *see also Tex. Ins. Co. v. Athena Logistic Sols. LLC*, No. CV-23-00038-TUC-RM, 2024 WL 309942, at *2–3 (D. Ariz. Jan. 26, 2024) (noting that evidence of a parent putting his or her interest over that of the minor child is necessary to show a conflict of interest); *Wright v. S. Ariz. Child.'s Advoc. Ctr.*, Case No. 21-CV-00257, 2023 WL 6517452, at *1 (D. Ariz. Oct. 5, 2023) (approving minor's settlement and finding that the court "need not appoint a guardian ad litem [because the] minor [was] adequately represented by a parent" who had "retained counsel [ ] to represent [the minor's] interests in [the] action").

Here, the adult Plaintiffs have represented the minor Plaintiffs' interests fairly throughout the litigation and during the settlement process. The requested Settlement allocations further show that C.M., L.G., O.A., and V.C. have not placed their interests above those of the minor Plaintiffs; indeed, the Settlement Amounts are intended to be divided evenly between parent and child. In addition, the Plaintiff parents' interests are aligned with those of the minor Plaintiffs' because all Plaintiffs seek damages for their alleged unlawful forced separations in 2018 by Defendant. *See* ECF No. 1. Minor

---

*United States*, Case No. CV-21-00339-PHX-DLR (D. Ariz. Nov. 2, 2023), ECF No. 94 (approving settlement of $65,000 for the minor plaintiff).

5

Plaintiffs B.M., B.G., L.A., and G.A. are all under the age of 18. Adult Plaintiffs C.M., L.G., O.A., and V.C. provide parental support for their children, and they will continue to care for minor Plaintiffs B.M., B.G., L.A., and G.A., respectively, until each turns 18.

Given the absence of any conflict of interest between the Plaintiffs, this Court has the power to approve the Settlements and grant Plaintiffs C.M., L.G., O.A., and V.C. the authority to consummate the Settlements on behalf of minor Plaintiffs B.M., B.G., L.A., and G.A., respectively. *See Tex. Ins. Co.*, 2024 WL 309942, at *2–3.

### III. Requested Action by the Court

Plaintiffs ask the Court to enter the proposed Order submitted with this Motion, which would:

1. Approve the Settlements attached as Exhibits A through D to this Motion on behalf of Minor Plaintiffs B.M., B.G., L.A., and G.A. respectively;

2. Approve an allocation of the Settlement Amounts as follows:
   a. Plaintiff C.M. and minor Plaintiff B.M. each receiving $189,500;
   b. Plaintiff L.G. and minor Plaintiff B.G. each receiving $108,000;
   c. Plaintiff O.A. and minor Plaintiff L.A. each receiving $189,500;
   d. Plaintiff V.C. and minor Plaintiff G.A. each receiving $189,500.

3. Approve the placement of B.M.'s, B.G.'s, L.A.'s, and G.A.'s Settlement Shares of $189,500, $108,000, $189,500, and $189,500, respectively, into individual pooled minors' trusts administered by Legacy Enhancement Trust on behalf of B.M., B.G., L.A., and G.A. Plaintiffs' counsel shall coordinate with C.M., L.G., O.A., V.C., and Legacy Enhancement Trust for the execution of all necessary paperwork and the funding of the pooled minors' trusts of B.M., B.G., L.A., and G.A.

### IV. Hearing

The Court may approve these Settlements without a hearing. However, should the Court have any questions about the Settlements, Plaintiffs respectfully request that it conduct a hearing via telephone or video-conference to minimize costs.

Respectfully submitted this 1st day of July, 2024.

          OSBORN MALEDON, P.A.

          By /s/ BriAnne N. Illich Meeds
             David B. Rosenbaum
             Travis C. Hunt
             BriAnne N. Illich Meeds
             2929 North Central Avenue, 21st Floor
             Phoenix, Arizona 85012-2793

          ARNOLD & PORTER KAYE SCHOLER LLP
             Diana Reiter*
             Erik Walsh*
             Lucy McMillan*
             Harry Fidler*
             Kaitlyn Schaeffer*
             Julia Kindlon*
             250 West 55th Street
             New York, NY 10019-9710

          ARNOLD & PORTER KAYE SCHOLER LLP
             R. Stanton Jones*
             David Hibey*
             Emily Reeder-Ricchetti*
             601 Massachusetts Avenue, NW
             Washington, DC 20001

          ARNOLD & PORTER KAYE SCHOLER LLP
             Sean Morris*
             777 South Figueroa Street
             Los Angeles, CA 90017-5844

          KAIRYS, RUDOVSKY, MESSING,
          FEINBERG & LIN LLP
             Jonathan H. Feinberg*
             The Cast Iron Building
             718 Arch Street, Suite 501 South
             Philadelphia, PA 19106

          NATIONAL IMMIGRANT JUSTICE CENTER
             Mark Fleming*
             Mark Feldman*
             224 S. Michigan Ave., Suite 600
             Chicago, IL 60604

          NATIONAL IMMIGRATION LITIGATION
          ALLIANCE
             Trina Realmuto*
             Mary Kenney*
             10 Griggs Terrace
             Brookline, MA 02446


1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMERICAN IMMIGRATION COUNCIL
Emma Winger*
Gianna Borroto*
1331 G Street NW, Suite 200
Washington, DC 20005

**Attorneys for Plaintiffs C.M. et al.**

* Admitted *pro hac vice*